*Exhibit A*

Civil Action No. 5:13-cv-00721-FL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    GLOBAL CREDIT AND COLLECTION CORPORATION

was received by me on *(date)*    10/15/2013    .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* I mailed the summons and a copy of the filed complaint to CT CORPORATION SYSTEM, who is designated by law to accept service of process on behalf of GLOBAL CREDIT AND COLLECTION CORPORATION, on 10/15/2013, by presenting to a USPostal Service employee using pre-paid certified mail with return receipt # 70121640000096360104.

My fees are $    0.00    for travel and $    7.50    for services, for a total of $    7.50    .

I declare under penalty of perjury that this information is true.

Date:    Feb 26, 2014                       *Thomas Gibbons*
                                          _____
                                            *Server's signature*

                                          THOMAS GIBBONS
                                          _____
                                            *Printed name and title*

                                          P. O. BOX 541
                                          WILSON, NC 27893
                                          _____
                                            *Server's address*

Additional information regarding attempted service, etc:

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  Holly Frost     ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                   10·17·13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

Global Credit & Coll Corp
% CT Corporation System
150 Fayetteville St Suite
coll
Raleigh, NC 27601

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7012 1640 0000 9636 0104

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Case 5:13-cv-00721-FL   Document 13-1   Filed 02/28/14   Page 2 of 27

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | |
|---|---|
| MARIAN SNOW | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No. 5:13 cv 721- FL |
| | ) |
| GLOBAL CREDIT AND COLLECTION | ) |
| CORPORATION | ) |
| GLOBAL INTERNATIONAL | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GLOBAL CREDIT AND COLLECTION CORPORATION
c/o CT CORPORATION SYSTEM
150 FAYETTEVILLE ST, SUITE 1011
RALEIGH, NC 27601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

      MARIAN SNOW
      103 NOSTALGIA LANE
      ZEBULON, NC 27597

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____10/15/2013_____

                                *Signature of Clerk or Deputy Clerk*

United States Courthouse
Terry Sanford Federal Building
310 New Bern Avenue
Raleigh, NC 27601

**FILED**

OCT 1 5 2013

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
CIVIL ACTION NO. : 5:13 -cv-721 - FL

| | |
|---|---|
| MARIAN SNOW ) | |
| ) | |
| Plaintiff, ) | |
| -v- ) | |
| ) | |
| GLOBAL CREDIT AND COLLECTION ) | JURY TRIAL DEMAND |
| CORPORATION ) | |
| GLOBAL INTERNATIONAL ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the federal Fair Credit Reporting Act (FCRA) 15

U.S.C. §1681, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*; the

Telephone Communications Protection Act (TCPA) 47 USC § 227 *et seq*.; and the North

Carolina Fair Debt Collection Practices Act (NCFDCPA) N.C. Gen. Stat. §58-70 *et seq*.;

## JURISDICTION AND VENUE

2. Jurisdiction of the United States District Court for the Eastern District of North

Carolina is proper under 28 U.S.C. §1331, 15 U.S.C. §1692k(d) and 15 U.S.C. §1681p.

3. Venue is proper pursuant to 28 U.S.C. §1391(b), 47 USC § 227e and N.C. Gen. Stat.

§1-82. Venue in the United States District Court for the Eastern District of North Carolina is

proper in that the Plaintiff resides here and the Defendant(s) transact business in this district.

4. This is an action for damages that exceed $15,000.00.

## PARTIES

5. Plaintiff, MARIAN SNOW ("Plaintiff"), is a natural person and individual who at all relevant times resided in the State of North Carolina and County of Wake.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a( c), 15 U.S.C. §1692a(3) and N.C. G. S. §58-70-90(2).

7. Defendant, GLOBAL CREDIT AND COLLECTION CORPORATION. is a foreign entity who at all relevant times was engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and N.C. G. S. §58-70-90(3), and operating as a "collection agency" as defined by both N.C. G. S. §58-70-90(1) and N.C. G. S. §58-70-15.

8. Defendant, GLOBAL INTERNATIONAL is a foreign entity who at all relevant times was engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and operating as a "collection agency" as defined by both N.C. G. S. §58-70-90(1) and N.C. G. S. §58-70-15.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person and individual obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant(s).

10. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendant(s), arises from a transaction in which the money, property, insurance, or services that are subject of the transaction were incurred primarily for personal, family or household purposes.

11. Defendant(s) use instrumentalities of interstate commerce or the mails in a business

the principal purpose of which is the collection of any debts, and/or regularly collects or attempts

to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another and/or

engages, directly or indirectly, in debt collection from a consumer.

12. Defendant(s) acquired access to Plaintiff's consumer file or credit file on September

13, 2012.

13. Defendant(s) acquired access to Plaintiff's consumer file or credit file through or with

the credit reporting agency Transunion, using the business name of "GLOBAL CR & CO".

14. Defendant(s) acquired access to Plaintiff's consumer file or credit file through or with

the credit reporting agency Transunion, using the business name of "GLOBAL INTERNA".

15. At no relevant time, during or prior to subject actions, did there exist an "established

business relationship" between Plaintiff and Defendant(s).

16. At no relevant time, during or prior to subject actions, were Defendant(s) party(ies)

to, or connected to, a credit transaction or alleged credit transaction involving the consumer on

whom the information was furnished.

17. At no relevant time, during or prior to subject actions, were Defendant(s) party(ies)

to, or connected to, a credit transaction or alleged credit transaction involving the consumer on

whom the information was furnished.

18. At no relevant time, during or prior to subject actions, were Defendant(s) party(ies)

to, or connected to, a credit transaction or alleged credit transaction involving the consumer on

whom the information was furnished, while attempting to collect on said account and that

involved the collection of the account of the consumer.

19. At no relevant time, during or prior to subject actions, did Plaintiff provide any òral

or written information to Transunion credit reporting agency that would lead Transunion credit

reporting agency to have reason to believe that Defendant(s) would use my personal consumer credit file information in connection with a credit transaction involving or between myself and Defendant(s), AND involving the extension of credit to me, or the review or collection of any account I held with Defendant(s).

20. At no relevant time, during or prior to subject actions, did Plaintiff provide any oral or written information to Transunion credit reporting agency that would lead them to have reason to believe that Defendant(s) had a purpose to access, had authorization to access, had permission to access or could access the private information held in my consumer credit file.

21. Upon information and good-faith belief, Defendant(s) implied, inferred, advised, acknowledged, swore, promised or stated to Transunion credit reporting agency that Defendant(s) would use Plaintiff's personal consumer credit file information in connection with a credit transaction involving or between Plaintiff and Defendant(s), AND involving the extension of credit to Plaintiff, or the review or collection of any account Plaintiff held with Defendant(s).

22. Upon information and good-faith belief, Defendant(s) misled Transunion credit reporting agency when Defendant(s) implied, inferred, advised, acknowledged, swore, promised or stated that Defendant(s) would use Plaintiff's personal consumer credit file information in connection with a credit transaction involving or between Plaintiff and Defendant(s), AND involving the extension of credit to Plaintiff, or the review or collection of any account Plaintiff held with Defendant(s).

23. At no relevant time, during or prior to subject actions, was Defendant(s) a person with whom Plaintiff had any account or was there a credit transaction involving or between Plaintiff

and Defendant(s).

24. At no relevant time, during or prior to subject actions, did Defendant(s) possess a legitimate business need for the information, in connection with a business transaction that is or was initiated by the consumer with Defendant(s)

25. At no relevant time, during or prior to subject actions, did Plaintiff provide Defendant(s), the agency or the agency's affiliates written instructions to furnish a consumer report(s) to the Defendant(s).

26. At no relevant time, during or prior to subject actions, did Defendant(s) access Plaintiff's consumer file or credit file in connection with a credit or insurance transaction that was initiated by Plaintiff.

27. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on September 18, 2012 at approximately 6:49pm to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

28. During the call Defendant(s) placed to Plaintiff on September 18, 2012 at approximately 6:49pm, Plaintiff instructed the caller, *"Please do not call this phone number."*

29. Seconds after dialing the initial telephone call, Defendant(s) placed a second telephone call, on September 18, 2012 at approximately 6:51pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

30. Upon information and good-faith belief, Defendant(s) made the initial two telephone calls, almost simultaneously, by dialing the phone calls only two seconds apart, engaging Plaintiff in the initial call and connecting a second time to Plaintiff's phone.

31. Upon information and good-faith belief, Defendant(s) made the these two calls on September 18, 2012 to Plaintiff's telephone number, which was assigned to a service for which

Plaintiff is charged for the calls, using an automatic telephone dialing system.

32. Upon information and good-faith belief, it would have been improbable for Defendant(s) to have connected with one call to Plaintiff's telephone number at 6:49pm and a second call only two seconds later to the same number, at 6:51pm, both on September 18, 2012, by manually dialing numbers on a telephone keypad using human fingers.

33. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call, on September 21, 2012 at approximately 8:37am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

34. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on September 24, 2012 at approximately 5:20pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

35. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call, on September 26, 2012 at approximately 7:06pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

36. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on October 9, 2012 at approximately 7:30pm to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

37. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on October 10, 2012 at approximately 9:45am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

38. Defendant(s) placed a telephone call on October 10, 2012 at approximately 9:45am, to Plaintiff's telephone number and after a brief pause, a male voice left the following voice message: *"This is an attempt to collect a debt and any information obtained will be used for that*

*purpose. Please contact my office at Global Credit and Collection immediately for some options that we may have available to you. Please press any key now to be transferred to a representative, or you may call us back at 855-288-1447. This message is specifically for....",* then after a brief pause, a different electronic computer-generated voice stated, *"Marian S. Gibbons".* Then the first male voice came back again began speaking, followed by the message starting over and repeated within the same voice mail recording.

39. On October 10, 2012, Defendant(s) contacted Plaintiff to collect or attempt to collect a debt or obtain information concerning Plaintiff.

40. On October 10, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and identifying only the name of the collection agency.

41. On October 10, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and not identifying the name of the person making the communication or the person or business on whose behalf Defendant(s) was acting or to whom the debt or alleged debt is owed or purportedly owed.

42. Upon information and good-faith belief, Defendant(s) initiated and made the call on October 10, 2012 using an automatic dialing system or an artificial or prerecorded voice.

43. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on October 15, 2012 at approximately 6:52pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

44. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on October 17, 2012 at approximately 8:41am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

45. Defendant(s) placed a telephone call on October 17, 2012 at approximately 8:41am, to Plaintiff's telephone number and left the following voice message: *"Uh.. good morning... this message is for ... uh ... Marian S Gibbons. If you're not Marian, please hang up the phone now and disregard the following message.* [pause] *Hi, this is Chin* [unintelligible] *calling from Global Credit and Collections. This is an attempt to collect a debt and information obtained will be used strictly for that purpose. So, Marian, I'm calling you regarding a very important business matter that I handle in my office right now. So if you have any intention to get this matter resolved, contact my office immediately. My number is 1-855-288-1447 and extension is 6811. Call me back and we can discuss. Thank you. Bye."*

46. On October 17, 2012, Defendant(s) contacted Plaintiff to collect or attempt to collect a debt or obtain information concerning Plaintiff.

47. On October 17, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and identifying only the name of the collection agency.

48. On October 17, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and not identifying the name of the person making the communication or the person or business on whose behalf Defendant(s) was acting or to whom the debt or alleged debt is owed or purportedly owed.

49. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on October 18, 2012 at approximately 8:31am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

50. On or about October 22, 2012, Plaintiff received an initial written communication in the mail from Defendant(s) that was dated October 17, 2012.

51. The front of the legal-size letter mailed to Plaintiff, dated October 17, 2012, did not

state the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.

52. The statement that the communication was 'from a debt collector and an attempt to collect a debt' appeared on the back of the page and was overshadowed by the wording printed on long legal-length letter on the front.

53. Plaintiff replied to this communication and notified Defendant in writing, within the thirty-day period after receipt, via a letter disputing the debt and requesting the name and address of the original creditor.

54. Plaintiff mailed the written letter, disputing the debt and requesting the name and address of the original creditor, to at the address shown on Defendant(s)' letter of October 17, 2012, on October 27, 2012.

55. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on October 30, 2012 at approximately 12:02pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

56. Defendant(s) placed a telephone call on October 30, 2012 at approximately 12:02pm, to Plaintiff's telephone number and left the following voice message: *"Yes, good afternoon. This message is strictly for Maran S. Gibbons. If you're not Marian, please hang up the phone now and disregard the following message.* [pause] *Hi, Maran, my name is Chin Michael* [unintelligible] *and I'm calling you from Global Credit and Collections. This is an attempt to collect a debt and information obtained will be used for that purpose. So, I've been calling you for a while now regarding a very important business matter that I handle in my office currently. My number is 1-855-288-1447, extension number 6811. Call me back because I will be able to*

*go over options for you to consider to solve this business matter. Give me a call today and I'm willing to discuss. Thank you. Bye."*

57. On October 30, 2012, Defendant(s) contacted Plaintiff to collect or attempt to collect a debt or obtain information concerning Plaintiff.

58. On October 30, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and identifying only the name of the collection agency.

59. On October 30, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and not identifying the name of the person making the communication or the person or business on whose behalf Defendant(s) was acting or to whom the debt or alleged debt is owed or purportedly owed.

60. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on November 6, 2012 at approximately 7:34am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

61. Defendant(s) placed a telephone call on November 6, 2012 at approximately 7:34am, to Plaintiff's telephone number and left the following voice message: *"Yes, good morning. This message is strictly for Mahran S. Gibbons. If you're not Mahran, hang up the phone now and disregard the following message. [pause] Hi, Mahran, my name is Chin Michael [unintelligible] calling from Global Credit and Collections. This is an attempt to collect a debt and information obtained will be used for that purpose. So, Mahran, I'm calling you regarding a very important business matter that brought up to my attention as [unintelligible]. I understand we have been trying to contact you for over two months... almost two months now regarding this very important business matter and we need a call back from you. My number is 855-288-1447, extension number 6811. This business matter has been reverted to my business manager and he*

has approved several options for you to consider. But in order to receive these options, you must call us back in the next 40 hours. The number is 855-288-1447, extension number 6811. Thank you. Bye."

62. On November 6, 2012, Defendant(s) contacted Plaintiff to collect or attempt to collect a debt or obtain information concerning Plaintiff.

63. On November 6, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and identifying only the name of the collection agency.

64. On November 6, 2012, Defendant(s) called Plaintiff's telephone number communicating with Plaintiff and not identifying the name of the person making the communication or the person or business on whose behalf Defendant(s) was acting or to whom the debt or alleged debt is owed or purportedly owed.

65. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on November 10, 2012 at approximately 8:13am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

66. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on November 12, 2012 at approximately 7:22pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

67. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on November 13, 2012 at approximately 11:17am, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

68. In connection with the collection of an alleged debt, Defendant(s) placed a telephone call on November 19, 2012 at approximately 1:38pm, to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

69. Defendant(s) did not cease collection of the alleged debt, but continued to place telephone calls to Plaintiff on November 6, 2012, November 10, 2012, November 13, 2012 and on November 19, 2012, even after a written letter of dispute had been sent by Plaintiff on October 27, 2012.

70. Plaintiff did not receive verification of the debt from Defendant(s), as requested by Plaintiff in her written dispute letter of October 27, 2012.

71. Upon information and good-faith belief, during the months of September, October and/or November 2012 and, in connection with the collection of an alleged debt, Defendant(s) placed four (4) or more telephone calls to persons other than the Plaintiff and/or leaving voice messages at the telephone numbers of persons other than the Plaintiff.

72. Defendant(s) communicated with a person or persons other than the Plaintiff for the purpose of acquiring location information about the consumer.

73. When Defendant(s) communicated with a person or persons other than the Plaintiff, Defendant(s) conveyed more information than to simply state his identity and simply state that he was confirming or correcting location information concerning the Plaintiff.

74. When Defendant(s) communicated with a person or persons other than the Plaintiff, Defendant(s) identified his employer, without expressly being requested to do so.

75. When Defendant(s) communicated with a person or persons other than the Plaintiff, Defendant(s) stated that the communication was an attempt to collect a debt.

76. When Defendant(s) communicated with a person or persons other than the Plaintiff, and stated that the communication was an attempt to collect a debt, Defendant(s) conveyed information that implied or stated that Plaintiff owed a debt or alleged debt.

77. The content of the telephone calls made to persons other then the Plaintiff and/or the voice mails left at the telephone numbers of persons other than the Plaintiff, conveyed information about the debt or alleged debt and/or the existence or a debt or alleged debt, other than just the name, address and phone number of the Defendant(s).

78. Defendant(s) communicated, in connection with the collection of any debt, with persons other than the Plaintiff, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

79. At no time was prior express consent given directly to Defendant(s) by Plaintiff to communicate, in connection with the collection of any debt, with persons other than the Plaintiff, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

80. At no time was Defendant(s) given express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, to communicate with third parties in connection with the collection of any debt, with persons other than the Plaintiff, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

81. Defendant(s) unreasonably publicized information regarding Plaintiff's debt, or alleged debt, including, but not limited to, any communication with any person other than the debtor or her attorney.

82. Defendant(s) communicated with a person or persons other than the debtor or her attorney using a form of communication, which ordinarily would be seen or heard by any person that displayed or conveyed any information about the alleged debt.

83. The Defendant(s) unreasonably publicized information to other persons regarding Plaintiff's alleged debt in multiple communications and/or on multiple dates.

84. Upon information and good-faith belief, Defendant(s) made multiple calls to Plaintiff's telephone number using an automatic telephone dialing system.

85. Upon information and good-faith belief, Defendant(s) made each and every call to Plaintiff's telephone number using an automatic telephone dialing system.

86. Upon information and good-faith belief, Defendant(s) did not place any telephone calls to Plaintiff for emergency purposes.

87. Each and every telephone call Defendant(s) placed to Plaintiff was made in connection with the collection of an alleged debt.

88. Defendant(s) did not have Plaintiff's prior express consent from Plaintiff to make any telephone calls to Plaintiff's telephone number, which was assigned to a service for which Plaintiff is charged for the calls.

89. Upon information and good-faith belief, Defendant(s) placed telephone calls to Plaintiff voluntarily.

90. Upon information and good-faith belief, Defendant(s) placed calls to Plaintiff under its own free will.

91. Upon information and good-faith belief, Defendant(s) had knowledge that it was using an automatic telephone dialing system to place telephone calls to Plaintiff.

92. Upon information and good-faith belief, Defendant(s) intended to use an automatic telephone dialing system to place telephone calls to Plaintiff.

93. Upon information and good-faith belief, Defendant(s) maintains business records that show all calls Defendant(s) placed to Plaintiff's telephone number.

94. Upon information and good-faith belief, Defendant(s) communicated with a person or persons other than the Plaintiff, in connection with the collection of an alleged debt, voluntarily.

95. Upon information and good-faith belief, Defendant(s) communicated with a person or persons other than the Plaintiff and made indication of an indebtedness, voluntarily.

96. Upon information and good-faith belief, Defendant(s) communicated with a person or persons other than the Plaintiff, and made indication of an indebtedness, under its own free-will.

97. Upon information and good-faith belief, Defendant(s) had knowledge it unreasonably publicized information regarding Plaintiff's debt or alleged debt when communicating with a person or persons other than the Plaintiff.

98. Upon information and good-faith belief, Defendant(s) intended to unreasonably publicize information regarding Plaintiff's debt or alleged debt when communicating with a person or persons other than the Plaintiff in connection with Defendant(s) attempts to collect Plaintiff's alleged debt.

99. Each and every telephone call Defendant(s) placed to a person or persons other than the Plaintiff was made in connection with the collection of an alleged debt.

100. Upon information and good-faith belief, Defendant(s) maintains business records that show all calls Defendant(s) placed to a person or persons other than the Plaintiff in connection with Defendant(s) attempts to collect Plaintiff's alleged debt.

## COUNT I
## VIOLATION OF 15 U.S.C. §1681

101. Plaintiff repeats and alleges each and every factual allegation above.

102. Transunion is a credit-reporting agency with the meaning of the FCRA, 15 U.S.C §1681a(f).

103. Consumer credit report is a consumer report within the meaning of the FCRA, 15 §1681a(d).

104. Defendant(s) were not a party to a business transaction that was initiated by the consumer, as required by FCRA, 15 U.S.C § 1681a(3)(F)(i).

105. Defendant(s) were not party(ies) to, nor were Defendant(s) connected to, a credit transaction or alleged credit transaction involving the consumer on whom the information was furnished as required by FCRA, 15 U.S.C § 1681a(3)(A).

106. Defendant(s) had no legitimate business need to access Plaintiff's consumer report information.

107. Defendant(s) violated 15 U.S.C. § 1681b(f) by intruding into Plaintiff's privacy in obtaining said Transunion consumer report credit report(s) and by doing so without oral or written consent from Plaintiff.

108. The actions of Defendant(s) in obtaining the consumer credit report(s) of Plaintiff was done willfully and are an egregious violation of Plaintiff's right to privacy.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant(s) violated 15 U.S.C. §1681b(f)

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1681n, in the amount of $1,000 per Defendant.

c) Awarding reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1681n.

d) Awarding pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692

109. Plaintiff repeats and alleges each and every factual allegation above.

110. Defendant(s) violated 15 U.S.C. § 1692b(1) by stating the consumer owes a debt when communicating with any person other than the consumer, and did so with frequency and persistence, the extent to which Defendant's noncompliance was intentional.

111. Defendant(s) violated 15 U.S.C. § 1692c(b) by, without the prior consent of the consumer given directly to the debt collector, communicating with a third party or parties, with frequency and persistence, the extent to which Defendant's noncompliance was intentional.

112. Defendant(s) violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt or alleged debt after a written letter of dispute had been mailed.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant(s) violated 15 U.S.C. §1692b(1);

b) Adjudging that Defendant(s) violated 15 U.S.C. §1692c(b);

c) Adjudging that Defendant(s) violated 15 U.S.C. §1692g(b)

d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A), in the amount of $1,000 per Defendant;

e) For Court to consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance and the extent to which such noncompliance was intentional, pursuant to 15 U.S.C. §1692k(b)(1);

f) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

g) Awarding reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. §1692k(a)(3);

h) Awarding pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATIONS OF 47 U.S.C. §227

113. Plaintiff repeats and alleges each and every factual allegation above.

114. Defendant(s) violated 47 U.S.C. §227(b)(1)(A)(iii) by willfully and knowingly placing calls to Plaintiff's telephone number, which is assigned to a service for which Plaintiff pays for the calls, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, with frequency and persistence, the extent to which Defendant's noncompliance was intentional.

**WHEREFORE,** Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant(s) violated 47 U.S.C. §227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. §227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

f) Awarding reasonable attorneys' fees and costs incurred in this action;

g) Awarding pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF N. C. Gen. Stat. § 58-70-110(1)

115. Plaintiff repeats and alleges each and every factual allegation above.

116. Defendant(s) violated N.C. Gen. Stat. §58-70-110(1) willfully and knowingly, by communicating with the consumer other than in the name of the person making the communication, the collection agency and the person or business on whose behalf the collection agency is acting or to whom the debt is owed, with frequency and persistence, the extent to which Defendant's noncompliance was intentional;

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant(s) violated N.C. Gen. Stat. §58-70-110(1);

   b) Awarding Plaintiff statutory damages in the amount of $4000.00 per violation, pursuant to N.C. Gen. Stat. §58-70-130(b);

   c) Awarding Plaintiff statutory damages per violation, cumulatively and in addition to remedies otherwise available, pursuant to N.C. Gen. Stat. §58-70-130(d);

   d) Awarding reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

   e) Awarding pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF N. C. Gen. Stat. § 58-70-105

117. Plaintiff repeats and alleges each and every factual allegation above.

118. Defendant(s) violated N.C. Gen. Stat. §58-70-105(1) willfully and knowingly, by

unreasonably publicizing information regarding a consumer's debt by using any communication with any person other than the debtor or his attorney, with frequency and persistence, the extent to which Defendant's noncompliance was intentional;

119. Defendant(s) violated N.C. Gen. Stat. §58-70-105(2) willfully and knowingly, by making an indication of indebtedness in any communication with any person other than the debtor or his attorney, with frequency and persistence, the extent to which Defendant's noncompliance was intentional;

120. Defendant(s) violated N.C. Gen. Stat. §58-70-105(2) willfully and knowingly, by using any form of communication which ordinarily would be seen or heard by any person other than the consumer that displays or conveys any information about the alleged debt, with frequency and persistence, the extent to which Defendant's noncompliance was intentional;

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant(s) violated N.C. Gen. Stat. §58-70-105(1);

b) Adjudging that Defendant(s) violated N.C. Gen. Stat. §58-70-105(2);

c) Awarding Plaintiff statutory damages in the amount of $4000.00 per violation, pursuant to N.C. Gen. Stat. §58-70-130(b);

d) Awarding Plaintiff statutory damages per violation, cumulatively and in addition to remedies otherwise available, pursuant to N.C. Gen. Stat. §58-70-130(d);

e) Awarding reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

f) Awarding pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 10th of October, 2013

MARIAN SNOW
103 Nostalgia Ln
Zebulon, NC 27597
(872) 588-9170
msnow20@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

MARIAN SNOW         )
              )
    Plaintiff,      )
  -v-          )
              )
GLOBAL CREDIT AND COLLECTION  )
  CORPORATION       )
GLOBAL INTERNATIONAL    )
              )
    Defendants.     )

### AFFIDAVIT OF MARIAN SNOW

**NOW COMES** the affiant, Marian Snow, and after being duly sworn, does depose and says as follows:

1. I am Marian Snow and I am more than eighteen years of age and am otherwise competent to give testimony contained herein.

2. For many years, I have subscribed to a telephone service that receives my calls and can locate me to forward calls to my location. The service is called RingCentral.com; it is associated with my telephone number 630-225-8462; and it is a service for which I pay for the calls.

3. The telephone service, RingCentral.com, to which I subscribe, receives all my calls, retains the call data from each incoming call and retains all the voicemails received from those calls.

4. Between September 18, 2012 and November 19, 2012, I received a minimum of sixteen (16) telephone calls via phone numbers I believed to be from Global Credit and Collection or Global International.

5. I heard voice mail messages, left on my telephone, which began with a pause prior to the recorded message; often stopped in mid-message and switched to a computer-generated voice; and sometimes, just left dead air recorded.

6. I heard or experienced calls that began with a pause before the caller began to speak.

7.     Upon my good-faith belief, voice mail messages I received and listened to quite clearly contained pre-recorded voices and messages.

8.     I was embarrassed when I was told by at least three (3) other people that, during the months of September, October and November 2012, they or their family members had received phone calls and had either been spoken to directly or had listened to voice mail messages left on their telephones and advised that debt collectors were trying to collect on a debt that I owed.

9.     I was extremely embarrassed when I was told that the household of a prior spouse from whom I had been divorced for over thirty (30) years had received a call divulging that debt collectors were trying collect on a debt that I owed.

10.    I felt personally responsible for the emotional anguish experienced by a frail and elderly person for whom I cared, when I was told that the 80-year-old parent of said prior spouse received a call divulging that debt collectors were trying collect on a debt that I owed and that the information had worried and upset her for days.

11.    It is my personal good-faith belief that Global Credit and Collection and/or Global International unreasonably publicized information regarding my debt or alleged debt, owed or allegedly owed.

12.    It is my personal good-faith belief that Global Credit and Collection and/or Global International made an indication of my indebtedness, or alleged indebtedness, in a communication with other people than myself.

13.    It is my personal good-faith belief that Global Credit and Collection and/or Global International communicated with a person or persons other than myself and used a form of communication, which ordinarily would be seen or heard by any person that displayed or conveyed information about an alleged debt owed or allegedly owed by myself.

14.    On or around October 22, 2012, I received a legal-length letter in the mail from Global Credit & Collection Corporation, with a statement, "from a debt collector and an attempt to collect a debt" appearing on the back of the page.

15.    On October 27, 2012, I disputed the debt and requested the name and address of the original creditor in writing, by mailing a letter to at the address shown on the front of the letter I received.

16.    I never received a written validation or verification of any alleged debt from Global Credit & Collection, as requested in my letter of October 17, 2012.

17.    Between November 6, 2012 and November 19, 2012, after I had sent written letter disputing the debt, I continued to receive telephone calls from Global Credit & Collection or Global International.

18.     On January 10, 2013, I obtained my consumer credit report from Transunion credit reporting agency and discovered that my consumer file or credit file had been accessed by the Defendant(s) without my express prior oral or written consent.

19.     On January 10, 2013, I viewed the Transunion consumer credit file report and saw that two companies had accessed my consumer credit file on September 13, 2012; one showing as having accessed the file under the name of "GLOBAL CR & CO"; and a second showing as having access the file under the name of "GLOBAL INTERNA".

20.     At no time, did I ever provide oral or written consent to Transunion credit reporting agency to lead them to have reason to believe that Global Credit and Collection or to Global International had permission to have access to or use my personal consumer credit file information in any way.

21.     At no time, did I provide oral or written consent to Global Credit and Collection or Global International to imply, infer, advise, acknowledge or state to any credit reporting agency that it should be led to believe that Global Credit and Collection or Global International had a purpose to access, had authorization to access, had permission to access or could access the private information held in my consumer credit file.

22.     I believe that all of the facts contained in this Civil Complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

23.     I believe that this civil Complaint is well grounded in fact and warranted by existing law.

24.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

25.     I have filed this Complaint in good faith and solely for the purposes set forth in it.

Sincerely,

_Marian Snow_

Marian Snow     10\15\2013

STATE OF NORTH CAROLINA     )
COUNTY OF WAKE     )

Sworn to and subscribed before me, this _15_ day of _October_

_Cynthia Arnold_  8-10-2014

CYNTHIA ARNOLD
NOTARY
Comm. Exp.
10-2014.
PUBLIC
WAKE COUNTY