IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:13-cv-00721-FL

| | |
|---|---|
| MARIAN SNOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | DEFENDANT GLOBAL |
| ) | INTERNATIONAL'S MEMORANDUM |
| ) | OF LAW IN SUPPORT OF MOTION |
| GLOBAL CREDIT AND COLLECTION ) | TO DISMISS COMPLAINT |
| CORPORATION; and GLOBAL ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendants. ) | |

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), Defendant Global International ("Global International"), by and through its undersigned counsel, appearing specially for the limited purpose of contesting personal jurisdiction and the purported service of process made upon it, and thereby preserving any and all defenses available under Fed. R. Civ. P. 12, hereby submits its Memorandum of Law in Support of its Motion to Dismiss the Complaint filed by Plaintiff Marian Snow (the "Plaintiff"). In support of its Motion to Dismiss, Global International respectfully states as follows:

I. **INTRODUCTION**

In her Complaint (DE 1) against Global International and its co-defendant Global Credit and Collection Corporation ("Global Credit"),[1] Plaintiff purports to allege five separate counts against the Global Defendants, including: (1) Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA") (Count I); (2) Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") (Count II); (3) Violation of the Telephone Consumer

---

[1] At times, Global International and Global Credit will be referred to collectively as the "Global Defendants."

Protection Act, 47 U.S.C. § 227 (the "TCPA") (Count III); (4) Violation of the North Carolina Fair Debt Collection Practices Act (the "NCFDCPA") pursuant to N.C. Gen. Stat. § 58-70-110(1) (Count IV); and (5) Violation of the NCFDCPA pursuant to N.C. Gen. Stat. § 58-70-105 (Count V). (*See* Compl. ¶¶ 101-20). As shown below, all of Plaintiff's claims against Global International should be dismissed because Plaintiff has not properly served Global International with a copy of the summons and the Complaint. Indeed, despite rightly acknowledging that personal service on Global International was necessary, Plaintiff nonetheless attempted to serve Global International via registered mail alone. Moreover, Plaintiff's claims should also be dismissed because Global International is not subject to personal jurisdiction in North Carolina. Instead, Global International is a non-registered d/b/a of Global Credit, used primarily in connection with Global Credit's offices in Ontario, Canada. Global International does not conduct any business or commercial activities in North Carolina, nor has any contacts whatsoever with the state. For these reasons, the Court should grant Global International's Motion to Dismiss Complaint and dismiss all of Plaintiff's claims against it, with prejudice.

## II. BACKGROUND

1. The facts relevant to Global International's Motion to Dismiss Complaint relate only to the Court's purported jurisdiction over Global International and Plaintiff's allegations related to her attempts to effect service upon it.

2. In her Complaint, almost all of Plaintiff's factual allegations are made against the Global Defendants collectively, rather than Global Credit or Global International, specifically. (*See generally* Compl. ¶¶ 9-120).[2]

---

[2] In truth, Plaintiff's only factual allegation referencing Global International individually is her claim that "Defendant(s) acquired access to Plaintiff's consumer file or credit file through or with the credit reporting agency Transunion, using the business name of 'Global Interna.'" (*See* Compl. ¶ 14).

3. However, when describing the "Parties," Plaintiff does allege that Global International "is a foreign entity who at all relevant times was engaged, by use of the U.S. Postal Service, mails and telephone, in the business of attempting to collect a 'debt' from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and operating as a 'collection agency' as defined by both N.C.G.S. § 58-70-90(1) and N.C.G.S. § 58-70-15." (*Id.* ¶ 8).

4. Later, in her Request for Extension of Time for Service and the Reissuance of the Summons for Global International in Response to Clerk's Entry of Default and Notice (DE 15) (Plaintiff's "Request for Extension of Time") and, specifically, in her Affidavit in Support thereof (DE 15-1) (Plaintiff's "Affidavit in Support of Request for Extension of Time"),[3] Plaintiff states that Global International is a Canadian company with offices in Ontario, Canada. (*See* Affidavit in Support of Request for Extension of Time ¶¶ 16, 20-22).

5. In reality, Global International is not itself an operating entity in the United States, Canada, or elsewhere. (*See* Declaration of Deanna L. Sgro ¶ 3).[4]

6. Instead, "Global International" is a non-registered d/b/a of Global Credit, used at times for marketing purposes abroad and primarily in connection with the Global Defendants' offices in Ontario, Canada. (*Id.* ¶ 4).

---

[3] "When considering 'whether the claim of a *pro se* plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff.'" *Henderson v. Rosen*, No. 5:13-cv-635, 2013 WL 6097534, at *5 (E.D.N.C. Nov. 20, 2013) (Flanagan, J.) (quoting *Garrett v. Elko,* 120 F.3d 261, 1997 WL 457667 at *1 (4th Cir. Aug 12, 1997) (unpublished table decision).

[4] The Declaration of Deanna L. Sgro, dated June 4, 2014 (hereinafter "Sgro Decl."), is attached as **Exhibit "A"** hereto, and is filed solely for the limited purpose of providing background information relating to jurisdictional defects. Global International does not consent to the jurisdiction of this Court by such filing or by its limited appearance herein.

7. As such, Global International does not conduct any business or commercial activities in North Carolina, does not have a license to do business in North Carolina, and does not have any offices or employees in North Carolina. (*Id.* ¶ 5).

8. Global International does not possess any property, real or personal, located in North Carolina, does not maintain any accounts of any nature in North Carolina, and does not receive any revenue whatsoever from goods or services sold or performed in North Carolina. (*Id.* ¶ 6).

9. Notably, Global International does not perform any debt collection activities in North Carolina and does not operate as a collection agency in North Carolina. (*Id.* ¶ 7).

10. In fact, because Global International is not itself an operating entity and is, instead, a non-registered d/b/a of Global Credit, Global International does not have (nor could it have) any records whatsoever of Plaintiff ever having an account with Global International, of Global International ever attempting to collect a debt owed by Plaintiff, or of Global International ever contacting or attempting to contact Plaintiff or any of the third-parties alleged in Plaintiff's Complaint. (*See id.* ¶ 8).

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. Plaintiff's claims against Global International must be dismissed for insufficient service of process.

At the outset, the Court should dismiss Plaintiff's claims against Global International pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. As this Court has time and again recognized, the plaintiff is responsible for serving a copy of the summons and the complaint on a defendant within the time permitted under the Federal Rules, and so "[w]hen a defendant seeks dismissal under Rule 12(b)(5), plaintiff bears the burden of establishing that process complies with Federal Rule of Civil Procedure 4." *See, e.g.*, *Saraidaris v. Sealy*, No.

5:10-ct-3181, 2012 WL 405172, at *3 (E.D.N.C. Feb. 8, 2012) (Flanagan, J.) (citations omitted). Where the plaintiff fails to satisfy that burden, the appropriate course is to dismiss the plaintiff's complaint. *See, e.g., id.* at *3-4; *see also Fenner v. John Umstead Hosp.*, No. 1:09-cv-977, 2014 WL 257274, at *2-5 (M.D.N.C. Jan. 23, 2014) (dismissing pro se complaint with prejudice where pro se plaintiff failed to properly serve defendant on multiple occasions, including after court issued order requiring that service be perfected by specific date).[5]

Where the defendant is a "foreign corporation" located "at a place not within any judicial district of the United States," as is the case for Global International, service of process must be effected "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *See* Fed. R. Civ. P. 4(h)(2). In pertinent part, Rule 4(f) provides that an individual "may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."[6] *See* Fed. R. Civ. P. 4(f)(1). Under the Hague Convention on the

---

[5] Although the Fourth Circuit Court of Appeals has stated that "'[w]hen the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction' and 'every technical violation of the rule or failure of strict compliance may not invalidate the service of process,'" it has nonetheless made clear that "'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *See Henderson*, 2013 WL 6097534, at *3 (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)); *see also Lebel v. Mai*, 210 Cal. App. 4th 1154, 1160-61, 148 Cal. Rptr. 3d 892, 897 (2012) ("[I]n all cases where the Hague Convention applies, '[f]ailure to comply with the [Hague] Convention renders the service void, even if the defendant has actual notice of the lawsuit.'" (quoting *Floveyor Int'l, Ltd. v. Super. Ct.*, 59 Cal. App. 4th 789, 794, 69 Cal. Rptr. 3d 457, 460 (1997))).

[6] Because Canada is a member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *see* Hague Conference on Private Int'l Law, *Status table for Convention of 15 Nov. 1965 on Service Abroad of Judicial & Extrajudicial Documents in Civil or Commercial Matters*, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited June 2, 2014), service under Fed. R. Civ. P. 4(f)(2) is not available. *See Forshaw Indus., Inc. v. Insurco, Ltd.*, No. 3:13-cv-88, 2014 WL 841363, at *3 (W.D.N.C. Mar. 4, 2014)

Service Abroad of Judicial and Extrajudicial Documents (hereinafter "Hague Service Convention"), "[t]he primary means through which service is accomplished . . . is through a receiving country's 'Central Authority.'" *See Forshaw Indus., Inc.*, 2014 WL 841363, at *3 (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)). However, under the Hague Service Convention, member states are also "free to consent to additional methods of service within their own borders, ***consistent with their own laws***." *See Koehler v. Dodwell*, 152 F.3d 304, 307 (4th Cir. 1998) (citing Hague Service Convention, arts. 8, 10, 20 U.S.T. at 363, 658 U.N.T.S. at 169, *available at* http://www.hcch.net/index_en.php?act=conventions.text&cid=17) (emphasis added). As such, while both personal service made directly on authorized individuals (rather than the receiving county's Central Authority) and service through postal channels is permitted under the Hague Service Convention, *see* Hague Service Convention, art. 10, 20 U.S.T. at 363, 658 U.N.T.S. at 169, such methods of service are only available where "consistent with [the receiving country's] own laws," *see Koehler*, 152 F.3d at 307.

As Plaintiff herself has admitted, to effect valid service of process on an entity located in Ontario, Canada (such as Global International), "***process shall be served personally*** as provided in rule 16.02" of the Ontario Rules of Civil Procedure, which in pertinent part states:

> Where a document is to be served personally, the service shall be made . . . on any other corporation, by leaving a copy of the document with an officer, director or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business.

*See* Rules of Civil Procedure, R.R.O. 1990, Reg. 194, r. 16.01(1), r. 16.02(1)(c) (Can.) (emphasis added), *available at* http://www.e-laws.gov.on.ca/html/regs/english/elaws_regs_900194_e.htm;

---

("Whenever the Hague Convention applies, it pre-empts state law methods of service, and compliance with its terms is mandatory." (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988))). Moreover, the Court has not issued any order in this case that would make Fed. R. Civ. P. 4(f)(3) applicable.

(*see also* Plaintiff's Affidavit in Support of Request for Extension of Time ¶ 20 ("I have learned that, pursuant to the Rules of Civil Procedure, R.R.O. 1990 Reg. 194 in Ontario, ***the normal procedure for service in Canada is personal service*** made by an enforcement officer of the Ministry of the Attorney General in Ontario on an individual or on a corporation by handing a copy of the document to the individual, or to an officer, director or agent of the corporation at its place of business.") (emphasis added)). Indeed, only "[w]here the head office, registered office or principal place of business of a corporation or, in the case of an extra-provincial corporation, the attorney for service in Ontario ***cannot be found*** at the last address recorded with the Ministry of Consumer and Commercial Relations" may service be effected "by mailing a copy of the document to the corporation or to the attorney for service in Ontario, as the case may be, at that address." Rules of Civil Procedure, R.R.O. 1990, Reg. 194, r. 16.03(6) (Can.) (emphasis added).

In this case, the Proof of Service form (DE 20) filed by Plaintiff on May 8, 2014, clearly indicates that service on Global International was attempted "via US Postal Service registered mail."[7] (*See* Proof of Service at 1). Nevertheless, Plaintiff has at no point demonstrated, or even attempted to demonstrate, that "the head office, registered office or principal place of business of a corporation or, in the case of an extra-provincial corporation, the attorney for service in Ontario cannot be found at the last address recorded with the Ministry of Consumer and Commercial Relations." *See* Rules of Civil Procedure, R.R.O. 1990, Reg. 194, r. 16.03(6) (Can.). For that

---

[7] Notably, while the Proof of Service form cites Rule 16.03 of the Ontario Rules of Civil Procedure, which in part provides that "service may be made on the corporation by mailing a copy of the document to the corporation or to the attorney for service in Ontario, as the case may be, at that address," *see* Rules of Civil Procedure, R.R.O. 1990, Reg. 194, r. 16.03(6) (Can.), ***the Proof of Service form omits the key portion of this Rule***, which, again, expressly limits service by mail to circumstances "[w]here the head office, registered office or principal place of business of a corporation or, in the case of an extra-provincial corporation, the attorney for service in Ontario ***cannot be found*** at the last address recorded with the Ministry of Consumer and Commercial Relations," *see id.* (emphasis added).

reason, Plaintiff's purported service of process on Global International by registered mail was insufficient, and Plaintiff's Complaint against it should be dismissed. *See Forshaw Indus., Inc.*, 2014 WL 841363, at \*3-4; *see also Labelle v. Martin*, No. 3:12-cv-239, 2012 WL 3704717, at \*1-2 (W.D.N.C. Aug. 27, 2012) (quashing purported service of process on Canadian defendant where plaintiff failed to serve defendant in manner required by Canadian law).

> B. **Plaintiff's Complaint should be dismissed because the Court lacks personal jurisdiction over Global International.**

Because Plaintiff has failed to properly serve Global International with a copy of the summons and the Complaint, in addition to her claims being subject to dismissal under Rule 12(b)(5) for insufficient service of process, Plaintiff's claims should also be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. Indeed, the Fourth Circuit has made clear that "'[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.'" *Garris v. Gober*, No. 13-7393, 2014 WL 522988, at \*1 (4th Cir. Feb. 11, 2014) (quoting *Koehler v. Dodwell,* 152 F.3d 304, 306 (4th Cir. 1998)); *see also See Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule." (citing *Robertson v. R.R. Labor Bd.*, 268 U.S. 619, 622 (1925))); *Moseley v. Fillmore Co., Ltd.*, 725 F. Supp. 2d 549, 558 (W.D.N.C. 2010) ("Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant.") (citation omitted). Simply put, and as explained above, *see supra* Part III.A, Plaintiff's attempt to serve Global International via registered mail is plainly insufficient. As a result, this Court lacks personal jurisdiction over Global International and, pursuant to Fed. R. Civ. P. 12(b)(2), Plaintiff's claims against it should

be dismissed. *See Sears v. Price*, No. 5:11-ct-3208, 2014 WL 1266830, at *10 (E.D.N.C. Mar. 26, 2014) (Flanagan, J.) ("Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant." (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999))).

In addition, Plaintiff's claims against Global International should also be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure because — separate and apart from Plaintiff's failure to effect proper service upon it — Global International is simply not subject to personal jurisdiction in North Carolina. As stated by the Fourth Circuit, "[w]hen personal jurisdiction is challenged under Rule 12(b)(2), the jurisdictional question is resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Human Res. Certification Inst. v. Human Res. Prof'l Ass'n*, 453 F. App'x 349, 350 (4th Cir. 2011) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)). "[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396-97 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)). Because North Carolina's long-arm statute "has been construed to extend to the outer limits allowed by the Due Process Clause" of the Fourteenth Amendment, under Rule 12(b)(2) of the Federal Rules, "the scope of [the] inquiry is simply whether North Carolina may, consistent with due process, exercise personal jurisdiction over [the defendant]." *See Yates v. Motivation Indus. Equip. Ltd.*, 38 F. App'x 174, 175-76 (4th Cir. 2002) (citing *Hiwassee Stables, Inc. v. Cunningham*, 135 N.C. App. 24, 27, 519

20882113 v1                                              9
Case 5:13-cv-00721-FL   Document 29   Filed 06/04/14   Page 9 of 14

S.E.2d 317, 320 (1999)) (footnote omitted). "In other words, [the relevant inquiry is] whether [the defendant] has 'certain minimum contacts' with the forum, such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at 176 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted); *see also Cato Corp. v. L.A. Printex Indus., Inc.*, No. 3:10-cv-462, 2012 WL 2455174, at *2 (June 27, 2012) ("North Carolina's long arm statute is construed to the same extent as permitted by the Due Process Clause. Thus, the jurisdictional requirements 'merge' into a single inquiry as to whether the defendant has purposefully established 'minimum contacts' with the forum state." (citing *Cost Mgmt. Performance Grp. v. Sandy Spring Bank, LLC*, No. 3:09-cv-340, 2009 WL 3247852, at *3 (W.D.N.C. Oct. 5, 2009)).

In general, a court may exercise one of two types of personal jurisdiction over a nonresident defendant: (1) "specific jurisdiction"; or (2) "general jurisdiction." *See Yates*, 38 F. App'x at, 175 (citing *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623-24 (4th Cir. 1997)). "The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide the basis for the suit." *Carefirst*, 334 F.3d at 397. For instance, "[i]f th[e defendant's] contacts form the basis for the suit, they may establish 'specific jurisdiction,'" which requires consideration of "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* (citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002)). By contrast, "[i]f . . . the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general,

more persistent, but unrelated contacts with the state," which requires the plaintiff to show that "the defendant's activities in the state [were] 'continuous and systematic.'" *Id.* (citing *ALS Scan*, 293 F.3d at 712); *see also Cato Corp.*, 2012 WL 2455174, at *2 (explaining that "[t]he standard for general jurisdiction is 'a more demanding standard than is necessary to establish specific jurisdiction,'" and "[t]he 'casual presence of the corporate agent or . . . his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to general jurisdiction'") (citations omitted).

Here, it is clear that Global International is not subject to personal jurisdiction, whether specific jurisdiction or general jurisdiction, in North Carolina. In particular, apart from alleging that Global International "is a foreign entity," and that "Defendant(s) acquired access to Plaintiff's consumer file or credit file through or with the credit reporting agency Transunion, using the business name of 'Global Interna'" (*see* Compl. ¶¶ 8, 14), Plaintiff provides absolutely no factual allegations whatsoever that are specific to Global International, let alone any allegations that show Global International has purposefully established "minimum contacts" with North Carolina. Nevertheless, the lack of such allegations is not surprising given that Global International "is not itself an operating entity in the United States, Canada, or elsewhere," and instead is nothing more than a non-registered d/b/a of Global Credit, used at times for marketing purposes abroad and primarily in connection with the Global Defendants' offices in Ontario, Canada. (*See* Sgro Decl. ¶¶ 3-4). Notably, Global International does not conduct any business or commercial activities in North Carolina, does not have a license to do business in North Carolina, and does not have any offices or employees in North Carolina. (*Id.* ¶ 5). Global International does not possess any property in North Carolina, does not maintain any accounts of any nature in North Carolina, and does not receive any revenue from goods or services sold or

performed in North Carolina. (*Id.* ¶ 6). Moreover, Global International does not perform any debt collection activities in North Carolina and does not operate as a collection agency in North Carolina. (*Id.* ¶ 7). Finally, after performing an internal investigation of Plaintiff's claims against the Global Defendants, it is clear that Global International does not have any records whatsoever of Plaintiff ever having an account with Global International, of Global International ever attempting to collect a debt owed by Plaintiff, or of Global International ever contacting or attempting to contact Plaintiff or any of the third-parties alleged in Plaintiff's Complaint (nor could Global International have such records given that it is not itself an operating entity and is, instead, a non-registered d/b/a of Global Credit). (*See id.* ¶ 8). Simply put, under these facts, there can be no dispute that Plaintiff cannot satisfy her burden "to prove grounds for jurisdiction by a preponderance of the evidence." *See Human Res. Certification Inst.*, 453 F. App'x at 350. As a result, Plaintiff's claims against Global International should be dismissed, with prejudice, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See id.* at 351; *see also Henderson v. L.A. Cnty.*, No. 5:13-cv-635, 2014 WL 1572487, at *3 (E.D.N.C. Apr. 17, 2014) (Flanagan, J.) ("There are no allegations of these defendants purposefully availing themselves of the privilege of conducting activity in North Carolina or invoking the benefits and protections of its laws, nor do plaintiff's claims arise out of any such activities. Thus, the exercise of personal jurisdiction over these defendants is unreasonable and the court lacks specific jurisdiction over them."); *Thimbler, Inc. v. Unique Solutions Design, Ltd.*, No. 5:12-cv-695, 2013 WL 4854514, at *2-6 (E.D.N.C. Sept. 11, 2013) (determining that "exercising specific personal jurisdiction over [Canadian corporation] would violate the Due Process Clause," and that "[b]ecause the court

lacks personal jurisdiction over [Canadian corporation] . . . [the plaintiff's] motion to amend . . . must be denied as futile, and [Canadian corporation's] motion to dismiss will be granted").[8]

## IV. CONCLUSION

For all of the foregoing reasons, the Court should grant Global International's Motion to Dismiss Complaint and dismiss all of Plaintiff's claims against it, with prejudice.

This 4th day of June, 2014.

Respectfully submitted,

*s/ William J. Long*
William J. Long IV (N.C. Bar No. 34845)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jlong@burr.com

Attorney for Defendants
GLOBAL CREDIT AND COLLECTION CORPORATION
AND GLOBAL INTERNATIONAL

---

[8] *See also Cato Corp.*, 2012 WL 2455174, at *3 ("Li & Fung Ltd. is not subject to personal jurisdiction in the Western District of North Carolina. . . . The company is a passive . . . holding company, which . . . does not manufacture, sell, market, distribute or license any products anywhere in the world and does not provide any goods or services for which it receives revenues from any of its subsidiaries. Further, Li & Fung Ltd. does not conduct any business or commercial activities in North Carolina, nor does the company have any employees or a bank account in the state. . . . Inasmuch as Li & Fung Ltd. does not maintain contacts sufficient to subject the company to either general or specific personal jurisdiction in the Western District of North Carolina under either the Due Process Clause or the North Carolina long arm statute, the Rule 12(b)(2) Motion to Dismiss will be allowed.") (internal citations omitted).

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via U.S. First Class Mail, on this the 4th day of June, 2014:

Marian Snow
103 Nostalgia Ln
Zebulon, North Carolina 27597

*s/ William J. Long*
OF COUNSEL