IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-00721

FILED
JUN 1 2 2014
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

MARIAN SNOW,
      Plaintiff,
vs.

GLOBAL CREDIT AND COLLECTION
CORPORATION,
GLOBAL INTERNATIONAL
      Defendants

PLAINTIFF'S MEMORANDUM
IN SUPPORT OF MOTION TO
STRIKE DECLARATION OF
DEANNA L. SGRO

      Plaintiff MARIAN SNOW asks the Court to strike Defendant GLOBAL CREDIT & COLLECTION CORPORATION's Declaration of Deanna L. Sgro in Support of Defendant's Motion to Set Aside Default.

## I. INTRODUCTION

      1.    This dispute was filed in this Court by Plaintiff on October 15, 2013 against Global Credit and Collection Corporation (hereinafter GLOBAL CC) and Global International (hereinafter GLOBAL INTL), for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*; the Telephone Communications Protection Act (TCPA) 47 USC § 227 *et seq*.; and the North Carolina Fair Debt Collection Practices Act (NCFDCPA) N.C. Gen. Stat. §58-70 *et seq*.

      2.    On November 19, 2013, Plaintiff initially filed Motion for Entry of Default and on March 28, 2014, the clerk entered a default against GLOBAL CC.

3. On May 22, 2014, GLOBAL CC, by and through its counsel, filed a Motion to Set Aside Default [D.E. 22] and the accompanying Declaration of Deanna L. Sgro (hereinafter "Sgro Decl.") [D.E. 22-1]

4. It is Docket Entry 22-1 that Plaintiff respectfully submits should be stricken.

## II. ARGUMENT AND MEMORANDUM OF LAW

5. In *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993), the plaintiff argued that courts should be "lenient" in accepting documents …"as long as they are 'probative,' or at least 'evidence of evidence' that could later be introduced at trial." The court rejected this argument, holding: "We have no desire to make technical minefields of … proceedings, but neither can we countenance laxness in the proper … presentation of proof."

6. Chief Justice Marshall took a very critical attitude towards hearsay. He stated: "Its intrinsic weakness, its incompetency to satisfy the mind of the existence of the fact, and the frauds which might be practiced under its cover, combine to support the rule, that hearsay evidence is totally inadmissible." *Mima Queen v. Hepburn*, 11 U.S. (7 Cranch) 290, 296 (1813). Affidavits that fail to comply with the Rules of Procedure "should be stricken and disregarded." 35B C.J.S. *Federal Civil Procedure* § 1214 (2008). The proper avenue … is by motion to strike, pursuant to Rule 56(e) of the Rules of Civil Procedure or, alternatively, by raising a more general objection to the admissibility of the contents of the submission. *Saucier v. Coldwell Banker JME Realty*, 2007 WL 2475943 *3 (S.D. Miss. 2007) (citing *Auto Drive-Away Co. of Hialeah, Inc. v. Interstate Commerce Comm'n*, 360 F.2d 446, 448-49 (5th Cir. 1966)); *Larouche v. Webster*, 175 F.R.D. 452, 454 (S.D.N.Y. 1996). [I]n the absence of a motion by counsel opposing admissibility of an improper affidavit, formal defects within the affidavit ordinarily are waived. *Auto Drive-*

2

*Away Co. of Hialeah*, 360 F.2d 446 at 449 (citing *U.S. for Use and Benefit of Austin v. W. Elec. Co.*, 337 F.2d 568 (9th Cir.1964)). To challenge an affidavit that does not meet these requirements, litigants with grounds to do so should file a motion to strike the affidavit in a timely fashion and be specific as to the portions of the affidavit that are being challenged. *See, e.g., Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 718 (4th Cir.1995) However, when motions to strike or objections are timely made by counsel, <u>nonconforming affidavits or any nonconforming portions</u> thereof should be stricken from the record by courts and disregarded as evidence. *Larouche*, 175 F.R. D. 452 at 455. (Emphasis added.)

7. An affidavit must satisfy three formal requirements: (1) it "shall be made on personal knowledge"; (2) it "shall set forth such facts as would be admissible in evidence" at the time of trial; and (3) it "shall show affirmatively that the affiant is competent to testify to the matters stated therewith." Fed. R. Civ. Pro. 56(e). *Giles v. University of Toledo*, 7643 F.3d 1058-59, (N.D. Ohio, 2007). An affidavit that does not satisfy these requirements is subject to a motion to strike and will not be considered by the Court. *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 954 (S.D. Ohio 2000). Thus, it is appropriate for the Court to strike portions of affidavits that do not satisfy the requirements of Rule 56(e). *James Wm. Moore, Federal Practice* § 56.14[1][d] (Matthew Bender 3d ed.), n. 46 and 47.

8. The Court should strike the Sgro Decl. A Court can strike a declaration if it is not based on personal knowledge, if it sets out facts that would not be admissible in evidence, or if it does not show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56 (c)(4). The court should strike any portions of an affidavit that

3

do not meet the standards of Federal Rule of Civil Procedure 56(c)(4). *Akin v. Q-L Invs. Inc.*, 959 F.2d 521, 530-31. (5th Cir. 1992).

9. Pursuant to Fed. R. Civ. Pro. 56(e), the Court should strike the subject Sgro Decl., because it A) is not based on personal knowledge; B) sets out facts that would not be admissible in evidence; C) is inadmissible or incompetent evidence; and D) presents statements are speculative or conclusory. While personal knowledge satisfies the purpose of the hearsay rule, the declarant in the Sgro Decl. had no personal knowledge of the declarations made. Federal Rule of Evidence 803.6 provides for an exception to the hearsay rule, only if ALL the following conditions are shown:

   (a) <u>Personal knowledge</u>: The declarant is general counsel for GLOBAL CC and is located out of the country, over 1200 miles from the offices in Florida which mailed the initial communications to Plaintiff. Declarant offered no information as to the identity of the individual or individuals who may have performed the alleged investigation of records, the location of individuals or the records searched, the identity of the document custodian(s), nor the levels of knowledge for any of said individuals.

   (b) <u>The record was kept in the course of regularly conducted activity of a business</u>: No reference to personal first-hand knowledge was offered of how or where records were investigated.

   (c) <u>Making the record was a regular practice of that activity</u>: No claims were made to of the identity of makers or location of records investigated or whether they were kept as a regular practice.

4

(d) <u>All these conditions are shown by the testimony of the custodian or another qualified witness</u>: No data "custodian" was identified nor were names of any competent qualified witnesses who personally did hands-on entry, modification or updating of records that may have related to Plaintiff's account.

(e) <u>Neither the source, the method nor the circumstances of preparation indicate a lack of trustworthiness</u>: No authentication of the records, data or documents investigated was offered; no form of trustworthiness in the result was proffered.

10. A court can strike ... evidence when the evidence is inadmissible, speculative, conclusory ... or otherwise incompetent. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Cooper-Shut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972); *Newport Elecs., Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001).

11. It has been noted (mostly in the context of summary-judgment motions) that an affidavit is not a *pleading* and so not subject to a Rule 12(f) motion to strike, but that in such a circumstance a notice of objection may be used to challenge the affidavit. *See Morgan v. Sears, Roebuck and Company*, 700 F.Supp. 1574, 1576 (N.D. Ga. 1989); *Pinkerton and Laws Company, Inc.*, 650 F.Supp. 1138, 1141 (S.D. Ga. 1986). It also has been noted that the Eleventh Circuit implicitly acknowledges the discretion of the district court to strike an affidavit. *See Corey Airport Services, Inc. v. City of Atlanta*, 632 F.Supp. 2d 1246, 1267 (N.D. Ga. 2008), *Putnal v. Guardian Life Insurance Company of America*,

5

2006 WL 2850424, *3 (M.D. Ga. 2006) (tracing acknowledgement to *Auto Drive-Away Co. of Hialeah, Inc. v. I.C.C.* 360 F.2d 446, 449 (5th Cir. 1966), while preferring notice of objection for challenge to defective affidavit). *See also Moret v. Green*, 494 F.Supp.2d 329, 336 (D. Md. 2007) (even where affidavits technically do not constitute pleadings, courts have permitted affidavit-challenge by motion to strike because federal rules provide no other means to contest sufficiency); Mc*Laughlin v. Copeland*, 434 F.Supp. 513, 519 (D. Md. 1977) (same; hearsay and affidavit portions not based on personal knowledge stricken; exhibits and attachments stricken).

### A) The Sgro Decl. is not based on personal knowledge.

12. The facts stated in the affidavit or declaration must be based on the affiant's or declarant's personal knowledge. FRCP 56 (c)(4); see *Evans v. Technologies Applications & Serv.*, 80 F.3d 954, 962 (4th Cir. 1996); *Sellers v. M.C. Floor Crafters, Inc.* 842 F.2d 639, 643 (2d Cir. 1988); *Argo v. Blue Cross & Blue Shield of Kan., Inc.* 452 F.3d 1193, 1199-1200 (10th Cir. 2006); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988). An affidavit or declaration made on "information and belief" does not meet the requirement of personal knowledge. *See Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.* 339 U.S. 827, 831 (1950), *overruled on other grounds, Lear, Inc. v. Adkins*, 395 U.S. 653 (1969); *Columbia Pictures Indus. V. Professional Real Estate Investors, Inc.*, 944 F.2d 1991), *aff'd*, 508 U.S. 49 (1993).

### B) The Sgro Decl. sets out facts that would not be admissible in evidence.

13. The affidavit or declaration must ... set out facts that would be admissible

6

in evidence. Fed. R. Civ. P. 56 (c)(4); A court must not consider parts of an affidavit or declaration that do not meet the requirements of Fed. R. Civ. P. 56 (c)(4) when determining a motion. *See Cooper-Schut v. Visteon Auto. Sys.* 361 F.3d 421, 429 (7th Cir. 2004). The facts stated in the affidavit or declaration must be specific and must constitute admissible evidence. FRCP 56 (c)(4); see *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); see, e.g., *Evans*, 80 F.3d at 962 (inadmissible hearsay cannot be considered). Bare allegations of fact, ultimate or conclusory facts, and legal conclusions are not sufficient. *BellSouth Telecoms. V. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996); see *Cooper-Schut*, 361 F.3d at 429 (conclusory statements…are insufficient).

14. A declaration sworn in Canada by a Canadian citizen filed in a case in a United States Federal Court, rather than a sworn Affidavit in this case is highly questionable. The declarant states she is competent to testify to the matters contained herein, but as a resident of Canada the declarant would be unavailable to The Apostille Treaty is an international treaty drafted by the Hague Conference on Private International Law. It specifies the modalities through which a document issued in one of the signatory countries can be certified for legal purposes in all the other signatory states. Such a certification is called an apostille (which is French for *certification*). It is an international certification comparable to a notarization in domestic law, and normally supplements a local notarization of the document.[1] Canada has not adopted the apostille system, court documents originating in Canada for use abroad must be certified twice: first at the Canadian Ministry of Foreign Affairs and subsequently by the consulate of the receiving

---

[1] See "CONCLUSIONS AND RECOMMENDATIONS OF THE SPECIAL COMMISSION ON THE PRACTICAL OPERATION OF THE HAGUE APOSTILLE, SERVICE, TAKING OF EVIDENCE AND ACCESS TO JUSTICE CONVENTIONS", (*2 to 12 February 2009*)

7

state in order to be utilized in a federal court. As this document did not receive a local notarization, at a minimum it should have been certified twice, as stated above, in order to be utilized in a federal court.

C) **The Sgro Decl. does not show the declarant is competent nor available to testify.**

15. The affidavit or declaration must affirmatively show that the affiant or declarant is competent to testify on the matters in the affidavit or declaration. Fed. R. Civ. P. 56 (c)(4); see *Gell v. Town of Aulander*, 252 F.R.D. 297, 304 (E.D.N.C. 2008) Generally, an affiant or declarant is competent to testify when her testimony is not based on speculation, intuition…about matters remote from the personal experience. See *Visser v. Packer Eng'g Assocs.* 924 F.2d 655,659 (7th Cir. 1991); A court must not consider parts of an affidavit or declaration that do not meet the requirements of Fed. R. Civ. P. 56 (c)(4) when determining a motion. See *Cooper-Schut v. Visteon Auto. Sys.* 361 F.3d 421, 429 (7th Cir. 2004). (Emphasis added.)

16. The declarant is a lawyer registered with the *Law Society of Upper Canada*, is a Canadian citizen and has a business address of 27 Idleswift Dr., Thornhill, Ontario. (See the LSUC Lawyer and Paralegal Registry listing attached as "Exhibit A".) Declarant Ms. Sgro states she is competent to testify, but her statements alone would not make her a viable or practical deponent in this case, as she does not reside in the United States. Rule 45(a)(2) provides that "[a] subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken." However, under Rule 45(b)(2), a subpoena generally can only be served in three areas: (1) anywhere within the district by which the subpoena is issued;

8

(2) anywhere within a 100-mile radius of the site selected for the deposition; or (3) anywhere within the state where a state statute or rule of court permits similar service. Moreover Rule 45(c)(3)(A)(ii) provides that a subpoena will be quashed or modified if it requires a nonparty witness to travel more than 100 miles for the deposition. The layers of difficulty required to depose this declarant would be extreme.

17. GLOBAL CC does not support its case with a conclusory affidavit. See *JMD Holding Corp.*, 4 N.Y.3d at 384-85, 795 N.Y.S.2d at 510, 828 N.E.2d at 612 ("A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's ... burden.").

### III. CONCLUSION

18. The Sgro Decl. should be stricken because the declarations offered therein A) are not based on personal knowledge and, therefore, are hearsay; B) set out facts that would not be admissible in evidence; C) do not evidence the declarant is competent, or available, to testify. Furthermore, as the document itself originated outside the United States, it is foundationally infirm as court documents originating in Canada for use abroad must be certified twice: first at the Canadian Ministry of Foreign Affairs and subsequently by the consulate of the receiving state in order to be utilized in court.

19. For these reasons, Plaintiff MARIAN SNOW asks the Court to strike the objectionable Declaration of Deanna L. Sgro in Support of Global Credit and Collection Corporation's Motion to Set Aside Default.

WHEREFORE, Plaintiff respectfully prays that the court to strike D.E. 22-1 or in the alternative to sustain Plaintiff's objection to it being considered.

9

Respectfully submitted, this \_\_\_ day of June 2014,

_____
Marian Snow
102 Nostalgia Lane
Zebulon, NC 27597
872-588-9170
msnow20@gmail.com

## CERTIFICATE OF SERVICE

hereby certify that, on the undersigned date, the original of the foregoing was filed with the Clerk of Court and served by mail on anyone unable to accept the resulting said electronic filing by the Clerk of Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by postage-prepaid first-class mail or Priority Mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

William J. Long IV
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jlong@burr.com
Attorney for Defendant
GLOBAL CREDIT AND COLLECTION CORPORATION


Respectfully submitted, this the 12th day of June 2014,

Marian Snow
103 Nostalgia Lane
Zebulon, NC 27597
msnow20@gmail.com
872-588-9170

This directory does not include information about discipline charges pending against a lawyer or a paralegal. See regulatory proceedings for information on regulatory notices and current hearings.

See important notice for information about the frequency of updates and the content of this directory.

To obtain further information contact the Law Society's Resource Centre at lawsociety@lsuc.on.ca or 416-947-3315 or 1-800-668-7380 ext. 3315.

† A "Yes" in the Real Estate Insured field indicates that lawyer has the required insurance to provide Real Estate Services to the public.

**Let Right Prevail**
More Info

- Home
- |
- Legal Notice
- |
- Sitemap
- |
- Contact Us
- |
- Media Room

© 2013 The Law Society of Upper Canada, Osgoode Hall, 130 Queen Street West, Toronto, Ontario M5H 2N6