IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:13-cv-00721-FL

| | |
|---|---|
| MARIAN SNOW,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>GLOBAL CREDIT AND COLLECTION  )<br>CORPORATION; and GLOBAL  )<br>INTERNATIONAL,  )<br>  )<br>    Defendants.  ) | DEFENDANT GLOBAL CREDIT AND COLLECTION CORPORATION'S RESPONSE IN OPPOSITION TO MOTION TO TAKE JUDICIAL NOTICE OF FACTS |

Defendant Global Credit and Collection Corporation ("Global"), appearing specially so as to preserve any and all defenses available under Fed. R. Civ. P. 12, and out of an abundance of caution to ensure that the Court considers its timely-submitted Reply in Support of Motion to Set Aside Entry of Default, hereby submits its Response in Opposition to Plaintiff Marian Snow's ("Plaintiff") Motion to Take Judicial Notice (Plaintiff's "Motion for Judicial Notice") (DE 38).

Plaintiff argues in her Memorandum in Support of Motion for Judicial Notice (Plaintiff's "Brief in Support of Motion for Judicial Notice") (DE 39), that she served her Response to Global's Motion to Set Aside Entry of Default (Plaintiff's "Response to Motion to Set Aside") (DE 33) "no later than June 13, 2014," when the Clerk of the Court entered it into the CM/ECF system. (*See* Pl.'s Brief in Support of Motion for Judicial Notice at 2). Because the Local Rules state that replies are due "within fourteen (14) days after service of the response," Plaintiff claims that Global's June 30, 2014 Reply in Support of Motion to Set Aside Entry of Default was filed "three (3) days after the deadline to timely file said pleading had passed." (*Id.*).

Simply put, Plaintiff's Motion for Judicial Notice should be denied because while the Local Rules do state that reply briefs are due "within fourteen (14) days after service of the

21081991 v1

response," in this case, Plaintiff served her Response to Motion to Set Aside through the Court's CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E). Rule 6(d) of the Federal Rules of Civil Procedure plainly states that "[w]hen a party may or must act within a specified time after service and ***service is made under Rule 5(b)(2)***(C), (D), ***(E)***, or (F), *3 days are added* after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (emphasis added). As such, even though June 27, 2014 is fourteen (14) days after Plaintiff served the Response on June 13, 2014, because "3 days are added after the period would otherwise expire," Global's Reply in Support of Motion to Set Aside Entry of Default was not due until June 30, 2014. *See, e.g.*, *BSN Med., Inc. v. Parker Med. Assocs., LLC*, No. 3:09-cv-15, 2011 WL 1343188, at *2 (W.D.N.C. Apr. 8, 2011) (holding that "service was made by electronic means via ECF, and the parties were, therefore, entitled to add three days after the period would otherwise expire") (internal citations omitted). For that reason, it is clear that Global timely submitted its Reply, and that Plaintiff's Motion to Take Judicial Notice of Facts should be denied.

For the foregoing reasons, Global respectfully requests that this Court deny Plaintiff's Motion to Take Judicial Notice of Facts.

This 7th day of July, 2014.

Respectfully submitted,

 /s William J. Long IV
William J. Long IV (N.C. Bar No. 34845)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
jlong@burr.com

Attorney for Defendants
GLOBAL CREDIT AND COLLECTION CORPORATION
AND GLOBAL INTERNATIONAL

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via U.S. First Class Mail, on this the 7th day of July, 2014:

Marian Snow
103 Nostalgia Ln
Zebulon, North Carolina 27597

*/s William J. Long IV*
OF COUNSEL