IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-721-FL

| | |
|---|---|
| MARIAN SNOW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL CREDIT AND COLLECTION )<br>CORPORATION and )<br>GLOBAL INTERNATIONAL, )<br>)<br>Defendants. ) | ORDER |

There are seven motions pending in the case: 1) motion for default judgment against defendant Global Credit and Collection Corporation (DE 12); 2) another motion for default judgment against this defendant (DE 16); 3) motion to set aside entry of default by Global Credit and Collection Corporation (DE 21); 4) motion to dismiss by defendant Global International (DE 28); 5) plaintiff's motion to strike declaration supporting motion to set aside default (DE 31); 6) plaintiff's motion to strike declaration supporting motion to dismiss (DE 34); and 7) plaintiff's motion for judicial notice of facts (DE 38).

BACKGROUND

Plaintiff, who proceeds *pro se*, has brought suit alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1601 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and the North Carolina Fair Debt Collections Practices Act ("NCFDCPA"), N.C. Gen. Stat. § 58-70 *et seq.*

Plaintiff complains of defendants as debt collectors, and that one, or the other, or both acquired access to her consumer filed through a credit reporting agency, "Transunion," on September 13, 2012. She alleges neither defendant has any connection to a credit transaction involving plaintiff, and that Transunion was misled. Plaintiff complains that shortly thereafter, between September 18, 2012, and October 17, 2012, telephone calls repeatedly were placed in an effort to collect a debt by one, or the other, or both defendants, with reference to an individual other than plaintiff.

On October 22, 2012, it is alleged, she received mail to the same effect, which she disputed. More telephone calls followed, beginning October 30, 2012, again with reference to an individual identified as "Marhan S. Gibbons," up to and through November 19, 2012. Plaintiff also alleges that four or more telephone calls were placed to persons other than plaintiff for the purpose of acquiring location information about the consumer. She asserts numerous deficiencies in communication by defendants in an attempt to collect a debt.

On March 28, 2014, the clerk on motion allowed plaintiff's request for entry of default against defendant Global Credit and Collection Corporation. Plaintiff was noticed of her purported failure to serve defendant Global International within 120 days of filing of complaint. Plaintiff was allowed 14 days to show good cause for her failure to serve or the action would be dismissed as against this defendant.

On April 4, 2014, plaintiff sought an extension of time to affect service in tandem with the making of a motion for re-issuance of summons, against defendant Global International, which was allowed. Also on April 4, 2014, she again moved for default judgment against Global Credit and Collection Corporation. On May 8, 2014, proof of service was filed, wherein the server attests to

the making of service on defendant Global International (n/k/a Affinity Global) May 7, 2014, via registered mail. The summons and complaint were addressed to "Director, Manager or Officer," residing in Ontario, Canada. There appears no signed receipt. Plaintiff has filed a notice that defendants Global Credit and Collection Corporation and Global International now are merged into "Affinity Global," to which reference was made also by the process server.

While her motion for default judgment remained pending, on May 22, 2014, defendant Global Credit and Collection Corporation raised up and filed its motion to set aside entry of default. And the other, pending motions noted above variously followed. On June 4, 2014, defendant Global International's motion was filed. Then on June 12, 2014, plaintiff's first motion to strike was filed. Following that, her second one was filed June 27, 2014. And then, on July 1, 2014, plaintiff filed her motion for judicial notice, wherein she seeks the court to take note that defendant Global Credit and Collection Corporation's reply to her response to its motion to set aside entry of default was filed three days after a June 27, 2014, deadline, on June 30, 2014.

DISCUSSION

The court sets about peeling the onion of this case as follows. First, the clerk is directed to TERMINATE that motion lodged on the docket at entry number 12, as duplicative, where plaintiff more fully makes her request for default judgment in a separate motion lodged on the docket at entry number 16.

Next, plaintiff is in error regarding the deadline for filing a reply under the counting rule in effect. The deadline for the making of any reply was June 30, 2014, and on that date, one was made. As such, to the extent that motion for judicial notice, lodged on the docket at entry number 38, sounds as one to strike the reply as untimely, it must be and is DENIED.

3

As to the first motion to strike filed by plaintiff, lodged at entry number 31, wherein she complains that defendant's affiant, Deanna L. Sgro, general counsel to defendant Global Credit and Collection Corporation, offers testimony not based on personal knowledge and promotes facts not admissible in evidence, in support of defendant Global Credit and Collection Corporation's motion to set aside entry of default, plaintiff's protests ring hollow. The affiant testifies to procedures known to the attorney for service generally upon her employer, involving CT Corporation System, and to some breakdown in communication resulting in delayed notice to this defendant of plaintiff's complaint. It was not until May 7, 2014, that defendant Global Credit and Collection Corporation learned of the action, through the affiant, who retained counsel within 24 hours. Sgro also testifies to her review of internal documentation which appears to show no relationship with this plaintiff. There is no basis on which to strike this declaration offered in support of the motion to set aside entry of default. As such, that motion is DENIED.

It now is appropriate to turn to the underlying motion to set aside default, lodged on the docket at entry number 21. Rule 55(c) provides that "[t]he court may set aside entry of default for good cause..." The clear policy of the federal rules is to encourage disposition of claims on their merits. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.1969). Generally, good cause is shown when the movant acts with reasonable promptness to have the default set aside and alleges a meritorious defense. Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Co., 383 F.2d 249, 251 (1967). The Fourth Circuit has stated that all that is necessary to establish the existence of a meritorious defense is a proffer of evidence which, if believed, would permit the court to find for the defaulting party. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir.1988).

4

In this instance the court finds defendant acted with reasonable promptness to set aside the entry of default. Within 15 days of learning of the lawsuit, defendant Global Credit and Collection Corporation prepared its motion, affidavit and memorandum in support to set aside the default. This defendant has proffered evidence which, if believed, would permit a finding in its favor, too. Plaintiff will not be prejudiced or disadvantaged by the court setting aside the entry of default and allowing the case to proceed on its merits. For all these reasons, the good cause requirement in Rule 55(c) is satisfied. Accordingly, the motion lodged on the docket at entry number 21 is ALLOWED, and the clerk's entry of default against defendant Global Credit and Collection Corporation is SET ASIDE. This defendant now has 21 days within which to respond to the complaint. The motion for default judgment is DENIED as MOOT.

Plaintiff seeks to strike in that motion lodged on the docket at entry number 34, Sgro's affidavit offered in support of the motion to dismiss where Sgro testifies she is general counsel for defendant Global International as well, and that this defendant is not a separate entity, but, instead, an unregistered d/b/a of defendant Global Credit and Collection Corporation. Plaintiff asserts infirmities with this testimony, similar to those she promoted in the first filed motion to strike. And. for similar reasons, this motion to strike also must be and is DENIED.

However, as noted, plaintiff has suggested the two defendants now are merged. Sgro testifies that Global International is an assumed name of defendant Global Credit and Collection Corporation. Given the asserted relationship of these named parties, the court finds it appropriate to stay decision on the instant motion to dismiss pending response by defendant Global Credit and Collection Corporation to the complaint.

CONCLUSION

For reasons given the court:

1. DENIES as MOOT motion for default judgment[1] against defendant Global Credit and Collection Corporation (DE 16);

2. ALLOWS motion to set aside entry of default by Global Credit and Collection Corporation (DE 21);

3. HOLDS IN ABEYANCE motion to dismiss by defendant Global International (DE 28);

4. DENIES plaintiff's motion to strike declaration supporting motion to set aside default (DE 31);

5. DENIES plaintiff's motion to strike declaration supporting motion to dismiss (DE 34); and

6. DENIES her motion for judicial notice of facts (DE 38), sounding as a motion to strike reply as untimely.

SO ORDERED, this the 14th day of July, 2014.

LOUISE W. FLANAGAN
United States District Court Judge

---

[1] Also as noted herein, the clerk is directed to TERMINATE that motion lodged on the docket at entry number 12, in light of the court's address of plaintiff's request for default judgment in separate motion lodged on the docket at entry number 16.