**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CASE NO. 5:13-cv-00721-FL**

| | |
|---|---|
| **MARIAN SNOW,** )<br><br>)<br>**Plaintiff,** )<br><br>)<br>**v.** )<br><br>)<br>**GLOBAL CREDIT AND COLLECTION** )<br>**CORPORATION; and GLOBAL** )<br>**INTERNATIONAL,** )<br><br>)<br>**Defendants.** ) | **DEFENDANT GLOBAL CREDIT AND COLLECTION CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

    **COMES NOW** defendant Global Credit and Collection Corporation ("Global Credit"), by and through its undersigned counsel, appearing specially and specifically reserving its right to seek arbitration pursuant to 9 U.S.C. § 1 *et seq.*, and for its Answer to the complaint (DE 1) (the "Complaint") filed by plaintiff Marian Snow (the "Plaintiff"), hereby states as follows:

## NATURE OF ACTION

    1.    In response to Paragraph 1 of Plaintiff's Complaint, Global Credit admits that Plaintiff purports to allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"),[1] and the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-1 *et seq.* (the "NCCAA"),[2] but denies that it violated any law.

---

[1] In her Complaint, Plaintiff incorrectly identifies the TCPA as the Telephone Communications Protection Act.

[2] Plaintiff has referred to the NCCAA in her Complaint as the North Carolina Fair Debt Collection Practices Act.

## JURISDICTION AND VENUE

2. Paragraph 2 of Plaintiff's Complaint contains a legal conclusion to which no response is required from Global Credit. To the extent that a response is required, Global Credit admits that the statutes cited therein speak for themselves and denies all remaining allegations.

3. Global Credit admits that Global Credit transacts business in this district but denies that Global International, which is a non-registered d/b/a of Global Credit, used at times for marketing purposes abroad and primarily in connection with its offices in Ontario, Canada, transacts business in this district.[3] Global Credit states that it is without sufficient information to either admit or deny whether Plaintiff resides in this district, and further states that the remainder of Paragraph 3 of Plaintiff's Complaint contains a legal conclusion to which no response is required from Global Credit. To the extent that a response is required, Global Credit admits that the statutes cited therein speak for themselves and denies all remaining allegations.

4. Global credit admits that Plaintiff is seeking the damages stated but denies that it caused any damage to Plaintiff or that Plaintiff has suffered or is entitled to any damages and demands strict proof thereof.

---

[3] Though largely a moot issue given the numerous other reasons supporting the Motion to Dismiss Complaint (DE 28) filed by Global Credit's co-defendant, Global International, it is nevertheless worth noting that in her Memorandum in Response to Defendant Global International's Motion to Dismiss Complaint (DE 36) (Plaintiff's "Response in Opposition to Global International's Motion to Dismiss"), Plaintiff confuses Deanna L. Sgro's statement that the d/b/a "Global International" is "used at times for marketing purposes abroad" to signify the purpose of Global International's business (*see* Pl.'s Response in Opposition to Global International's Motion to Dismiss ¶¶ 54-56), rather than, as the statement was intended, to signify the rationale for Global Credit's use of the d/b/a "Global International" when conducting business abroad, i.e. "for marketing purposes."

## PARTIES

5.     Global Credit admits that Plaintiff is a natural person and individual, but is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same and demands strict proof thereof.

6.     Global Credit states that the allegations contained in Paragraph 6 of the Complaint are legal conclusions that do not require a response from Global Credit, but that to the extent that a response is required, Global Credit denies the allegations and demands strict proof thereof.

7.     Global Credit admits that it is a Delaware corporation and states that the remaining allegations contained in Paragraph 7 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations and demands strict proof thereof.

8.     Global Credit states that the allegations contained in Paragraph 8 of the Complaint are legal conclusions that are not directed at Global Credit and, therefore, do not require a response from Global Credit.  To the extent that a response is required given that Global International is a non-registered d/b/a of Global Credit, used at times for marketing purposes abroad and primarily in connection with its offices in Ontario, Canada, Global Credit denies the allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

## FACTUAL ALLEGATIONS

9.     Global Credit admits that Plaintiff is a natural person and individual, but is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same and demands strict proof thereof.

10.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same and demands strict proof thereof.

11.     Global Credit admits the allegations contained in Paragraph 11 of the Complaint that are directed at Global Credit.  Except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 11 and demands strict proof thereof.

12.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same and demands strict proof thereof.

13.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same and demands strict proof thereof.

14.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same and demands strict proof thereof.

15.     Global Credit states that the allegations contained in Paragraph 15 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 15 and demands strict proof thereof.

16.     Global Credit denies the allegations contained in Paragraph 16 and demands strict proof thereof.

17.     Global Credit denies the allegations contained in Paragraph 17 and demands strict proof thereof.

18.    Global Credit denies the allegations contained in Paragraph 18 and demands strict proof thereof.

19.    Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same and demands strict proof thereof.

20.    Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same and demands strict proof thereof.

21.    Global Credit denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22.    Global Credit denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23.    Global Credit denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24.    Global Credit denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25.    Global Credit states that it is without sufficient information to either admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same and demands strict proof thereof.

26.    Global Credit denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.    Global Credit admits that Global Credit's agent placed a telephone call on September 18, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing

so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same and demands strict proof thereof.

28. Global Credit denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29. Global Credit admits that Global Credit's agent placed a second telephone call on September 18, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same and demands strict proof thereof.

30. Global Credit denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Global Credit denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32. Global Credit states that Paragraph 32 of the Complaint does not contain any factual averments, but instead contains Plaintiff's speculative theories to which Global Credit is not required to respond. To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Global Credit denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Global Credit admits that Global Credit's agent placed a telephone call on September 24, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining

allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same and demands strict proof thereof.

35.     Global Credit denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36.     Global Credit admits that Global Credit's agent placed a telephone call on October 9, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 36 of the Complaint and, therefore, denies the same and demands strict proof thereof.

37.     Global Credit denies the allegations contained in Paragraph 37 of the Complaint and demands strict proof thereof.

38.     Global Credit denies the allegations contained in Paragraph 38 of the Complaint and demands strict proof thereof.

39.     Global Credit denies the allegations contained in Paragraph 39 of the Complaint and demands strict proof thereof.

40.     Global Credit denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41.     Global Credit denies the allegations contained in Paragraph 41 of the Complaint and demands strict proof thereof.

42.     Global Credit denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43.     Global Credit denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44.     Global Credit admits that Global Credit's agent placed a telephone call on October 17, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 44 of the Complaint and, therefore, denies the same and demands strict proof thereof.

45.     Global Credit admits that Global Credit's agent placed a telephone call on October 17, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 45 of the Complaint and, therefore, denies the same and demands strict proof thereof.

46.     Global Credit admits that Global Credit's agent placed a telephone call on October 17, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 46 of the Complaint and, therefore, denies the same and demands strict proof thereof.

47.     Global Credit admits that Global Credit's agent placed a telephone call on October 17, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 47 of the Complaint and, therefore, denies the same and demands strict proof thereof.

48.     Global Credit admits that Global Credit's agent placed a telephone call on October 17, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations

contained in Paragraph 48 of the Complaint and, therefore, denies the same and demands strict proof thereof.

49.     Global Credit denies the allegations contained in Paragraph 49 of the Complaint and demands strict proof thereof.

50.     Global Credit admits that Global Credit sent a letter to Plaintiff dated October 17, 2012, but denies that Global Credit violated any law by doing so.  Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 50 of the Complaint and, therefore, denies the same and demands strict proof thereof.

51.     Global Credit admits that the later dated October 17, 2012 and any documents or other material sent therewith speak for themselves.  Except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 51 and demands strict proof thereof.

52.     Global Credit admits that the later dated October 17, 2012 and any documents or other material sent therewith speak for themselves.  Except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 52 and demands strict proof thereof.

53.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 53 of the Complaint and, therefore, denies the same and demands strict proof thereof.

54.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 54 of the Complaint and, therefore, denies the same and demands strict proof thereof.

55.     Global Credit admits that Global Credit's agent placed a telephone call on October 30, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations

contained in Paragraph 55 of the Complaint and, therefore, denies the same and demands strict proof thereof.

56.     Global Credit admits that Global Credit's agent placed a telephone call on October 30, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 56 of the Complaint and, therefore, denies the same and demands strict proof thereof.

57.     Global Credit admits that Global Credit's agent placed a telephone call on October 30, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 57 of the Complaint and, therefore, denies the same and demands strict proof thereof.

58.     Global Credit admits that Global Credit's agent placed a telephone call on October 30, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 58 of the Complaint and, therefore, denies the same and demands strict proof thereof.

59.     Global Credit admits that Global Credit's agent placed a telephone call on October 30, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 59 of the Complaint and, therefore, denies the same and demands strict proof thereof.

60. Global Credit admits that Global Credit's agent placed a telephone call on November 6, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 60 of the Complaint and, therefore, denies the same and demands strict proof thereof.

61. Global Credit admits that Global Credit's agent placed a telephone call on November 6, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 61 of the Complaint and, therefore, denies the same and demands strict proof thereof.

62. Global Credit admits that Global Credit's agent placed a telephone call on November 6, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 62 of the Complaint and, therefore, denies the same and demands strict proof thereof.

63. Global Credit admits that Global Credit's agent placed a telephone call on November 6, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 63 of the Complaint and, therefore, denies the same and demands strict proof thereof.

64. Global Credit admits that Global Credit's agent placed a telephone call on November 6, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining

allegations contained in Paragraph 64 of the Complaint and, therefore, denies the same and demands strict proof thereof.

65. Global Credit denies the allegations contained in Paragraph 65 of the Complaint and demands strict proof thereof.

66. Global Credit denies the allegations contained in Paragraph 66 of the Complaint and demands strict proof thereof.

67. Global Credit admits that Global Credit's agent placed a telephone call on November 13, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 67 of the Complaint and, therefore, denies the same and demands strict proof thereof.

68. Global Credit admits that Global Credit's agent placed a telephone call on November 19, 2012 to (xxx) xxx-8462, but denies that Global Credit violated any law by doing so. Global Credit is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 68 of the Complaint and, therefore, denies the same and demands strict proof thereof.

69. Global Credit admits that Global Credit's agent placed a telephone call to (xxx) xxx-8462 on November 6, 2012, November 13, 2012, and November 19, 2012, but denies that Global Credit violated any law by doing so. Global Credit denies the remaining allegations contained in Paragraph 69 and demands strict proof thereof.

70. Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 70 of the Complaint and, therefore, denies the same and demands strict proof thereof.

71. Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 71 of the Complaint and, therefore, denies the same and demands strict proof thereof.

72. Global Credit admits the allegations contained in Paragraph 72 of the Complaint that are directed at Global Credit, but denies that Global Credit violated any law as a result of the actions alleged. Except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 72 and demands strict proof thereof.

73. Global Credit denies the allegations contained in Paragraph 73 of the Complaint and demands strict proof thereof.

74. Global Credit denies the allegations contained in Paragraph 74 of the Complaint and demands strict proof thereof.

75. Global Credit denies the allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof.

76. Global Credit denies the allegations contained in Paragraph 76 of the Complaint and demands strict proof thereof.

77. Global Credit denies the allegations contained in Paragraph 77 of the Complaint and demands strict proof thereof.

78. Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 78 of the Complaint and, therefore, denies the same and demands strict proof thereof.

79. Global Credit states that the allegations contained in Paragraph 79 of the Complaint are legal conclusions that do not require a response from Global Credit. To the extent that a response is required, Global Credit states that it is without sufficient information to either

admit or deny the allegations contained in Paragraph 79 of the Complaint and, therefore, denies the same and demands strict proof thereof.

80.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 80 of the Complaint and, therefore, denies the same and demands strict proof thereof.

81.     Global Credit denies the allegations contained in Paragraph 81 of the Complaint and demands strict proof thereof.

82.     Global Credit states that the averments contained in Paragraph 82 of the Complaint are unintelligible and incoherent and for that reason Global Credit is unable to answer them.  However, to the extent that Paragraph 82 contains averments of fact, Global Credit denies the allegations and demands strict proof thereof.

83.     Global Credit denies the allegations contained in Paragraph 83 of the Complaint and demands strict proof thereof.

84.     Global Credit states that the allegations contained in Paragraph 84 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 84 and demands strict proof thereof.

85.     Global Credit states that the allegations contained in Paragraph 85 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 85 and demands strict proof thereof.

86.     Global Credit admits the allegations contained in Paragraph 86 of the Complaint that are directed at Global Credit.

87.     Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 87 of the Complaint and, therefore, denies the same and demands strict proof thereof.

88.     Global Credit states that the allegations contained in Paragraph 88 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations and demands strict proof thereof.

89.     Global Credit admits the allegations contained in Paragraph 89 of the Complaint that are directed at Global Credit, but denies violating any law as a result of the actions alleged.

90.     Global Credit admits the allegations contained in Paragraph 90 of the Complaint that are directed at Global Credit, but denies violating any law as a result of the actions alleged.

91.     Global Credit states that the allegations contained in Paragraph 91 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 91 and demands strict proof thereof.

92.     Global Credit states that the allegations contained in Paragraph 92 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 92 and demands strict proof thereof.

93.     Global Credit admits that it maintains business records that show all calls made on an account.  Except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 93 of the Complaint and demands strict proof thereof.

94. Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 94 of the Complaint and, therefore, denies the same and demands strict proof thereof.

95. Global Credit denies the allegations contained in Paragraph 95 of the Complaint and demands strict proof thereof.

96. Global Credit denies the allegations contained in Paragraph 96 of the Complaint and demands strict proof thereof.

97. Global Credit denies the allegations contained in Paragraph 97 of the Complaint and demands strict proof thereof.

98. Global Credit denies the allegations contained in Paragraph 98 of the Complaint and demands strict proof thereof.

99. Global Credit is without sufficient information to either admit or deny the allegations contained in Paragraph 99 of the Complaint and, therefore, denies the same and demands strict proof thereof.

100. Global Credit admits that it maintains business records that show all calls made on an account. Except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 100 and demands strict proof thereof.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681

101. Global Credit reasserts its responses to the preceding Paragraphs as if fully set forth verbatim herein.

102. Global Credit states that the allegations contained in Paragraph 102 of the Complaint are legal conclusions that do not require a response from Global Credit. To the extent

that a response is required, Global Credit denies the allegations contained in Paragraph 102 and demands strict proof thereof.

103.    Global Credit states that the allegations contained in Paragraph 103 of the Complaint are legal conclusions that do not require a response from Global Credit.  To the extent that a response is required, Global Credit denies the allegations contained in Paragraph 103 and demands strict proof thereof.

104.    Global Credit admits that Plaintiff did not initiate a business transaction with Global Credit, and states that except as expressly admitted herein, Global Credit denies the allegations contained in Paragraph 104 and demands strict proof thereof.

105.    Global Credit denies the allegations contained in Paragraph 105 of the Complaint and demands strict proof thereof.

106.    Global Credit denies the allegations contained in Paragraph 106 of the Complaint and demands strict proof thereof.

107.    Global Credit denies the allegations contained in Paragraph 107 of the Complaint and demands strict proof thereof.

108.    Global Credit denies the allegations contained in Paragraph 108 of the Complaint and demands strict proof thereof.

In response to the paragraph beginning with "WHEREFORE," and appearing below Paragraph 108 of the Complaint, Global Credit denies that it committed any wrongful act or violated any law, denies that Plaintiff is entitled to relief and judgment in her favor, and denies that Plaintiff has suffered any injuries or damages, or that Plaintiff is entitled to direct, consequential, incidental, punitive, exemplary, treble, or statutory damages, to attorneys' fees, costs, or pre- and/or post-judgment interest, or to any other damages or relief whatsoever.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692

109.    Global Credit reasserts its responses to the preceding Paragraphs as if fully set forth verbatim herein.

110.    Global Credit denies the allegations contained in Paragraph 110 of the Complaint and demands strict proof thereof.

111.    Global Credit denies the allegations contained in Paragraph 111 of the Complaint and demands strict proof thereof.

112.    Global Credit denies the allegations contained in Paragraph 112 of the Complaint and demands strict proof thereof.

In response to the paragraph beginning with "WHEREFORE," and appearing below Paragraph 112 of the Complaint, Global Credit denies that it committed any wrongful act or violated any law, denies that Plaintiff is entitled to relief and judgment in her favor, and denies that Plaintiff has suffered any injuries or damages, or that Plaintiff is entitled to direct, consequential, incidental, punitive, exemplary, treble, or statutory damages, to attorneys' fees, costs, or pre- and/or post-judgment interest, or to any other damages or relief whatsoever.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227

113.    Global Credit reasserts its responses to the preceding Paragraphs as if fully set forth verbatim herein.

114.    Global Credit denies the allegations contained in Paragraph 114 of the Complaint and demands strict proof thereof.

In response to the paragraph beginning with "WHEREFORE," and appearing below Paragraph 114 of the Complaint, Global Credit denies that it committed any wrongful act or

violated any law, denies that Plaintiff is entitled to relief and judgment in her favor, and denies that Plaintiff has suffered any injuries or damages, or that Plaintiff is entitled to direct, consequential, incidental, punitive, exemplary, treble, or statutory damages, to attorneys' fees, costs, or pre- and/or post-judgment interest, or to any other damages or relief whatsoever.

**COUNT IV**
**VIOLATIONS OF N.C. Gen. Stat. § 58-70-110(1)**

115. Global Credit reasserts its responses to the preceding Paragraphs as if fully set forth verbatim herein.

116. Global Credit denies the allegations contained in Paragraph 116 of the Complaint and demands strict proof thereof.

In response to the paragraph beginning with "WHEREFORE," and appearing below Paragraph 116 of the Complaint, Global Credit denies that it committed any wrongful act or violated any law, denies that Plaintiff is entitled to relief and judgment in her favor, and denies that Plaintiff has suffered any injuries or damages, or that Plaintiff is entitled to direct, consequential, incidental, punitive, exemplary, treble, or statutory damages, to attorneys' fees, costs, or pre- and/or post-judgment interest, or to any other damages or relief whatsoever.

**COUNT V**
**VIOLATIONS OF N.C. Gen. Stat. § 58-70-105**

117. Global Credit reasserts its responses to the preceding Paragraphs as if fully set forth verbatim herein.

118. Global Credit denies the allegations contained in Paragraph 118 of the Complaint and demands strict proof thereof.

119. Global Credit denies the allegations contained in Paragraph 119 of the Complaint and demands strict proof thereof.

120.     Global Credit denies the allegations contained in Paragraph 120 of the Complaint and demands strict proof thereof.

In response to the paragraph beginning with "WHEREFORE," and appearing below Paragraph 120 of the Complaint, Global Credit denies that it committed any wrongful act or violated any law, denies that Plaintiff is entitled to relief and judgment in her favor, and denies that Plaintiff has suffered any injuries or damages, or that Plaintiff is entitled to direct, consequential, incidental, punitive, exemplary, treble, or statutory damages, to attorneys' fees, costs, or pre- and/or post-judgment interest, or to any other damages or relief whatsoever.

In response to the paragraph appearing below the paragraph beginning with "WHEREFORE," and appearing below the heading "DEMAND FOR JURY TRIAL," Global Credit admits that Plaintiff has requested a trial by jury, but denies that it committed any wrongful act or violated any law and therefore denies that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiff has entered into any arbitration agreement covering her claims against Global Credit, Plaintiff's claims against Global Credit are subject to arbitration.

### THIRD DEFENSE

To the extent that Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, they are time barred.

## FOURTH DEFENSE

The claims asserted by the Plaintiff against Global Credit are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including *res judicata*, collateral estoppel, and judicial estoppel), release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands.

## SIXTH DEFENSE

Plaintiff lacks standing.

## SEVENTH DEFENSE

Global Credit pleads privilege, justification, and/or immunity.

## EIGHTH DEFENSE

Plaintiff's Complaint should be dismissed for failure to join necessary and/or indispensable parties.

## NINTH DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Global Credit had no responsibility or control and for which Global Credit may not be held liable.

## TENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Global Credit denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Global Credit.

## ELEVENTH DEFENSE

At all times and under all circumstances relevant to the Complaint, Global Credit acted in good faith and without malice or intent to injure Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims fail to the extent that Claimant failed to mitigate her damages, if any, and/or failed to act with reasonable diligence.

## THIRTEENTH DEFENSE

Plaintiff's claims against Global Credit are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## FOURTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim under the TCPA because any alleged calls made by Global Credit were not made for the purpose of solicitation.

## FIFTEENTH DEFENSE

Global Credit did not willfully or knowingly contact Plaintiff on Plaintiff's phone regarding the subject account in violation of the TCPA.

## SIXTEENTH DEFENSE

Global Credit did not contact Plaintiff on Plaintiff's phone using an automatic telephone dialing system in violation of the TCPA.

### SEVENTEENTH DEFENSE

The imposition of statutory damages under the TCPA against Global Credit would violate the due process provisions of the United States Constitution and/or the North Carolina State Constitution, as well as provisions prohibiting excessive fines.

### EIGHTEENTH DEFENSE

Global Credit hereby incorporates all defenses available under the TCPA, including, but not limited to, that Plaintiff's claims are barred by Plaintiff's prior express consent to receive calls at the telephone number made the basis of the Complaint and by Plaintiff's prior business relationship with Global Credit.

### NINETEENTH DEFENSE

Global Credit hereby incorporates all defenses available under the FCRA, including that Plaintiff's claim under the FCRA fails because Global Credit had a permissible purpose to pull Plaintiff's consumer report.

### TWENTIETH DEFENSE

Any violation of law, which Global Credit denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-FIRST DEFENSE

Global Credit hereby incorporates all defenses available under the FDCPA, including, but not limited to, that Global Credit's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or an advisory opinion of the Bureau of Consumer Financial Protection.

## TWENTY-SECOND DEFENSE

Global Credit reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

This 4th day of August, 2014.

Respectfully submitted,

*William J. Long*
William J. Long IV (N.C. Bar No. 34845)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jlong@burr.com

Attorney for Defendant
GLOBAL CREDIT AND COLLECTION CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via U.S. First Class

Mail, on this the 4th day of August, 2014:

Marian Snow
103 Nostalgia Ln
Zebulon, North Carolina  27597

_William J. Long_

OF COUNSEL