IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION
Case No. 5:13-cv-00721-FL

MARIAN SNOW,

        Plaintiff

v.

GLOBAL CREDIT & COLLECTION CORPORATION

        Defendant.

**RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 20, 2014 via telephone conference call with the following parties participating:

- Marian Snow, Plaintiff; and
- William J. Long, Attorney for Defendant.

2. **Initial Disclosures**. The parties will exchange Rule 26(a)(1) initial disclosures by September 3, 2014.

3. **Discussion of Nature and Complexity of Case**.

    a. <u>Basis for the Court's subject matter jurisdiction</u>: The parties do not dispute that the Court has subject matter jurisdiction over this action.

    b. <u>Most important key factual issues and legal issues that are believed to be involved in the case</u>: The parties believe that the most important key factual and legal issues involved in this case include, but are not limited to: (1) whether Plaintiff can establish a claim against Defendant under the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

21532618 v3

(the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-1 *et seq.* (the "NCCAA"); and, if so (2) whether Defendant can establish any of its defenses to such claims.

    c.    <u>Breakdown of damages sought</u>:

        1)    Damages Sought by Plaintiff: $87,500.00 (as detailed in Docket Entry 16, along with all exhibits).

        2)    Damages Sought by Defendant: Defendant has not asserted any claim for damages in this action, but reserves the right to do so at a later date in the event that the facts established via discovery and the course of litigation indicate and support such damages. Defendant denies that Plaintiff is entitled to any damages.

4.    **Discovery Plan**. The parties propose to the Court the following discovery plan:

    a.    <u>Scope of Discovery</u>: Discovery will be needed with respect to the facts related to the claims asserted and the defenses raised in the parties' pleadings.

    b.    <u>Commencement and Completion of Discovery</u>: The proposed deadline for the completion of all discovery (general and expert) is March 20, 2015. All discovery shall be commenced in time to be completed by March 20, 2015.

    c.    <u>Interrogatories</u>: The parties propose a maximum of 25 interrogatories by each party to any other party, with each sub-part of an interrogatory constituting a separate interrogatory. Responses to interrogatories shall be due within thirty (30) days after service thereof, unless another deadline is mutually agreed upon by the parties.

d. <u>Requests for Admission</u>: Responses to requests for admission shall be due within thirty (30) days after service thereof, unless another deadline is mutually agreed upon by the parties.

e. <u>Depositions</u>:

1) There shall be a maximum of five (5) depositions by each party.

2) Unless the parties agree, no deposition may be taken if the deponent and the parties are not served with notice at least twenty (20) days before the deposition.

3) Nothing in this order prevents a party from objecting to a deposition and seeking a protective order under Rule 26(c)(1), including a claim that the deposition is unreasonable, burdensome, treads on privileged communications or documents, or the testimony of the witness requested to be deposed would be the same or duplicative of other witnesses or a claim that a high-level corporate official does not have unique or superior personal knowledge.

4) Absent mutual agreement between the parties, depositions shall be limited to seven (7) hours (time actually on the record) in duration for each individual deponent.

f. <u>Disclosures of Retained Experts and Expert Reports</u>: Reports from retained experts under Rule 26(a)(2) are due as follows:

1) Plaintiff: November 14, 2014

2) Defendant: December 15, 2014

g. <u>Amendments to the Pleadings</u>: Any motion under Rule 15(a)(1) to amend a pleading or add a party shall be made on or before November 21, 2014.

h. <u>Admissions of Facts and Documents</u>: The parties have not agreed at this time to any admissions of facts or documents. However, the parties will continue to attempt to discuss these issues as discovery progresses and will provide notice to the Court of any proposals that arise out of these discussions.

i. <u>Supplementations under Rule 26(e)</u>: Supplementations under Rule 26(e) are due as required by the Federal Rules of Civil Procedure.

5. **Other Items**:

a. <u>Electronically Stored Information</u>:

1) The parties may be requested to disclose or produce information from electronic or computer based media, but the parties believe that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

2) If the data is identified by the parties as not reasonably accessible because of undue burden or cost, the parties shall be allowed under Rule (26)(b)(2)(B) to file a motion to compel discovery or for a protective order.

3) The format and media of the data disclosed or produced must be in a form that is reasonably accessible and usable or the parties must translate it into a reasonably accessible and usable form.

4) Reasonable measures have been taken by the parties to preserve potentially discoverable data (as described above) from alteration or destruction in the ordinary course of business or otherwise.

4

5) Electronic documents shall be produced in .pdf format where available and recordings shall be produced in native formats on readable CD or DVD.

6) There are currently no problems that the parties anticipate may arise in connection with electronic or computer based discovery.

b. <u>Dispositive Motions</u>: Dispositive motions from both parties shall be due no later than thirty (30) days after the deadline for the completion of all discovery.

c. <u>Alternative Dispute Resolution</u>: Pursuant to Local Alternative Dispute Resolution Rule 101.1a(b), this case is not subject to mandatory mediation. The parties do not wish to participate in alternative dispute resolution, but have begun discussions of possible settlement and will promptly notify the Court of any settlement is reached in the case.

d. <u>Pre-Trial Disclosures</u>: The parties agree that Rule 26(a)(3) pre-trial disclosures, including witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists, shall be made not later than twenty-eight (28) days before the pretrial conference. The parties agree that objections to Rule 26(a)(3) pre-trial disclosures, shall be made not later than twenty-one (21) days before the pretrial conference.

e. <u>Consent to Jurisdiction by a United States Magistrate Judge</u>: Do the parties agree that a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c) (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Rule 73.1? No.

f. <u>Scheduling of Fed. R. Civ. P. 16(b) conference</u>: Do the parties request that a Rule 16(b) conference be scheduled in the case, prior to entry by the Court of its

5

21532618 v3

Case 5:13-cv-00721-FL   Document 49   Filed 09/03/14   Page 5 of 7

case management order? No.

g. <u>New parties</u>: Any party making an appearance after this order has been entered shall be required to confer with opposing counsel and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 21 days after the party's appearance. Such party shall be bound by the terms of this order unless the party moves for and obtains amendment of this order by the Court.

h. <u>Pretrial Conference</u>: The parties agree that a final pretrial conference shall be scheduled in accordance with Local Civil Rule 16.1(a).

i. <u>Trial</u>: The parties believe the case will be resolved at summary judgment. However, if the case is ultimately tried, the parties suggest a scheduled trial date of July 20, 2015. Trial of the action is expected to take approximately 2 days. A jury trial has been demanded.

Respectfully submitted, this the 3rd day of September, 2014.

    *s/ Marian Snow*
Marian Snow
907 Timberlake Dr. NW
Wilson, NC 27893
872-588-9170
msnow20@gmail.com
**Plaintiff**

    *s/ William J. Long*
William J. Long IV
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jlong@burr.com
**Attorney for Defendant**

6

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, and I further hereby certify that I have mailed the foregoing documents via U.S. Mail, postage prepaid, to the following non CM/ECF participant(s):

Marian Snow
907 Timberlake Dr. NW
Wilson, North Carolina  27893

*s/ William J. Long*
OF COUNSEL