IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:13-CV-721-FL

| | |
|---|---|
| MARIAN SNOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE MANAGEMENT |
| ) | ORDER |
| GLOBAL CREDIT & COLLECTION ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on August 20, 2014, with plaintiff appearing *pro se* and defendant appearing through counsel William J. Long. After reviewing the parties' join report and plan filed September 3, 2014, and considering the issues raised, the court orders the following:

**I. Discovery**

A. The parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

B. Discovery will be necessary on the subjects referenced in the parties' joint report and plan.

C. All discovery shall be commenced or served in time to be completed by **March 20, 2015**.

D. No party shall serve more than twenty-five (25) interrogatories, including all discrete subparts, to any other party. Responses are due thirty (30) days after service of those interrogatories.

E. No party shall serve more than twenty-five (25) requests for admissions to any other party. Responses are due thirty (30) days after service of those requests for admissions.

F. There shall be no more than five depositions by plaintiff and five by defendant.

G. Each deposition shall be limited to seven hours, unless otherwise agreed by the parties.

H. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff **November 14, 2014**, and by defendant by **December 15, 2014**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within fourteen (14) days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, the parties shall confer or make a reasonable effort to confer before filing any motion based on those objections.

I. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **February 6, 2015**. The

supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put the opposing party in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel and pro se litigants should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See FED. R. CIV. P. 37(c)(1).

J. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See FED. R. CIV. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

K. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a

3

protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

1. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

2. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e)

4

whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. A proposed protective order also shall include the following language: "When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'"

4. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

5. The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at

http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

L.  If a party identifies Electronically Stored Information ("ESI") as not reasonably accessible because of undue burden or cost, the parties shall be allowed under Federal Rule of Civil Procedure 26(b)(2)(B) to file a motion to compel discovery or a motion for a protective order. The format and media of the data disclosed or produced must be in a form that is reasonably accessible and usable or the parties must translate it into a reasonably accessible and usable form. Electronic documents shall be produced in .pdf format where available, and recordings shall be produced in native formats on readable CD or DVD.

## II. Motions

A.  Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B.  Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **November 21, 2014**.

C.  All potentially dispositive motions shall be filed by **April 20, 2015**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

E. Any motion to compel discovery shall be filed and served **within thirty (30) days** of the act or omission in discovery complained of, unless the time for filing such a motion is extended for good cause shown. Such motions ordinarily will be referred to a magistrate judge for ruling.

F. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. A settlement procedure is required in virtually every case, to be conducted before the final pretrial conference.

B. After consideration of issues bearing on ADR, the court dispenses with requirement for resort to any ADR procedure in this case.

C. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

### IV. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 5th day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge