IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:13-cv-00721-FL

| MARIAN SNOW, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT GLOBAL CREDIT AND |
| v. | ) | COLLECTION CORPORATION'S |
| | ) | RESPONSE IN OPPOSITION TO |
| GLOBAL CREDIT AND COLLECTION CORPORATION, | ) | PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| | ) | |
| Defendant. | ) | |

Defendant Global Credit and Collection Corporation ("Global"), by and through its undersigned counsel, hereby submits its Response in Opposition to Plaintiff Marian Snow's ("Plaintiff") Motion to Strike Affirmative Defenses (Plaintiff's "Motion to Strike") (DE 47). In support of its Response, Global respectfully states as follows:

## I. INTRODUCTION

In Plaintiff's Memorandum in Support of her Motion to Strike (hereinafter Plaintiff's "Brief") (DE 48), Plaintiff asks the Court to strike thirteen of the twenty-two affirmative defenses set forth in Global's Answer and Affirmative Defenses to Plaintiff's Complaint (Global's "Answer") (DE 43). Specifically, Plaintiff requests that the Court strike affirmative defenses 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, and 18. (*See* Pl.'s Brief at 1). As shown below, none of Plaintiff's arguments for striking these defenses have merit. Instead, for three primary reasons, Plaintiff's Motion to Strike should be denied in its entirety.

*First*, for the vast majority of Global's defenses, Plaintiff's Motion to Strike asserts only that the defenses fail to satisfy the pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S.

662 (2009). Because this Court has rightly concluded that the *Twombly/Iqbal* plausibility standard does not apply to affirmative defenses, Plaintiff's Motion to Strike these defenses should be denied. **Second**, for the few defenses that Plaintiff contends should be stricken for some reason other than the *Twombly/Iqbal* pleading standard, Plaintiff's Motion should also be denied because each of these defenses are clearly pleaded in general terms, provide plaintiff fair notice of the affirmative defense, and are not clearly invalid as a matter of law. **Third and finally**, Plaintiff's Motion to Strike should also be denied because Plaintiff has failed to demonstrate the type of prejudicial harm that a moving party must show to merit striking an affirmative defense under Rule 12(f) of the Federal Rules of Civil Procedure.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.  Legal Standard

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation omitted). As a result, motions to strike must be "strictly considered," and courts must "'view the pleading under attack in a light most favorable to the pleader.'" *Coach, Inc. v. Sun Super Market, Inc.*, No. 5:13-cv-679, 2014 WL 545948, at *2 (E.D.N.C. Feb. 10, 2014) (Flanagan, J.) (citing *Godfredson v. JBC Legal Grp.*, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005), and quoting *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010)). Thus, while courts "'possess[] considerable discretion in disposing of a Rule 12(f) motion to strike,'" such motions are "'often . . . denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party.'"

*See Godfredson*, 387 F. Supp. 2d at 547-58 (citation omitted); *see also E.E.O.C. v. Bo-Cherry, Inc.*, No. 3:13-cv-210, 2013 WL 2317724, at *1 (W.D.N.C. May 28, 2013) (reiterating that "[a] motion to strike places a 'sizable burden on the movant,'" and that "[a] pleading should only be stricken when the pleading bears no relationship to the controversy." (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953))). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt.*, 252 F.3d at 347 (internal citations omitted); *see also Coach, Inc.*, 2014 WL 545948, at *2 ("'A defense is insufficient if it is clearly invalid as a matter of law.'" (quoting *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984))).

### B. The *Twombly/Iqbal* pleading standard does not apply to affirmative defenses.

In support of her Motion to Strike, Plaintiff first argues that under the pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "defendants asserting affirmative defenses . . . must allege enough facts to state defenses that are plausible on their faces," and therefore contends that because Global's affirmative defenses do not "provide proper notice" under the *Twombly/Iqbal* standard, the Court should strike them. (*See* Pl.'s Brief at 3-8). While Plaintiff is correct that some courts[1] have applied the *Twombly/Iqbal* pleading standard to affirmative defenses, this Court has rightly held in at least two opinions this year that the plausibility

---

[1] While Plaintiff alleges that these courts represent the "majority," (*see* Pl.'s Brief at 5), several district courts have recently explained that such characterization is no longer accurate. *See, e.g., U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. 13-cv-2041, 2014 WL 294219, at *10 (N.D. Iowa Jan. 27, 2014) ("At first, the majority of district courts extended the pleading standard articulated in *Twombly* and *Iqbal* to affirmative defenses, but this is now the minority position."); *see also Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119, 122 (D. Mass. 2012) (same).

standard applies only to "claims for relief," not affirmative defenses. *See Coach, Inc.*, 2014 WL 545948, at *2-3; *Aguilar-Gamas v. Scott Farms, Inc.*, No. 5:13-cv-447, 2014 U.S. Dist. LEXIS 20928, at *8-9 (E.D.N.C. Jan. 6, 2014) (Flanagan, J.). The Court should do so again here.

In declining to apply the *Twombly/Iqbal* standard to affirmative defenses, the Court first correctly recognized a textual distinction between the standard under the Federal Rules for pleading a claim for relief under Rule 8(a)(2) and the standard for pleading defenses and affirmative defense under Rules 8(b) and 8(c):

| | |
|---|---|
| **CLAIMS FOR RELIEF UNDER RULE 8(a)(2)** | "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim ***showing*** that the pleader is entitled to relief . . . ." |
| **DEFENSES UNDER RULE 8(b)(1)(A)** | "In responding to a pleading, a party must: . . . ***state*** in short and plain terms its defenses to each claim asserted against it . . . ." |
| **AFFIRMATIVE DEFENSES UNDER RULE 8(c)(1)** | "In responding to a pleading, a party must affirmatively ***state*** any avoidance or affirmative defense . . . ." |

Unlike Fed. R. Civ. P. 8(a)(2), which requires a "showing" that the pleader is entitled to relief, Rules 8(b)(1)(A) and 8(c)(1) require only that a party "state" the party's defenses and affirmative defenses. *See Aguilar-Gamas*, 2014 U.S. Dist. LEXIS 20928, at *7-8; *see also Tomason v. Stanley*, 297 F.R.D. 541, 544 (S.D. Ga. 2014) ("The starting point for deciding whether the *Twombly* standard applies to defenses is the text of Rule 8 . . . [under which] claims for relief must be *shown* by a short and plain statement; defenses must be *stated* in short and plain terms; and affirmative defenses must be affirmatively *stated*. Three linguistically different requirements exist for three different assertions parties make in their pleadings."). To hold claims for relief to a different pleading standard than affirmative defenses therefore makes sense, as "the language of Rule 8(a)(2) on the one hand, and Rules 8(b) and 8(c) on the other, ***reflects distinct requirements*** imposed on plaintiffs and defendants." *See Aguilar-Gamas*, 2014 U.S.

Dist. LEXIS 20928, at *8 (emphasis added); *see also E.E.O.C. v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("The rule of interpretation of *expressio unius est exclusio alterius* applies with force in this case. If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief' in the subsections governing answers and affirmative defenses. That Rules 8(b) and 8(c) contain no such language should end a court's inquiry.") (citation omitted).[2]

In addition, while Plaintiff cites to "considerations of fairness and common sense" and "litigation efficiency" as grounds for applying the *Twombly/Iqbal* standard to affirmative defenses, (*see* Pl.'s Brief at 5-7), such policy considerations actually support just the opposite, as this Court again recognized in *Aguilar-Gamas*. In particular, the Court noted that "a plaintiff has more time to develop factual support for their complaint than a defendant preparing their answer," *Aguilar-Gamas*, 2014 U.S. Dist. LEXIS 20928, at *8, and so as one district court recently explained, "it would be unreasonable to expect defendants to be aware of all the necessary facts or even to know for sure whether a particular affirmative defense is applicable, given that discovery has not yet occurred and the fact that defendants may waive affirmative defenses that are not plead," *Moore v. City of Tulsa*, No. 4:14-cv-152, 2014 WL 4064041, at *3

---

[2] Such an interpretation also comports with the Supreme Court's actual opinions in *Twombly* and *Iqbal*, in which the Court interpreted Rule 8(a)(2), not Rules 8(b) and 8(c). Indeed, in applying the plausibility standard to a "claim for relief," the Court specifically noted that Rule 8(a)(2) required a "showing" of an entitlement relief, thus recognizing that to make a "showing" requires more than providing only a statement or "blanket assertion." *See Twombly*, 550 U.S. at 556 n.3 (holding that Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests"); *see also Iqbal*, 556 U.S. at 679 (recognizing that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'") (citation omitted); *see also Aguilar-Gamas*, 2014 U.S. Dist. LEXIS 20928, at *7-8.

(N.D. Okla. Aug. 15, 2014) (citing *Wanamaker v. Albrecht*, No. 95-8061, 1996 WL 582738, at *5 (10th Cir. Oct. 10, 1996)).

Similarly, any "litigation efficiency" gained through applying the *Twombly/Iqbal* standard to affirmative defenses would likely be offset by the increased number of motions — both by plaintiffs seeking to strike the defenses they contend do not satisfy the heightened standard, *see Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011) (recognizing that "requiring more detailed defensive pleading will inevitably lead plaintiffs to file more motions to strike"), and by defendants seeking to amend their answer to plead new defenses identified during discovery, *see Aguilar-Gamas*, 2014 U.S. Dist. LEXIS 20928, at *9; *see also Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 594-95 (D. Md. 2013) (observing that "concerns about judicial efficiency" are "overstated" because the extent to which the pleading of boilerpoint affirmative defenses portends to subject parties to added discovery is presumptively unclear" given that "[t]he discovery rules are written broadly" and allow "'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense,'" and also because "parties can always seek a protective order in response to onerous discovery requests") (citations omitted).[3] Simply put, the policy considerations that Plaintiff cites in support of applying the *Twombly/Iqbal* pleading standard to affirmative defenses actually favor just the opposite and, in any event, do not justify disregarding the plain language of Rule 8. As

---

[3] In declining to extend the *Twombly/Iqbal* standard to defenses, the court in *Lockheed Martin Corp. v. United States* also reiterated the varying impact of a complaint versus an affirmative defense. *See* 973 F. Supp. 2d at 595 ("[B]y filing the complaint, the plaintiff invokes the jurisdiction of the federal courts in the first instance. The primary function of imposing a pleading standard on a plaintiff in the first instance is to ensure that largely groundless claims are not made to take up the time of a number of other people. On the other hand, affirmative defenses do not invoke the jurisdiction of the court and, at least technically, do not expose plaintiffs to liability. Therefore, judicial economy and equity depend on screening complaints more than they do on screening affirmative defenses.") (citations and quotation marks omitted).

such, the Court should follow its prior decisions in *Aguilar-Gamas* and *Coach, Inc.* and again refuse to extend the *Twombly/Iqbal* standard to Global's affirmative defenses.

C. **The Court should not strike Global's affirmative defenses.**

As noted above, Plaintiff contends that the Court should strike thirteen of Global's affirmative defenses — namely 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, and 18 — because, according to Plaintiff, such defenses are "insufficient and/or immaterial." (Pl.'s Brief at 10). However, because none of these defenses are "clearly invalid as a matter of law," *see Coach, Inc.*, 2014 WL 545948, at *2, Plaintiff's Motion should be denied.

1. **For most of Global's affirmative defenses, Plaintiff's Motion should be denied because the *Twombly/Iqbal* standard does not apply.**

At the outset, for the vast majority of Global's defenses — specifically 1, 2, 3, 5, 6, 7, 8, 9, 10, 12, and 13 — the only legal basis that Plaintiff sets forth in her Motion for striking the defenses is her incorrect assertion that they are "insufficient under *Twombly* and *Iqbal*." (*See* Pl.'s Brief at 10-11, 13-15). Indeed, Plaintiff repeats substantially the same stale argument over and over again: "This defense is insufficient under *Twombly* and *Iqbal*," the defense is "legally insufficient and conclusory," or it is "insufficient under *Twombly*" because it asserts "bare legal conclusions." (*See id.*). As discussed above, however, *see supra* Part II.B, the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses, and thus Plaintiff's sole basis for moving to strike these defenses fails as a matter of law.

Notably, the Court encountered this very scenario in *Aguilar-Gamas*, where for nine of the defendants' twelve affirmative defenses at issue,[4] the plaintiffs relied solely on the

---

[4] Although the plaintiffs had initially moved to strike fifteen of the defendants' twenty-three defenses, only twelve remained at issue after the parties had fully briefed the plaintiffs' motion to strike, several of which, including the first, seventh, and eleventh, are almost identical to Global's defenses — namely 1, 5, and 6. *See* Answer at 11-12, *Aguilar-Gamas*, No. 5:13-cv-447 (filed Sept. 30, 2013), ECF No. 29. The defendants' sixth, eighth, and ninth affirmative defenses

*Twombly/Iqbal* pleading standard in requesting that the Court strike the defenses, arguing (much like Plaintiff does here) that the defenses "fail[] to allege anything 'more than labels and conclusions.'" *See* Pl.'s Memorandum in Support of Motion to Strike at 14, *Aguilar-Gamas*, No. 5:13-cv-447 (filed Oct. 21, 2013), ECF No. 32. This Court rejected the argument and denied the plaintiffs' motion to strike as to each and every one of the nine defenses, suggesting instead, it appears, that the plaintiffs could "easily explore such defenses through interrogatories." *See Aguilar-Gamas*, 2014 U.S. Dist. LEXIS 20928, at *9 (citing *Tyco Fire Prods.*, 777 F. Supp. 2d at 901). Numerous other courts have done the same. *See, e.g.*, *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10-cv-1218, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011) ("Here, at this early stage of litigation, there is no serious risk of ambush from a lack of factual detail supporting Defendant's affirmative defenses. Plaintiff can more fully explore such factual detail through such tools as contention interrogatories, under Federal Rule of Civil Procedure 33." (citing *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 260 (M.D.N.C. 2010)));[5] *see also Narbona v. Micron Precision LLC*, No. 3:14-cv-60, 2014 WL 1875038, at *4 (W.D.N.C. May 9, 2014) ("The Fourth Circuit has held that 'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice' of the affirmative defense.") (citations omitted). As a result, because Plaintiff's Motion to Strike Global's affirmative defense numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 12, and 13 is based solely on the incorrect assumption that the *Twombly/Iqbal* pleading standard applies, Plaintiff's Motion to strike these defenses should be denied.

---

in *Aguilar-Gamas* similarly correspond to Global's third and fifth defenses; however, the plaintiffs did not move to strike them.

[5] *See also Paducah River Painting, Inc. v. McNational Inc.*, 5:11-cv-135, 2011 WL 5525938, at *4 (W.D. Ky. Nov. 14, 2011) (finding that although defense did "not contain a detailed factual record, such information is not necessary at this stage in the litigation," and that plaintiff could instead "explore" facts underlying the defense "through the architecture of pretrial discovery").

21645861 v2

8

Case 5:13-cv-00721-FL   Document 51   Filed 09/16/14   Page 8 of 18

### 2. Global's first defense serves as a specific denial.

Global's first affirmative defense plainly states that "Plaintiff's Complaint fails to state a claim upon which relief can be granted," (*see* Global's Answer at 20), which Plaintiff moves to strike because, according to Plaintiff, the defense is "insufficient under *Twombly* and *Iqbal*, as it merely recites the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of any actual deficiencies in the Complaint," (*see* Pl.'s Brief at 10). Although Plaintiff's Motion to Strike Global's first defense should be denied based solely on Plaintiff's improper reliance upon the *Twombly/Iqbal* standard, Plaintiff's Motion should also be denied because under Rule 12, "the failure to state a claim upon which relief can be granted" represents a defense that may be asserted in a responsive pleading or a motion. *See* Fed. R. Civ. P. 12(b). Thus, even where courts have found that this defense is not an "affirmative defense," rather than strike the defense, they have held that the "proper remedy" is to view it "as a specific denial." *See Tomason*, 297 F.R.D. at 546 ("Other courts in similar situations have acknowledged that while failure to state a claim is not an affirmative defense, it may serve as a specific denial. Therefore, the Court **DENIES** the Motion to Strike the First Defense but views that defense as a denial."); *Ahamad v. Maxim Healthcare Servs., Inc.*, No. 5:13-cv-338, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (declining to strike defense that "Plaintiff has 'failed to state a claim upon which relief can be granted,'" because where "disputed defenses amount to denials of Plaintiff's claim . . . [t]he proper remedy is not to strike these defenses, but to treat them as denials"). Accordingly, Plaintiff's Motion to Strike Global's first defense should be denied.

### 3. It is premature to strike Global's third defense regarding arbitration.

While Plaintiff again moves to strike Plaintiff's second defense, which states that "[t]o the extent that Plaintiff has entered into any arbitration agreement covering her claims against Global Credit, Plaintiff's claims against Global Credit are subject to arbitration," based on the

inapplicable *Twombly/Iqbal* pleading standard, Plaintiff also contends that because "there was not a business relationship" between Global and Plaintiff, "an express, unequivocal agreement could not exist between Plaintiff and Global" that would require Plaintiff to arbitrate her claims. (*See* Pl.'s Brief at 10-11). However, Plaintiff neglects to recognize that arbitration agreements are often enforceable by assignees to the debt at issue, which many arbitration provisions specifically contemplate, as well as by nonsignatories to the arbitration agreement itself. *E.g.*, *Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 627 (4th Cir. 2006) ("It is well-established . . . that a nonsignatory to an arbitration clause may, in certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate.").

Given the Motion to Compel Arbitration and to Stay Action filed by defendant Citibank, N.A. against Plaintiff in another case before the Court, *see Snow v. Citibank, N.A.*, No. 5:14-cv-59-FL (E.D.N.C. Mar. 28, 2014), ECF No. 10 — which, it seems, may relate to the same underlying debt at issue here (*see* Pl.'s Memo. in Response to Global's Motion to Set Aside Entry of Default (DE 33) at Exs. D & F) — Global's second affirmative defense is clearly not "invalid as a matter of law," *see Coach, Inc.*, 2014 WL 545948, at *2, nor can Plaintiff genuinely claim to not have "fair notice" of the defense, as Global specifically referenced Citibank, N.A.'s Motion to Compel Arbitration in Global's Reply in Support of Motion to Set Aside Entry of Default (DE 37). Striking Global's second affirmative defense at this stage of the litigation would therefore be premature, and for that reason Plaintiff's Motion to Strike the defense should again be denied.

### 4. The Court should not strike Global's fourth defense concerning potential bankruptcy proceedings prior to discovery.

For Global's fourth affirmative defense,[6] Global asserts that "[t]he claims asserted by the Plaintiff against Global Credit are barred by any bankruptcy case filed by Plaintiff." (Global's Answer at 21). In support of her Motion to Strike, Plaintiff claims that because she "has never filed a bankruptcy, Global's assertions are totally unfounded and a frivolous attempt at not only wasting the Court's valuable time and resources, but also a calculated strategy to waste Plaintiff's limited discovery components." (Pl.'s Brief at 12). While it may well be true that Plaintiff has not previously filed for bankruptcy (as she now alleges), her unverified assertion made for the first time in a motion filed after Global submitted its Answer is certainly not grounds for striking the defense. Apparently, Plaintiff would prefer to simply forgo discovery altogether and have the Court issue a judgment in her favor now, based on her word alone.

---

[6] Global has not included specific subsections herein regarding affirmative defenses 3, 6, 7, 9, 10, 12, and 13, but only because Plaintiff has not asserted any legal or factual basis argument for striking such defenses beyond her contention that they fail to satisfy the *Twombly/Iqbal* pleading standard, which Global has addressed above. By doing so, however, Global does not in any way intend to imply that additional grounds for denying Plaintiff's Motion do not exist. For example, Global's third defense states that "[t]o the extent that Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, they are time barred." (*See* Global's Answer at 20). This defense clearly may apply to Plaintiff's Fair Debt Collection Practices Act claims, as Plaintiff's Complaint specifically alleges conduct occurring more than one year before Plaintiff filed the Complaint. *See* 15 U.S.C. § 1692k(d) (providing one-year statute of limitations); *see also Sampaio v. I.C. Sys., Inc.*, No. 1:09-cv-21689, 2009 WL 8731170, at *1 (S.D. Fla. Nov. 6, 2009) ("Any communications made outside the 'statutorily permitted time period' of one year are time-barred and may not be considered by the court."); *see also, e.g., Warren v. Tri Tech Labs., Inc.*, No. 6:12-cv-46, 2013 WL 2111669, at *7 (W.D. Va. May 15, 2013) (denying motion to strike where plaintiff alleged lack of fair notice in part because "Plaintiff's claimed incomprehension of the basis of Defendant's affirmative defenses ignores the allegations of his own complaint"). Similarly, Global's seventh defense states that "Global pleads privilege, justification, and/or immunity," which likewise may apply here to multiple of Plaintiff's claims, including those under the Fair Credit Reporting Act. *See Robinson v. TSYS Total Debt Mgmt., Inc.*, 447 F. Supp. 2d 502, 512 (D. Md. 2006) ("[C]ollection is a permissible purpose for obtaining a consumer report under the FCRA."). Simply put, additional grounds for denying Plaintiff's Motion exist, which Global will provide if requested.

Nevertheless, Global's fourth defense is a valid defense as a matter of law, *see, e.g.*, *Evans v. Allied Air Enters., Inc.*, No. 5:10-cv-2029, 2012 WL 2572266, at *2 (D.S.C. July 2, 2012), and provides proper notice under Rule 8, *see Aguilar-Gamas*, 2014 U.S. Dist. LEXIS 20928, at *7-9. As such, Plaintiff's post hoc plea of "not true" is insufficient to strike it.

> 5. **Global's fifth affirmative defense asserting estoppel, release, and other equitable defenses is not invalid as a matter of law.**

Although Plaintiff again argues only that Global's fifth defense, which states that "Plaintiff's claims are barred by the doctrines of waiver, estoppel . . . release, consent, ratification, acquiescence, novation, accord and satisfaction, and/or unclean hands," (Global's Answer at 21), fails to provide adequate notice to Plaintiff and should be stricken, numerous courts in more recent decisions have found otherwise, *see Lopez*, 2011 WL 98573, at *1-2 (denying motion to strike affirmative defenses pled in the defendants' answer); *Jackson v. City of Centreville*, 269 F.R.D. 661, 662-63 (N.D. Ala. 2010) ("Defendants argue that the affirmative defenses in their answer sufficiently notify Plaintiffs. This Court agrees. . . . [E]ach affirmative defense lists, at minimum, legal theories contained in FRCP 8(c)(1): 'Defendant pleads the defenses of waiver, res judicata, estoppel, judicial estoppel, collateral estoppel, and ratification.' . . . These defenses, nonetheless, apprise Plaintiffs of what Defendants will argue . . . . Thus, no basis exists to grant Plaintiffs' motion to strike.") (citations omitted), some noting specifically that many of these defenses are expressly listed in Rule 8(c), *e.g.*, *Traincroft, Inc. v. Ins. Co. of Pa.*, No. 14-cv-10551, 2014 WL 2865907, at *3 & n.3-4 (D. Mass. June 23, 2014). In fact, while Plaintiff wrongly represents to the Court that *Young v. LVNV Funding, LLC* supports striking the defense, (*see* Pl.'s Brief at 14), in truth, this case supports just the opposite, *see Young v. LVNV Funding, LLC*, 4:12-cv-1180, 2013 U.S. Dist. LEXIS 9396, at *3 (E.D. Mo. Jan. 24, 2013)

("[T]he Court concludes that none of LVNV's affirmative defenses should be stricken."). For these reasons, Plaintiff's Motion to Strike Global's fifth affirmative defense should be denied.[7]

### 6. The Court should not strike Global's eighth defense regarding the failure to join necessary and/or indispensable parties.

Global's eighth defense notifies Plaintiff of Global's intent to determine whether "Plaintiff's Complaint should be dismissed for failure to join necessary and/or indispensable parties." (Global's Answer at 21). In support of her Motion to Strike, Plaintiff improperly limits this defense by interpreting it to refer to Global International. (*See* Pl.'s Brief at 14-15). To the contrary, because Plaintiff's Complaint is based almost entirely upon unanswered calls that Plaintiff alleges Global made to her phone number, Global's eighth defense simply raises the potentially applicable defense that Plaintiff has failed to join one or more necessary and/or indispensable parties to the suit. For instance, even assuming, *arguendo*, that Plaintiff is the subscriber of the telephone number at issue and the calls violated the TCPA, it remains that Plaintiff may not be the "regular user and carrier of the phone," *see Manno v. Healthcare Revenue Recovery Grp.*, LLC, 289 F.R.D. 674, 682 (S.D. Fla. 2013), or may have only "actually received" a fraction of the calls allegedly made, *cf. Mais v. Gulf Coast Collection Bur., Inc.*, 944 F. Supp. 2d 1226, 1245-46 (S.D. Fla. 2013), which in either case raises the issue of whether some other party should be joined to ensure that Global is not subjected to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. On the other hand, Global may not have even placed some or all of the calls alleged in the Complaint, which — considering the

---

[7] While Plaintiff also argues — albeit in connection with Global's fourth defense — that Global's equitable defenses such as estoppel should be stricken because "Plaintiff herein has requested no equitable relief under the statutes in her complaint so equitable defenses are legally insufficient," (*see* Pl.'s Brief at 12-13), Plaintiff's Complaint clearly reveals otherwise, (*see* Complaint (DE 1) ¶¶ 108, 112, 114, 116, 120 (requesting relief such as "Enjoining Defendant from placing any further telephone calls to Plaintiff" and "such other and further relief as the Court may deem just and proper")).

number of civil complaints in the Eastern District of North Carolina that Plaintiff has recently filed against entities attempting to collect a debt from Plaintiff, *see Snow v. Brock & Scott PLLC*, No. 7:14-cv-28-D (E.D.N.C. filed Feb. 5, 2014); *Snow v. Citibank, N.A.*, No. 5:14-cv-59-FL (E.D.N.C. filed Feb. 3, 2014); *Snow v. Discover Fin. Servs. (Inc.)*, No. 5:14-cv-25-D (E.D.N.C. filed Jan. 20, 2014); *Snow v. Wells Fargo Bank, N.A.*, No. 7:14-cv-2-BR (E.D.N.C. filed Jan. 3, 2014); *Gibbons v. GC Servs. LLC*, No. 5:13-cv-84-BO (E.D.N.C. filed Feb. 4, 2013) — is clearly not an issue that has no potential relevance. Plaintiff's Motion to Strike Global's eighth affirmative defense should therefore be denied.

**7. Global's eighteenth affirmative defense concerning prior express consent is specifically recognized under the TCPA.**

The Court should also deny Plaintiff's Motion to Strike Global's eighteenth affirmative defense, which pleads in part that "Plaintiff's claims are barred by Plaintiff's prior express consent to receive calls at the telephone number made the basis of the Complaint." (Global's Answer at 23). Apart from citing to *Palmer v. Oakland Farms, Inc.* (wherein the court applied the *Twombly/Iqbal* pleading standard to defenses) for the proposition that Global's eighteenth defense does not "allege enough facts to state a defense that is plausible on its face," which the Court should again reject for the reasons stated above, Plaintiff argues only that Global's eighteenth defense should be stricken because "no business relationship between Global and Plaintiff existed." (*See* Pl.'s Brief at 16). Plaintiff's argument is irrelevant.

Under the TCPA, no direct business relationship between Global and Plaintiff is necessary for Global to establish prior express consent to call Plaintiff's cell phone. Instead, a number of federal courts have recognized that an assignee of a debt, such as Global here, is insulated from TCPA liability if it had a "good-faith" belief, based upon the records of the original creditor, that the borrower had provided consent to be called on his or her cell phone.

*See Chyba v. First Fin. Asset Mgmt., Inc.*, No. 3:12-cv-1721, 2014 WL 1744136, at *11-12 (S.D. Cal. Apr. 30, 2014) (granting debt collector's motion for summary judgment on TCPA claim because although fact question existed as to whether plaintiff actually consented to the creditor's calls on her cell phone, the creditor still provided the number to debt collector and, thus, debt collector was "not liable for acting in good faith upon the information provided to it"); *see also Cavero v. Franklin Collection Servs., Inc.*, No. 1:11-cv-22630, 2012 WL 279448, at *3 (S.D. Fla. Jan. 31, 2012) (holding that because debtor provided cell number to creditor, debtor also provided express consent to be contacted at the number by collection agency seeking to collect debt on behalf of creditor).[8]

Simply put, Global's eighteenth affirmative defense clearly provides Plaintiff "fair notice" of the defense, the applicability of which can be further developed during discovery. Because that is all Rule 8 requires, *see Narbona*, 2014 WL 1875038, at *4 ("The Fourth Circuit has held that 'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice' of the affirmative defense.") (citations omitted), Plaintiff's Motion to Strike should be denied.

### D. Plaintiff's conclusory allegations of prejudice should be rejected.

Lastly, Plaintiff's Motion to Strike should also be denied because while Plaintiff correctly recognizes that under Rule 12(f), "the moving party must making a showing of prejudice," (*see* Pl.'s Brief at 9), Plaintiff has failed to carry this "sizable burden" here. *See, e.g., Cupid v. Eckerd Youth Alternatives*, No. 5:11-cv-16, 2012 WL 1149295, at *1 (W.D.N.C. Apr. 5, 2012) (reiterating that "'[a] motion to strike places a sizable burden on the movant,'" that such motions

---

[8] *See also Molnar v. NCO Fin. Sys., Inc.*, No. 3:13-cv-131, 2014 WL 3371414, at *2 (S.D. Cal. July 8, 2014) ("Pursuant to binding precedent from the FCC, third party collectors are not liable under the TCPA if the consumer provided the relevant creditor with prior express consent for the call.") (citing to additional cases).

"'are viewed with disfavor and are granted only for egregious violations,'" and that, "'before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial'") (citations omitted). Rather, Plaintiff alleges only that unless the Court strikes Global's affirmative defenses, she "will have to expend a considerable amount of her valuable and limited discovery requests and time," may potentially need to seek a deposition of Global's corporate representative, and will be "prejudiced." (*See* Pl.'s Brief at 16-17).

As numerous federal courts have recognized, vague allegations of prejudice relating to the generalized to conduct additional discovery on affirmative defenses (like those asserted here) are "overstated" and "unconvincing," and do not demonstrate the type of prejudicial harm that a moving party must show to satisfy Rule 12(f). *See, e.g.*, *Lockheed Martin Corp.*, 973 F. Supp. 2d at 596 (explaining that while plaintiff alleges that the court's failure to strike the defendant's affirmative defenses "would prejudice it," the plaintiff "'has identified no prejudice that would result from the Court's consideration of [the affirmative defenses], except perhaps the prejudice that litigants faced with meritorious [affirmative defenses] invariably incur,'" and for that reason "the Court denies Plaintiff's Motion to Strike") (citations omitted). Indeed, a district court in Maryland recently rejected similar allegations of prejudice, explaining as follows:

> Sprint seeks to strike the defendants' various affirmative defenses from their answers, arguing that it would be prejudiced by having to expend discovery resources confronting defenses that it alleges are conclusory or meritless. This argument is unconvincing. To the extent that any of the allegedly defective defenses that have been pled, such as collateral estoppel or statute of limitations, have no basis, there will be nothing for Sprint to discover or litigate. If the defendants can adduce evidence supporting these defenses, and fully articulate them, granting the motion to strike and permitting the defendants time to amend their answer to more thoroughly explain the basis of each defense, if there is any, will only delay the inevitable litigation of the merits. Otherwise, if no valid basis exists for any of the defenses, as Sprint argues, then the pled defenses will have little impact on the litigation going forward. Accordingly, the court is not persuaded by Sprint's allegations of prejudice, and its motions to strike the affirmative defenses of . . . defendants will be denied.

*Sprint Nextel Corp. v. Simple Cell, Inc.*, No. 1:13-cv-617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013). Thus, because Plaintiff has not and cannot demonstrate how Global's affirmative defenses will prejudice her in this case, her Motion to Strike the defenses should be denied.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, Global respectfully requests that the Court deny Plaintiff's Motion to Strike Affirmative Defenses of Global Credit & Collection Corporation. In the alternative, if the Court concludes that any of Global's challenged affirmative defenses fail to provide Plaintiff with "fair notice" of the defense, rather than strike the affirmative defense, Global requests that the Court provide it with an opportunity to amend its Answer and provide additional facts as the Court deems necessary.

This 16th day of September, 2014.

Respectfully submitted,

 *s/ William J. Long*
William J. Long IV (N.C. Bar No. 34845)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
jlong@burr.com

Attorney for Defendant
GLOBAL CREDIT AND COLLECTION CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document via U.S. First Class Mail, on this the 16th day of September, 2014:

Marian Snow
907 Timberlake Dr. NW
Wilson, North Carolina  27893

*s/ William J. Long*
OF COUNSEL