IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-721-FL

| | |
|---|---|
| MARIAN SNOW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL CREDIT AND COLLECTION )<br>CORPORATION, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before the court on plaintiff's motion to strike affirmative defenses, filed pursuant to Federal Rule of Civil Procedure 12(f) (DE 47). Defendant responded, and the deadline for plaintiff's reply has expired. In this posture, the matter is ripe for review. For the reasons that follow, the court denies the motion.

## BACKGROUND

The court refers to and incorporates the case history provided in previous orders. Pertinent to the instant motion, *pro se* plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1601 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; and the North Carolina Fair Debt Collections Practices Act ("NCFDCPA"), N.C. Gen. Stat. § 58-70 *et seq.* The claims relate to a series of events occurring from September to November of 2012, in which defendant allegedly acquired access to plaintiff's consumer file through a credit reporting agency, and subsequently made phone calls to plaintiff's telephone number and sent mail to plaintiff's address

to collect on an alleged debt. Plaintiff originally brought suit against defendant and another entity, Global International.

On March 28, 2014, the clerk of court granted plaintiff's motion for entry of default as to defendant. However, on July 14, 2014, the court issued order addressing a number of motions in the case, in the process granting defendant's motion to set aside default and denying plaintiff's motion for default judgement. The court held in abeyance a motion to dismiss filed by Global International, pending defendant's response to the complaint.

Defendant filed answer on August 4, 2014, admitting that its agent placed telephone calls on certain dates but otherwise largely denying allegations. Defendant also raised twenty-two (22) affirmative defenses. One week later, the court issued a text order granting the motion to dismiss, where on the face of the pleadings it appeared uncontested that Global International is an assumed name of defendant. Plaintiff filed the instant motion to strike on August 26, 2014.

## DISCUSSION

A.  Standard of Review

A district court may, on motion of a party or on its own initiative, strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient if it is clearly invalid as a matter of law." Spell v. McDaniel, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation omitted). Therefore, motions to strike are strictly considered, see Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005), and the court is

required to "view the pleading under attack in a light most favorable to the pleader." Racick v. Dominion Law Assocs., 270 F.R.D. 228, 232 (E.D.N.C. 2010). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Waste Mgmt., 252 F.3d at 347 (internal quotation omitted).

B.   Analysis

Plaintiff requests that the court strike defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth and Eighteenth Defenses. The motion asserts that defendant's answer fails to plead sufficient information to constitute fair notice of these affirmative defenses, arguing that the pleading standard set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) should equally apply to affirmative defenses. In addition, plaintiff asserts certain grounds specific to several of these defenses in support of its motion to strike.

1.   Applicability of Twombly and Iqbal to Affirmative Defenses

The Fourth Circuit has not addressed the issue of whether the Twombly/Iqbal standard applies to affirmative defenses. Earlier this year, however, this court rejected arguments nearly-identical to plaintiff's argument. Coach, Inc. v. Sun Super Market, Inc., No. 5:13-CV-679, 2014 WL 545948 (E.D.N.C. Feb. 10, 2014); Aguilar–Gamas v. Scott Farms, Inc., No. 5:13–CV–447–FL, U.S. Dist. LEXIS 20928 (E.D.N.C. Jan. 6, 2014). The court adheres to the reasoning set forth earlier, that this standard does not apply in this instance.

Federal Rules of Civil Procedure 8(b) and 8(c) govern defenses and affirmative defenses, and require only that a party "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A) and "affirmatively state any avoidance or affirmative defense," Fed.

3

R. Civ. P. 8(c)(1). This language differs markedly from the language of Rule 8(a)(2), which requires "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (emphasis added); see also E.E.O.C. v. Joe Ryan Enters., Inc., 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitlement to relief' in the subsections governing answers and affirmative defenses.") (brackets omitted). The distinction sensibly reflects the differing situations of plaintiffs and defendants, in that plaintiffs have more time to develop factual support for their contentions, and defendants are not responsible for "unlocking the doors of discovery" as are plaintiffs. See Aguilar-Gamas 2014 U.S. Dist. LEXIS 20928, at *8 (quoting F.T.C. v. Hope Now Modifications, LLC, CIV. 09-1204 JBS/JS, 2011 U.S. Dist. LEXIS 24657, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011)). The court therefore declines to apply the Twombly/Iqbal standard here.

In reviewing the affirmative defenses, the court is satisfied that they sufficiently comport with the Rule 8(b) and 8(c) requirements. Additional factual allegations at this stage are not necessary. This finding resolves plaintiff's challenges to the First, Third, Seventh, Ninth, Tenth, Twelfth, and Thirteenth Defenses, as the sole ground for those challenges was the argument that they were based on insufficient allegations. However, plaintiff also raises additional arguments against several defenses as a matter of law, which the court will address below.

2. Second Defense: Claims Subject to Arbitration

Defendant's Second Defense states that, "[t]o the extent that Plaintiff has entered into any arbitration agreement covering her claims against [defendant], Plaintiff's claims against [defendant] are subject to arbitration." (Ans., at 20). Plaintiff asserts that defendant's admission that she "did

4

R. Civ. P. 8(c)(1). This language differs markedly from the language of Rule 8(a)(2), which requires "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (emphasis added); see also E.E.O.C. v. Joe Ryan Enters., Inc., 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitlement to relief' in the subsections governing answers and affirmative defenses.") (brackets omitted). The distinction sensibly reflects the differing situations of plaintiffs and defendants, in that plaintiffs have more time to develop factual support for their contentions, and defendants are not responsible for "unlocking the doors of discovery" as are plaintiffs. See Aguilar-Gamas 2014 U.S. Dist. LEXIS 20928, at *8 (quoting F.T.C. v. Hope Now Modifications, LLC, CIV. 09-1204 JBS/JS, 2011 U.S. Dist. LEXIS 24657, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011)). The court therefore declines to apply the Twombly/Iqbal standard here.

In reviewing the affirmative defenses, the court is satisfied that they sufficiently comport with the Rule 8(b) and 8(c) requirements. Additional factual allegations at this stage are not necessary. This finding resolves plaintiff's challenges to the First, Third, Seventh, Ninth, Tenth, Twelfth, and Thirteenth Defenses, as the sole ground for those challenges was the argument that they were based on insufficient allegations. However, plaintiff also raises additional arguments against several defenses as a matter of law, which the court will address below.

2. Second Defense: Claims Subject to Arbitration

Defendant's Second Defense states that, "[t]o the extent that Plaintiff has entered into any arbitration agreement covering her claims against [defendant], Plaintiff's claims against [defendant] are subject to arbitration." (Ans., at 20). Plaintiff asserts that defendant's admission that she "did

not initiate a business transaction with [defendant]" precludes assertion of such a defense. (Pl.'s Memo. In Supp., at 11) (citing Ans., ¶ 104). Yet the fact that plaintiff did not *initiate* a business relationship with defendant does not necessarily mean no business relationship existed. Moreover, "a nonsignatory to an arbitration clause may, in certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate." Am. Bankers Ins. Group v. Long, 453 F.3d 623, 627 (4th Cir. 2006). At this time, the court cannot hold this defense to be "clearly invalid." Spell, 591 F. Supp. at 1112.

        3.       Fourth Defense: Bankruptcy, Doctrines of *Res Judicata*, Judicial Estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, Waiver, Equitable Estoppel, Unclean Hands, and Release

Defendant's Fourth Defense asserts that plaintiff's claims "are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release." (Ans. at 21). Plaintiff argues that defendant cannot assert its Fourth Defense because plaintiff has never filed for bankruptcy. Whether or not plaintiff has filed for bankruptcy is a matter that can be developed in discovery. This mere allegation, made in a supporting memorandum without any accompanying affidavit, is insufficient ground for striking the defense.

Plaintiff also argues that none of defendant's equitable defenses can be asserted because plaintiff's claim is not for equitable relief. In general, equitable defenses do not necessarily require that the plaintiff seeks such equitable relief. See Weinberger v. Tucker, 510 F.3d 486, 490-91 (4th Cir. 2007) (applying collateral estoppel to claims for professional negligence, fraud, and breach of fiduciary duty, no mention of equitable relief); Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996)

5

(applying judicial estoppel in civil rights case under §§ 1983 and 1985); Powell v. City of Newton, 364 N.C. 562, 569 (2010) (in discussing judicial estoppel, failing to require a suit in equity to apply the doctrine); Estate of Means *ex rel* Means v. Scott Elec. Co. Inc., 207 N.C. App. 713, (2010) (analyzing judicial estoppel and collateral estoppel in action for wrongful death, negligence, gross negligence, willful and wanton negligence, negligent infliction of emotional distress, and piercing the corporate veil).

Moreover, plaintiff does in fact seek relief including "[e]njoining Defendant from placing any further telephone calls to Plaintiff . . . ." (Compl. ¶ 114(b)). This is equitable relief, to which equitable defenses may be raised. See Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp., No. 13-CV-14376, 2014 WL 4715532, at *4 (E.D. Mich. Sept. 22, 2014) (denying motion to strike unclean hands defense to TCPA action where plaintiff sought injunctive relief).

 4. Fifth Defense: Doctrines of Waiver, Estoppel (including *Res Judicata*, Collateral Estoppel, and Judicial Estoppel), Release, Consent, Ratification, Acquiescence, Novation, Accord and Satisfaction, and/or Unclean Hands

Plaintiff argues that waiver, unclean hands and release were previously raised in the Fourth Defense, and cannot be raised again in the Fifth Defense. However, in the Fourth Defense these theories were raised specifically with reference to "any bankruptcy case filed by plaintiff." (Ans. at 21). Here, they are raised as a general matter. The defense is not redundant.

 5. Sixth Defense: Lack of Standing

Similar to above, plaintiff also argues that the defense of "lack of standing" is redundant because it was raised in defendant's Fourth Defense. Again, in that defense the theory was raised in connection with "any bankruptcy case," and in the Sixth Defense it is raised as a general matter. The defense is not redundant.

5. Eighth Defense: Failure to Join Necessary and/or Indispensable Parties

Plaintiff argues that defendant's Eighth Defense must be stricken because Global International has been dismissed from the case. Federal Rule of Civil Procedure 19 provides that a person must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Defendant argues that plaintiff may not be the regular user and carrier of the phone number at issue, or may have only received some of the phone calls, and that as a result the disposition of this action may subject defendant to double, multiple or otherwise inconsistent obligations. Defendant also notes that it may not have placed all of the phone calls alleged. Based on this argument, the court does not find the defense "clearly invalid as a matter of law." Spell, 591 F. Supp. at 1112. The motion to strike is denied as to this defense as well.

5. Eighteenth Defense: Prior express consent to receive calls and by Plaintiff's prior business relationship

In its Eighteenth Defense, defendant argues that "Plaintiff's claims are barred by Plaintiff's prior express consent to receive calls at the telephone number made the basis of the Complaint and by Plaintiff's prior business relationship with [defendant]." (Ans. at 23). The defense suggests at least two separate affirmative defenses: prior express consent and a prior business relationship. Some courts, including within this circuit, have held that certain communications between parties with an "established business relationship" are exempted from the TCPA. See, e.g., Meadows v. Franklin

7

Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. Feb. 11, 2011); Jordan v. Nationstar Mortg. LLC, No. 14-CV-787-WHO, 2014 WL 5359000, at *12 (N.D. Cal. Oct. 20, 2014); Lee v. Wells Fargo Home Mortg., No. 3:13-CV-34, 2013 WL 6561783, at *4 (W.D. Va. Dec. 13, 2013).[1]

Prior consent is a defense to a claim under the TCPA. 47 U.S.C. 227(b)(1)(A)(iii); see also Penn v. NRA Group, LLC, No. JKB-13-0785, 2014 WL 2986787, at *1-4 (D. Md. July 1, 2014). In 2008, the Federal Communications Commission concluded that "the provision of a cell phone number to a creditor, *e.g.* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." Penn, 2014 WL 2986787, at *1 (citing Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991:Request of ACA International for Clarification and Declaratory Ruling, Declaratory Ruling, 23 FCC Rcd. 559, 564 ¶ 9 (2008)). Some courts have also held that an individual who provides a phone number to a creditor grants prior express consent to receive calls at that number from debt collectors. See, e.g., Penn, 2014 WL 2986787, at *4; Chavez v. Advantage Group, 959 F. Supp. 2d 1279, 1282 (D. Colo. 2013).

Plaintiff argues that defendant cannot assert its Eighteenth Defense because defendant admitted that plaintiff did not *initiate* a business transaction with defendant. However as explained above, this does not necessarily mean that no business relationship existed. Nor, according to the case law provided above, would it necessarily mean that the express consent defense is not available. The defense is not "clearly invalid." Spell, 591 F. Supp. at 1112.

---

[1] As plaintiff does not challenge the legal validity of the "prior business relationship" defense in itself, the court does not take a position on the availability of that defense here. The case law is provided simply for purposes of explaining the manner in which some courts have described the defense.

The court is satisfied that defendants' answer sufficiently comports with Rules 8(b) and 8(c), and that the defenses asserted are not clearly invalid. Accordingly, plaintiff's motion to strike is denied.

## CONCLUSION

For the reasons given, plaintiffs' motion to strike (DE 47) is DENIED.

SO ORDERED, this the 6th day of November, 2014.

                LOUISE W. FLANAGAN
                United States District Judge