# Exhibit A-14



Marian Snow <msnow20@gmail.com>

---

**Snow v. Global CC 5:13-cv-00721-FL**

---

**Marian Snow** <msnow20@gmail.com>      Tue, Apr 21, 2015 at 3:20 PM
To: "Alltmont, Michael" <malltmont@sessions-law.biz>, td@doughtonrichlaw.com

Mr. Alltmont:

A response was required from you within 10 days of my April 8, 2015 letter and service to your client of the following discovery notices:

- Notice of 30(b)(6) Deposition
- Notice of Rule 34 Request for Inspection
- Notice of Deposition of Global CC Employee: Michael Tamm
- Notice of Deposition of Global CC Employee: Michelle Cote
- Notice of Deposition of Global CC Employee: Natasha Brooks
- Notice of Deposition of Global CC Employee: Rehan Qureshi

As the said 10 days have now passed and I have received no response regarding your client's physical location preferences for the upcoming 30(b)(6) depositions and individual employee depositions, time has forced me to proceed with selecting a location for same. Therefore, I have booked the following for in-person discovery location facilities for May 11, 2015 and May 12, 2015:

This is formal notice to your client that the depositions, noticed on April 8 2015, will be held on May 11, 2015 and May 12, 2015 in Toronto, Ontario at the offices of:

    Victory Verbatim Reporting Services
    222 Bay Street, Ernst & Young Tower, Suite 1710
    Toronto, ON M5K 1H6

This location is less than 18 miles from the address of your client's headquarters, where the Rule 34 Inspection will be conducted on the morning of May 12, 2015, which will be at:

    1490 Denison St.
    Markham, ON L3R 9T7.

Please refer to the notices, served upon your client, via both email and postal service, on April 8, 2015, for the specific times of day for each deposition.

I look forward to meeting you on May 11th in Toronto.

Regards,
Marian Snow

[Quoted text hidden]
--
**Marian Snow**
872-588-9170

1 of 1      5/12/15 10:19 PM

Case 5:13-cv-00721-FL Document 70-14 Filed 05/18/15 Page 2 of 3



## Today's phone call - Snow v Global Credit & Collection 5:13-cv-00721-FL

**Marian Snow** &lt;msnow20@gmail.com&gt;      Tue, Apr 28, 2015 at 6:17 PM
To: "Alltmont, Michael" &lt;malltmont@sessions-law.biz&gt;

This message is to recap our conversation of April 28, 2015.

I called your office to get an update on the change of date, and possible venue, for the upcoming depositions of your client, Global Credit & Collection (AKA Affinity Global).

Depositions, including 4 individual depositions and a 30(b)(6) deposition, are currently scheduled to be held in Toronto, CA on May 11th and May 12th. Additionally, there will be a Rule 34 inspection of Global's call center on May 12th.

You had recommended that, if we could solidify dates for the inspection and depositions, we could request that the Court extend our discovery dates by just enough to sucessfully finalize this discovery.

You and your associate, Mr. Shartle, had previously told me that you would not only check your own calendars, but also confirm with your client the locations of the 4 individuals and a possible change of dates for my scheduled discovery. As you had not gotten back to me on those date changes, I wished to solidify so that this discovery could be completed before our upcoming deadline of May 20th.

I reminded you that your client had not personally responded to any portion of my discovery in this case to date. They never signed any interrogatory responses, even though I had granted you an extension to respond to them. All responses to those discovery requests (other than a single printout of call activity from only one of your clients call centers) were boilerplate objections from you, which I reminded you, are frowned upon the the 4th circuit, and which essentially, amount to a waiver of objection for lack of specificity.

I also reminded you that no responses had been received on either of my first and second sets of Requests for Admissions causing them to be admitted by default. Additionally, all my 2nd and 3rd Interrogatories and Requests for Production have received no response, causing waivear of all ability to register objections to same. My next filing will be a **Motion to Compel** responses to all Interrogatories and Requests for Production.

I informed you that, as this case currently stands, the discovery response from your client has been a total non-response, including defaulted Admisisons, which has resulted in an excellent basis for my **Motion for Summary Judgment.**

And finally, you spoke of possible settlement, in an attempt to bring this case toward a conclusion without the expense of the upcoming depositions in Canada. You stated that your client might be willing to move their last settlement offer of $5,000 to $10,000. I had responded that, again, I would be willing to make the largest move and cut my last offer by 50%, bringing down to $55,000 my offer to dismiss all claims against your client.

Therefore, we currently stand at a $45,000 gap in our positions, but be advised... my offer will be withdrawn once the further expense of deposition and travel to Canada has been incurred.

We left the conversation with your promise of discussing 1) the solidifying of dates and location for the depositions and 2) a possible acceptable settlement figure from your client.

Thank you for your time today,

--
**Marian Snow**
872-588-9170