UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MARIAN SNOW,<br><br>        Plaintiff(s),<br>v.<br><br>GLOBAL CREDIT & COLLECTION CORPORATION,<br><br>        Defendant(s). | Civil Action No. 5:13-cv-721-FL |

### CONSOLIDATED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND RESPONSE TO PLAINTIFF'S MOTION TO QUASH

### I. INTRODUCTION

Plaintiff, Marian Snow, failed to attend her deposition noticed for May 20, 2015. Specifically, plaintiff walked into the lobby of the building where the deposition was to occur fifteen minutes prior to the start of her deposition, advised she would not attend, and left. This Court should compel plaintiff's appearance at her deposition and charge plaintiff with travel costs associated with the unattended deposition, as well as costs and fees associated with the filing of this motion.

### II. BACKGROUND

On April 8, 2015, plaintiff issued a deposition notice for Global Credit and Collection Corporation ("GCC") per Fed. R. Civ. P. 30(b)(6). The parties agreed to move the GCC deposition and other depositions, *including plaintiff's deposition*, to May

1

27 and 28. On May 14, 2015, plaintiff unilaterally advised she had no intention of proceeding with any depositions. On May 18, 2015, having expected to depose plaintiff on the new dates, GCC was forced to make last minute arrangements to take plaintiff's deposition prior to the May 20 discovery deadline. On May 18, 2015, GCC issued a Notice of Deposition to proceed on May 20, 2015, in Tuscaloosa, Alabama, where plaintiff advised she was staying for an extended period. On May 19, 2015, during a telephone call with undersigned, plaintiff advised she was travelling from Tuscaloosa to visit her mother-in-law who is very ill. Undersigned offered to continue the deposition in light of plaintiff's circumstances. Plaintiff refused.

Following the call, plaintiff sent an email advising she would be filing a motion to quash her deposition. Undersigned responded to the email, suggesting a call to the magistrate judge. Plaintiff did not respond to the email.

Accordingly, with no response from plaintiff, undersigned drove from New Orleans to Tuscaloosa (approximately 300 miles each way), incurring travel costs. Based upon plaintiff's representations, GCC understood plaintiff would participate in the deposition. Instead, as noted, at 9:45 A.M. in the lobby of the building where the deposition was to be held, plaintiff arrived, handed undersigned a copy of the Rule 26(f) proposed discovery plan, and advised she did not have to attend her deposition and she was leaving. Undersigned suggested a call to the magistrate judge. Plaintiff refused and walked out. Apparently, plaintiff believes she was not required to appear for her deposition because the deposition was allegedly not noticed at least 20 days in advance. Plaintiff is incorrect for at least 2 reasons.

First, the "20 day notice" provision plaintiff is relying upon from the proposed discovery plan was **_not_** adopted into the Case Management Order. *See* Docket No. 50.

Second, and most importantly, plaintiff had had at least 20 days notice of GCC's intent to depose her, as proven by undersigned's May 5 email confirming the May 27 and 28 dates were clear for the rescheduled depositions, including the deposition of plaintiff. *See* Alltmont Statement, at ¶ 3.

### III. LAW AND ARGUMENT

Fed. R. Civ. P. 37(d)(1)(A)(i) provides that the court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Such sanctions may consist of orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), or the court may require the party that failed to attend his deposition "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "[T]he imposition of discovery sanctions is generally within the sound discretion of the trial court." *RE/MAX, LLC v. M.L. Jones & Associates, Ltd.*, 2014 WL 5460609, *1 (E.D. N.C. 2014); *Billips v. N.C. Benco Steel, Inc.,* 2011 WL 344161, *5 (W.D. N.C. 2011). Here, plaintiff refused to attend her deposition. Plaintiff's refusal was both unwarranted and surprising in that she confirmed she would attend.

### IV. CONCLUSION

GCC asks this Court TO compel plaintiff's appearance at her deposition and charge plaintiff with travel costs associated with the unattended deposition, as well as costs and fees associated with the filing of this motion.

3

<pre>
                    /s/ Michael D. Alltmont
                    Michael D. Alltmont, Esq.
                    LA Bar No. 32318
                    SESSIONS FISHMAN NATHAN & ISRAEL, LLC
                    3850 N. Causeway Blvd., Suite 200
                    Metairie, Louisiana 70002
                    Telephone: (504) 828-3700
                    Facsimile: (504) 828-3737
                    E-mail: malltmont@sessions-law.biz

                    Tommy Doughton, Esq
                    NC State Bar No.
                    DOUGHTON RICH BLANCATO PLLC
                    633 West Fourth Street, Suite 150
                    Winston-Salem, NC 27101
                    Telephone: (336) 725-9416
                    Facsimile: (336) 725-5129
                    td@doughtonrichlaw.com

                    *Attorneys for Defendant,*
                    *Global Credit and Collection Corporation*
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** with the Clerk of Court using the CM/ECF system, and I hereby certify that I have placed the document in U.S. Mail, First Class, prepaid, to the following participants:

Marian Snow
907 Timberlake Drive NW
Wilson, NC 27893
Marian Snow <msnow20@gmail.com>
(872) 588-9170
*Plaintiff*

This the 22nd day of May, 2015.

<pre>
                    /s/ Michael D. Alltmont
                    Michael D. Alltmont

                    *Attorney for Defendant,*
                    *Global Credit and Collection Corporation*
</pre>