UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

MARIAN SNOW,

        Plaintiff,

v.

GLOBAL CREDIT & COLLECTION
CORPORATION,

        Defendant.

No. 5:13-CV-721-FL

**MEMORANDUM IN SUPPORT OF GLOBAL CREDIT & COLLECTION CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Global Credit & Collection Corporation ("GCC"), submits this memorandum in support of its Motion for Summary Judgment and in opposition to the Motion for Summary Judgment filed by plaintiff, Marian Snow.

**I. NATURE OF THE CASE**

This lawsuit relates to 22 unanswered debt collection calls over approximately 3 months. Plaintiff seeks over $150,000 in statutory damages for the unanswered calls. Plaintiff's claims are baseless.

Specifically, plaintiff alleges GCC violated various provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and, the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70, *et seq*. Plaintiff alleges GCC violated the FCRA

1

by making a credit inquiry without a permissible purposes (Count I), the FDCPA by disclosing the debt to a third party (Count II), the TCPA by using an "automatic telephone dialing system" to call her telephone number that was purportedly assigned to a number for which she was charged for GCC's calls (Count III), § 58-70-110(1) of the NCCAA by communicating in a name other than its own (Count IV), and § 58-70-105(1) and (2) by placing calls to third parties (Count V). There are no material facts and plaintiff's claims should be dismissed for at least 5 reasons.

*__First__*, plaintiff's FCRA claim fails because a debt collector has a permissible purpose to make a credit inquiry in relation to debt collection. Here, it is undisputed that GCC was attempting to collect a debt owed by plaintiff and plaintiff's own credit report identifies the purpose of GGC's inquiry as "COLLECTIONS."

*__Second__*, plaintiff's FDCPA claim should be dismissed because plaintiff has not produced any admissible evidence to support her claim that GCC disclosed the debt to a third party. Plaintiff relies on hearsay statements she alleges were made to her by various third parties. Plaintiff identified only herself as a person with knowledge or information regarding the underlying claims in her Fed. R. Civ. P. 26 initial disclosures and, therefore, does not have and cannot produce admissible evidence relating to what a third party witnessed. Furthermore, GCC maintains a strong policy prohibiting its employees from disclosing a debt to a third party.

*__Third__*, plaintiff's TCPA claim should be dismissed because the calls GCC made to plaintiff were placed by company employees who manually dialed plaintiff's number, i.e., physically pressed each digit of plaintiff's telephone number into a desk phone. The

2

calls were not placed by a machine. Furthermore, plaintiff has not produced any evidence to support her claim that her telephone number was assigned to a service for which she was charged for GCC's calls.

*Fourth*, plaintiff's NCCAA claim under § 58-70-110(1) is based upon a misunderstanding of the law. Section 58-70-110(1) prohibits a debt collector from using a false name or communicating in a name other than the collector, collection agency, and person to whom the debt is owed. Plaintiff has not alleged GCC communicated in a false name or misrepresented who was calling, nor could she.

*Fifth*, plaintiff's NCCAA claims under § 58-70-105(1) and (2) fail for the same reasons as her FDCPA claim fails—plaintiff has not produced any admissible evidence and failed to disclose any third parties who could testify in support of her claims.

There are no genuine issues of material fact. Plaintiff's claims should be dismissed as a matter of law.

## II. STATEMENT OF FACTS

GCC incorporates by reference the company's Statement of Material Facts and Response to Plaintiff's Statement of Material Facts.

## III. LAW AND ARGUMENT

### A. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the

3

Case 5:13-cv-00721-FL Document 85 Filed 06/19/15 Page 3 of 14

absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). After a properly supported motion is filed, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.,* 978 F.2d 832, 835 (4th Cir. 1992). Nevertheless, the party opposing summary judgment must satisfy the burden of proof by offering more than a mere "scintilla of evidence," and must produce evidence sufficient for a reasonable jury to find in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008). Therefore, while the underlying facts and all inferences are viewed in the light most favorable to the nonmoving party, the nonmoving party must nonetheless offer some "'concrete evidence'" or "'significant probative evidence tending to support the complaint.'" *Liberty Lobby*, 477 U.S. at 256 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968).

4

## B. Plaintiff's FCRA Claim Fails Because Debt Collection Is A Permissible Purpose To Obtain A Consumer Credit Report Under The FCRA

Plaintiff alleges GCC violated 15 U.S.C. § 1681b(f) by obtaining her consumer credit report without oral or written consent from her. Docket No. 1, ¶ 107. Plaintiff misunderstands the law.

The FCRA provides:

[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Plaintiff's claim fails because the FCRA provides that debt collection is a permissible purpose for obtaining a consumer's credit report:

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . (3) To a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or ***collection of an account of, the consumer***[.]

15 U.S.C. § 1681b(a).

The Fourth Circuit has confirmed debt collection is a permissible purpose to obtain a consumer's credit report. *See Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997). Further, whether the consumer consents to a debt collector's use of her credit report is irrelevant, as "the plain language of § 1681b makes clear that consumer consent simply is not a prerequisite to release of a consumer report to a third party." *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 449 (E.D. Va. 2009), aff'd,

5

382 F. App'x 256 (4th Cir. 2010). The consumer need not have initiated a credit transaction directly with the debt collector. *See Romanello v. Selene Fin., LP*, 2015 WL 2400480, *1 (E.D. N.C. 2015) ("it is not necessary that a plaintiff have direct dealings with a defendant in order for a defendant to lawfully obtain a consumer report.").

GCC was attempting to collect a Citibank debt owed by plaintiff and, in doing so, made a credit inquiry.[1] Plaintiff's Trans Union credit report provides the "permissible purpose" of the credit inquiry was "COLLECTIONS."[2] Plaintiff's FCRA claim, therefore, fails as a matter of law.[3] The Court should deny plaintiff's summary judgment motion and grant GCC's summary judgment motion.

## *C. Plaintiff's FDCPA Claim Fails Because Plaintiff Has Not Produced Any Evidence To Support Her Claim*

Plaintiff alleges GCC conveyed information about her debt to third parties in violation of the FDCPA.[4] Sections 1692b and 1692c(b) of the FDCPA prohibit debt collectors from communicating with persons other than the debtor, except for under certain conditions. However, plaintiff must produce evidence that GCC communicated

---

[1] GCC Statement of Facts ("GSOF"), ¶¶ 1-3.
[2] *Id*.
[3] Throughout her Motion for Summary Judgment, plaintiff refers to "Global International." Docket No. 83. However, "Global International" was dismissed from the case. Docket No. 44. Further, "Global International" is merely a d/b/a for GCC. Therefore, plaintiff's FCRA claim against "Global International" fails for the same reasons the claim fails against GCC. Moreover, plaintiff appears to seek FCRA damages for an alleged willful noncompliance by seeking $1,000 in statutory damages. Docket No. 83, ¶ 102. The FCRA, however, provides actual damages for negligent noncompliance of the FCRA, and statutory damages only when noncompliance is willful. Compare 15 U.S.C. §§ 1681n and 1691o. Plaintiff does not make any allegations that GCC willfully violated the FCRA. Therefore, while the FCRA claim should be dismissed outright, plaintiff has further failed to provide any support (or allegations) for statutory damages. GSOF ¶¶ 21-23.
[4] Docket No. 1, ¶¶ 110-111.

6

specific information regarding her debt and was not simply calling for location information to recover under either section of the FDCPA. *See Worsham v. Acct. Receivables Mgmt., Inc.*, 2011 WL 5873107, *4 (D. Md. 2011) (granting summary judgment for defendant where plaintiff provided no evidence to dispute the collector's reason for calling); *Clifford v. MRS BPO, LLC*, 2015 WL 1843037, *5 (W.D. Tenn. 2015) (dismissing claim where plaintiff "failed to allege the conveyance of any specific information regarding the underlying debt").

To be clear, plaintiff has provided no such evidence. At best, plaintiff alleges her son and daughter told her that they had received voicemails from GCC that purportedly "conveyed information regarding a debt of [hers] directly or indirectly to that third party."[5] Plaintiff's statement is hearsay, a legal conclusion, and fails to identify the information purportedly disclosed to a third party. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56. "Federal Rule of Civil Procedure 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge." *Carolina Power & Light Co. v. Alcan Aluminum Corp.*, 2013 WL 609516, *5 (E.D. N.C. 2013); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991). "Thus, summary judgment affidavits cannot be based upon inadmissible hearsay." *Carolina Power & Light Co.*, 2013 WL at *5. The Court should

---

[5] Docket No. 83, ¶¶ 17 & 19.

deny plaintiff's summary judgment motion and grant GCC's summary judgment motion.[6]

### D. Plaintiff's TCPA Claim Fails Because GCC Manually Dialed Plaintiff's Landline Telephone Number And Plaintiff Has Not Produced Any Evidence That She Was Charged For GCC's Calls

The TCPA prohibits any person without prior express consent from making any call "using an automatic telephone dialing system" to a cellular telephone number or a number assigned to "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). Plaintiff must show GCC used an "automatic telephone dialing system" and the calls were made to a telephone number assigned to "any service for which the called party is charged for the call" to establish TCPA liability.

An "automatic telephone dialing system" is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

GCC placed 9 telephone calls to plaintiff's telephone number ending in 8462.[7] Between September 18, 2012, and November 19, 2012, GCC placed 8 calls manually to the number, meaning a GCC employee physically pressed every digit of the telephone number on a black desk telephone, model Avaya 4610sw ip, in order to place the calls.[8] GCC did *not* use equipment with the capacity to store or produce telephone numbers to

---

[6] Further, plaintiff did not identify any third party witnesses with evidence regarding alleged third party disclosure in her Fed. R. Civ. P. 26(a) disclosures. **Exhibit B**. Pursuant to Fed. R. Civ. P. 37(c)(1), plaintiff may not use any witnesses that were not disclosed. Additionally, plaintiff has not produced any recordings or evidence of the voicemails or descriptions.
[7] GSOF, ¶¶ 7-14.
[8] *Id*.

be called, using a random or sequential number generator; and to dial such numbers.[9]

On December 11, 2012, GCC placed one call using its "Dialer" to the 8462 number.[10] The number was identified as a landline number.[11] Plaintiff alleges the 8462 number was assigned to a "service for which the called party is *charged for the call*."[12] However, plaintiff has only produced an unauthenticated, purported billing statement showing she paid RingCentral $10 for her telephone service.[13] Critically, plaintiff has not produced any evidence showing she was actually charged for the particular calls made by GCC, which she must do in order to support her TCPA claim.[14] Plaintiff's TCPA claim fails as a matter of law. The Court should deny plaintiff's summary judgment motion and grant GCC's summary judgment motion.[15]

---

[9] *Id*.
[10] *Id*. at ¶ 10.
[11] *Id*. at ¶ 6.
[12] Docket No. 83, pp. 4-5 (emphasis added).
[13] Docket No. 83-4.
[14] *Id*.
[15] While GCC denies any and all liability under the TCPA, notably, plaintiff's claim for treble damages is completely unfounded. Under the TCPA, a person may be awarded $500 for each violation, and the court has discretion to award up to $1,500 for each violation if the violation was willful or knowing. 47 U.S.C. § 227(b)(3); *Wallace v. Optimum Outcomes, Inc.*, 2015 WL 627944, *5 (E.D. N.C. Feb. 12, 2015) (J. Flanagan). To establish knowing or willful, plaintiff would have to show GCC knew it was making a call to a number assigned to a service for which the called party was charged, a burden plaintiff cannot meet. *See Wallace*, 2015 WL 627944 at *6 (the defendant's calls were not willful and knowing because plaintiff did not "establish that defendant knew it was making a call to a cellular telephone number."); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) ("If we interpreted the statute to require only that the violator knew he was making a call or sending a fax, the statute would have almost no room for violations that are not willful or knowing."); *Harris v. World Fin. Network Nat'l Bank*, 867 F.Supp.2d 888, 895 (E.D. Mich. 2012) ("Such a broad application of willful or knowing would significantly diminish the statute's distinction between violations that do not require an intent, and those willful and knowing violations that Congress intended to punish more severely.").

## E. Plaintiff's NCCAA Claims Fail Because GCC Never Used A False Name And Plaintiff Has Not Produced Any Evidence To Support Her Claims

Plaintiff alleges GCC violated N.C.G.S. § 58-70-110 by failing to make alleged disclosures and § 58-70-105 by communicating her debt to a third party. Plaintiff however, misapplies and reads a disclosure requirement into § 58-70-110, which does not exist, and fails to provide any admissible evidence to support her claims under § 58-70-105(1) & (2).

### 1. GCC Did Not Communicate With Plaintiff Other Than In The Proper Name Of The Person Making The Communication, The Collection Agency, Or The Creditor

Plaintiff alleges GCC violated N.C.G.S. § 58-70-110(1) by failing to make 3 disclosures in every call to her. Plaintiff's claim fails because the subject NCCAA provision prohibits collection in a false name, *i.e.*, a name other than the proper name of the collector, collection agency, and creditor; it does **not** create liability for debt collectors who fail to disclose such information.

Section 58-70-110(1) of the NCCAA provides:

> No collection agency shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation. Such representations include, but are not limited to, the following: (1) Communicating with the consumer **other than** in the name of the person making the communication, the collection agency and the person or business on whose behalf the collection agency is acting or to whom the debt is owed

N.C. Gen. Stat. Ann. § 58-70-110. This provision prohibits collectors from communicating with consumers in false names. The Western District of North Carolina has clarified this provision, finding that a voicemail message that purportedly failed to

disclose the collector's name, company, or the creditor ***did not*** violate the NCCAA. *Jenkins v. Allied Interstate, Inc.*, 2009 WL 3157399, *5 (W.D. N.C. 2009) (the subject message stated "866–898–3993 and a representative will assist you. Again please call 866–898–3993."). The court found that dismissal of the consumer's N.C.G.S. § 58-70-110(1) claim was appropriate because "[v]ery simply, ***Plaintiff does not allege that Defendant communicated in anyone else's name***." *Id.* (emphasis added).

As in *Jenkins*, plaintiff here does not allege GCC's communications were in anyone else's name, nor could she.[16] Plaintiff's NCCAA claims, therefore, fail as a matter of law. The Court should deny plaintiff's summary judgment motion and grant GCC's summary judgment motion.

### *2. Plaintiff Failed To Produce Sufficient Evidence To Support Her Claim That GCC Communicated Her Debt To Third Parties*

Plaintiff alleges GCC unreasonably publicized her debt to her son and daughter in violation of both subsection (1) and (2) of N.C.G.S. § 58-70-105. Plaintiff's NCCAA claims suffer from the same flaws as plaintiff's FDCPA claim, discussed above. Like plaintiff's FDCPA claim, the NCCAA claims fail because plaintiff has not provided any admissible evidence for the claims.

To survive summary judgment on her N.C.G.S. § 58-70-105(1) claim, plaintiff must present evidence that GCC called third parties and made an indication of indebtedness. *W. v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 645 (W.D. N.C. 1998).

---

[16] Without citing any law, plaintiff apparently believes the subject provision is not a prohibition against using a false name, but instead a requirement to make "three required disclosures" in every purported communication to a consumer. Docket No. 83, p. 6. Plaintiff is simply wrong. The provision creates a prohibition, not a disclosure requirement.
11

To survive summary judgment on her N.C.G.S. § 58-70-105(2) claim, plaintiff must again show that GCC conveyed information about her debt. Plaintiff has not and cannot meet her burdens.

To be clear, plaintiff has provided no evidence of third party disclosure. At best, plaintiff alleges her son and daughter told her that they had received voicemails from GCC that purportedly "conveyed information regarding a debt of [hers.]"[17] But plaintiff's statement is hearsay, a legal conclusion, and fails to identify the information purportedly disclosed to a third party. As noted above, the statement is inadmissible and should be disregarded. Fed. R. Civ. P. 56; *Carolina Power & Light Co.*, 2013 WL at *5

Plaintiff's NCCAA claims fail as a matter of law. The Court should deny plaintiff's summary judgment motion and grant GCC's summary judgment motion.[18]

## IV. CONCLUSION

For the foregoing reasons, summary judgment should be granted to GCC and

---

[17] Docket No. 83, ¶¶ 17 & 19.

[18] Finally, plaintiff seeks $104,000 in statutory damages under the NCCAA for 37 alleged unanswered phone calls. While the Court should dismiss plaintiff's NCCAA claims for the reasons stated, notably, plaintiff has failed to provide a basis for her prayer for maximum statutory damages for the alleged technical violations. Under the NCCAA, a successful plaintiff may receive $500 to $4,000 for each violation. N.C.G.S. § 58-70-130. Few courts have addressed the appropriate measure of damages, but those that have indicate technical violations where no contact was made justify only the minimum award. In *Baie v. Prime West Mgmt. Recovery*, the court held the defendant's conduct of falsely identifying himself as law enforcement during telephone calls and an in-person visit was "sufficiently egregious to justify an award of a $2,000 penalty per violation, or half of the allowed penalty. *Baie*, 2011 WL 1257148, *11 (Bankr. E.D. N.C. 2011). In *In re Kirkbride*, the court awarded $50 per unanswered call and $200 per answered call where plaintiffs were threatened by the defendant stating that their loans were in default. *In re Kirkbride*, 2010 WL 4809334, *14 (Bankr. E.D. N.C. 2010). Additionally, contrary to what plaintiff contends, the NCCAA only provides penalties for each violating call, not for each alleged statutory violation that occurred during the call. *See Leto*, 2015 WL 1897060, *3 (W.D. N.C. Apr. 27, 2015).

12

plaintiff's claims dismissed with prejudice.

                                                                Respectfully Submitted,

                                                                /s/ Michael D. Alltmont

                                                                Bryan C. Shartle, Esq.
                                                                Michael D. Alltmont, Esq.
                                                                LA Bar No. 32318
                                                                SESSIONS FISHMAN NATHAN & ISRAEL, LLC
                                                                3850 N. Causeway Blvd., Suite 200
                                                                Metairie, Louisiana 70002
                                                                Telephone: (504) 828-3700
                                                                Facsimile: (504) 828-3737
                                                                E-mail: malltmont@sessions-law.biz

                                                                Tommy Doughton, Esq
                                                                NC State Bar No. 16611
                                                                DOUGHTON RICH BLANCATO PLLC
                                                                633 West Fourth Street, Suite 150
                                                                Winston-Salem, NC  27101
                                                                Telephone:  (336) 725-9416
                                                                Facsimile: (336) 725-5129
                                                                td@doughtonrichlaw.com
                                                                Local Civil Rule 83.1 Counsel

                                                                *Attorneys for Defendant,*
                                                                *Global Credit and Collection Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing supporting memorandum with the Clerk of Court using the CM/ECF system, and I hereby certify that I have placed the document in U.S. Mail, First Class, prepaid, to the following participants:

Marian Snow
907 Timberlake Drive NW
Wilson, NC 27893
Marian Snow <msnow20@gmail.com>
(872) 588-9170
*Plaintiff*

This the 19th day of June 2015.

                                     /s/ Michael D. Alltmont
                                     Michael D. Alltmont

                                     *Attorney for Defendant,*
                                     *Global Credit and Collection Corporation*