# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION
Case No. 5:13-cv-721-FL

MARIAN SNOW )
)
      Plaintiff, )
-v- )
)
GLOBAL CREDIT & COLLECTION )
   CORPORATION )
)
      Defendant. )

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS

Plaintiff Marian Snow's ("Plaintiff") hereby responds and/or objects to Defendant Global Credit & Collection Corporation's ("GCC") First Set of Interrogatories, Requests for Production of Documents and Request for Admissions (the "Discovery Requests"), using U.S. Postal Service Certified Mail Receipt # 7013 1090 0000 5845 7736. Said Discovery Requests were dated February 2, 2015, and accounting for 3-days for mail service thereafter, are now due a response from Plaintiff no later than March 9, 2015.

### I. GENERAL RESPONSE AND OBJECTIONS

1. Plaintiff objects to the Discovery Requests, including GCC's instructions and definitions, to the extent that they seek to impose a duty of disclosure or other obligation not required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Discovery Requests as overbroad and unduly burdensome to the extent that they seek the disclosure of information or documents that are irrelevant or immaterial or are not otherwise reasonably calculated to lead to the discovery of admissible or relevant evidence.

3. Plaintiff objects to GCC's Discovery Requests to the extent that they seek disclosure of documents or materials prepared in anticipation of litigation or for trial, which are outside the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure.

4. Plaintiff objects to any attempt to impose a continuing duty to supplement these Interrogatories beyond the duties set forth in Federal Rule of Civil Procedure 26(e).

5. Plaintiff's responses to the Discovery Requests are not intended to waive or prejudice any objections it may assert now or in the future, including, without limitation, objections as to the admissibility of any response at any proceeding in this matter.

6. Plaintiff incorporates her General Response and Objections by reference as though fully set forth in response to each and every Discovery Request served by GCC. By setting forth specific objections to any particular Discovery Request, Plaintiff does not intend to limit the General Response and Objections set forth above, and the absence of any specific objections to a particular Discovery Request shall not be construed as a waiver of Plaintiff's objections.

Subject to the foregoing General Objections, which are incorporated by reference into each of the following responses as if fully set forth therein, Plaintiff hereby responds to the Discovery Requests as follows:

### III. RESPONSES TO INTERROGATORIES

1. Identify each and every person who provided any information in connection with answers to these Interrogatories, Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

    **RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "any information" and "in connection.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that, aside from AT&T, through provision of access to online telephone call data and RingCentral.com, through provision of access to online account records of telephone calls received and voicemail messages recorded, no individual, partnership, firm, corporation, association, joint venture, or any other business, legal entity or institution provided Plaintiff with information in connection with answers to these Interrogatories, Request for Production of Documents and Request for Admissions served contemporaneously with these Interrogatories.

2. Identify Marian Snow by stating her full name (including any aliases, nicknames, maiden names, or other names), current address and every residential address he has had for the past 5 years; telephone numbers, email addresses, last four digits of his social security number, current driver's license number, date of birth, and last known business affiliation and position.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is overly broad, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request is duplicative and burdensome to the

extent that it calls for data already in GCC's possession, as GCC acquired access to Plaintiff's consumer file or credit file twice on September 13, 2012 through or with the credit reporting agency Transunion, using the business name of "GLOBAL CR & CO" and the business name of "GLOBAL INTERNA". Subject to and without waiving the foregoing objections and the General Objections, Plaintiff responds that a copy of her current driver's license with date of birth is provided and attached herewith as **"Exhibit A."** Any further data requested in Interrogatory #2 that was not divulged in Plaintiff's credit file is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

3. Identify Marion Gibbons.

    **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and the General Objections, Plaintiff responds that she does not know a Marion Gibbons, therefore, Plaintiff can neither identify, nor provide his/her full name (including any aliases, nicknames, maiden names, or other names), current address and every residential address he/she has had for the past 5 years; telephone numbers, email addresses, last four digits of her/his social security number, current driver's license number, date of birth, and his/her last known business affiliation and position.

4. Describe each communication that you had with GCC, including the date, time, and substance of each communication.

    **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the terms "substance" and "communication.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that this information is attached herewith and marked as: **"Exhibit B"**, **"Exhibit E"**, **"Exhibit F"**, **"Exhibit G"** and **"Exhibit H."**

5. Identify every person who has knowledge regarding the claims contained in the Complaint and provide a brief description of the substance of his/her knowledge, including but not limited to all persons other than the consumer with whom you allege GCC communicated with.

    **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "substance" and "knowledge.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that the following persons were contacted by GCC via telephone call(s), interacted with GCC in telephone conversation(s) or received voicemail message(s) from GCC during the relevant times:

a. Keri Standifer received twelve (12) telephone calls from GCC in September, October and November 2012, resulting in voicemails, rings, hangups or conversations.
   b. Brett Standifer received four (4) telephone calls from GCC in October and November 2012, resulting in voicemails, rings, hangups or conversations.
   c. Farah Standifer heard four (4) telephone voicemail recordings from GCC telephone calls made in October and November 2012.
   d. Doris Standifer received a telephone call from GCC in early November from GCC resulting in a conversation.
   e. James Standifer received a telephone call from GCC in early November from GCC resulting in a voicemail or conversation.

6. State the phone number(s) GCC was calling in its attempts to collect the debt made the basis of this lawsuit. For each phone number state whether it is a residential land line, a work land line, a personal wireless aka mobile aka cellular line, a work wireless aka mobile aka cellular line, or other. Also, for each number, state the name, address, and phone number of the service provider.

   **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term the term "debt made the basis of this lawsuit.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there exists no "debt made the basis of this lawsuit," as no debt is the basis of this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff.

7. For every telephone number listed in your response to Interrogatory Number 6, identify the individual that contracted with the service provider for the services related to that telephone number.

   **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the terms "contracted," "service provider" and "related.") Plaintiff also objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff refers GCC to the response to Interrogatory Number 6. In which there were no telephone numbers listed.

8. Identify each actual conversation that you had with a representative of GCC regarding the debt made the basis of this lawsuit, the date of the conversation and the name(s) of any witness(es) to said conversations.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "debt made the basis of this lawsuit.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there exists no "debt made the basis of this lawsuit," as no debt has been made the basis of this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff.

9. Identify any calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you that in any way relate to this lawsuit.

   **RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the terms "recorded," "summary" and "maintained.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that an Excel spreadsheet was kept to document the calls Plaintiff received. Said spreadsheet was was created upon the first call in early September of 2012. The referenced spreadsheet was created by Plaintiff, was kept, and is currently kept, on Plaintiff's computer. Plaintiff is the current custodian of said spreadsheet. Said spreadsheet contents are a log of the date, time and length of each call, the telephone number of the caller, as reflected from the caller ID.

10. Identify any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and GCC.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is duplicative and burdensome to the extent that it calls for data already in GCC's possession. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds by referring GCC to Plaintiff's Initial Rule 26(a) Disclosures served upon GCC. The disclosures provided specifically in 2(F) and 2(G) provide this information.

11. State the names of any representative of GCC that you spoke to pertaining to the debt made the basis of this lawsuit.

    **RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "debt made the basis of this lawsuit.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there exists no "debt made the basis of this lawsuit," as no debt has been made the basis of this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff.

12. Please state the extent of your education, including highest grade level completed, and the year in which you obtained your last formal education.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

13. Identify by name, address and telephone number your current and past employers for the last five (5) years including dates of employment, position or job title and salary and reason for separation.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

14. Identify all other lawsuits and court proceedings in which you are or were a party, including for each suit the case number, the name of the Court, the style of the case, and the subject matter of the case.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

15. Identify whether you have filed for bankruptcy in the past ten (10) years, and (if applicable), the name of the Court, case number, filing date, type of bankruptcy, and final disposition.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that she has never filed for bankruptcy.

16. Identify any other collection accounts not described in the Complaint for which you have been contacted by a collection agency or creditor for the past five (5) years.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

17. Please state whether you have been charged with or convicted of a felony criminal offense within the last ten (10) years.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that she has not.

18. Identify all experts you may use at trial, specifying the name and address of the expert and the expert's expected testimony.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff refers GCC to the Court's Case Management Order of September 5, 2014, which clearly dictates that any experts that Plaintiff may use at trial were to have been disclosed to GCC prior to November 15, 2014. As none have been disclosed and no expert's reports have been disclosed, Interrogatory Number 18, therefore, is irrelevant.

19. State the amount of actual damages you allege to have and describe in detail how you arrived at that figure (the breakdown) as well as the factual basis for all alleged actual damages you sustained as a result of GCC's conduct.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Actual damages have little to no bearing on the total damages in this case, as it is the statutory damages that will dictate GCC's liabilities in this case.[1]

20. Identify all documents that support your actual damages that you sustained as a result of GCC's conduct.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff repeats response to Interrogatory Number 19 for this Interrogatory.

---

[1] Pursuant to 47 USC 227(b)(3)(B), [Count III]. the private right of action, states a person may recover actual monetary loss or receive statutory damages for each such violation, <u>whichever is greater</u>. As the damages in this case are statutory, no actual damages have been declared, as they are irrelevant.

Pursuant to N.C. Gen. Stat. § 58-70-130 (b), which dictates the civil liabilities for violations of N. C. Gen. Stat. § 58-70-110(1) [Count IV] and N. C. Gen. Stat. § 58-70-105 [Count V] any collection agency which violates this Article with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, shall also be liable to the debtor for <u>a penalty</u> not less than five hundred dollars ($500.00) for <u>each violation</u> nor greater than four thousand dollars ($4,000) for <u>each violation</u>.

Also applicable to Counts IV and V, pursuant to N.C. Gen Stat. § 58-70-130 (d), The remedies provided by this section <u>shall be cumulative, and in addition to remedies otherwise available</u>. Any punitive damages assessed against a collection agency shall not be reduced by the amount of the civil penalty assessed against such agency pursuant to subsection (b) of this section

21. Identify by name and address all physicians, doctors, psychiatrists, psychologists, social workers, or other medical or mental health care providers, you have seen pertaining to the physical, medical, or mental conditions, illnesses, stresses, injuries, limitations, or disabilities alleged in your Complaint.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. There are no such allegations in Plaintiff's Complaint.

22. State whether the messages GCC left for you were left on an answering machine or electronic voicemail.

    **RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the terms "whether" and "left for you.") Plaintiff also objects to this Request on the grounds that this request is irrelevant. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that the recordings which GCC left when it called Plaintiff's own telephone number, which ends in 8462, were electronic voicemails. Plaintiff does not know if the messages left for Plaintiff at any of the multiple other numbers called by GCC were left on an answering machine or electronic voicemail.

23. State the number of calls GCC made to you, and for each call you allege that GCC made, state: the date of the call; the time of the call; the name of the person who called; the result of the call (answered, no answer, machine no message, machine message left, caller hung up, callee hung up, disconnect, etc.); the name of the person who answered, if any; the substance of the conversation between the caller and the callee, if any; the length of the call; whether the call was made by an automated dialer or a person; whether the call resulted in an automated message; whether the call resulted in a prerecorded message; and if you allege that a call was made by an automated dialer or that a call resulted in an automated message or that a call resulted in a prerecorded voice, state the basis for your answer.

    **RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "state the number" and "resulted in a prerecorded voice.") To Plaintiff's understanding, a telephone call could not have "<u>resulted</u> in a prerecorded voice." To send a voicemail message using a prerecorded voice, GCC would have to have assembled a plan; put into place an automatic telephone dialing system; purposefully and previously recorded a voice message; programmed said automatic dialer, predictive dialer or preview dialer by uploading said message; and intentionally planned to specifically contact Plaintiff's telephone number using some type of automatic telephone dialing system in order to have created the specific type of

communication that would deliver a "prerecorded voice message" to Plaintiff's telephone number. The successful delivery of said prerecorded voice message would have, therefore, occurred without human intervention into Plaintiff's voicemail service. No call could have "resulted" in a prerecorded voice, but rather would have been "originated" bearing a prerecorded voice. Furthermore, Plaintiff does not know if GCC is seeking a response that provides the telephone number GCC dialed or the telephone number GCC was calling from. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that she has tried to provide GCC with the information it is attempting to request, by her best estimation, and attaches "**Exhibit B**," which is a document listing said information.

24. Identify every communication from GCC which was made with a person other than you, or was seen or heard by any person other than you, and the person who communicated or saw or heard the communication.

    **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the terms "which was made with" and "the person who communicated.") Plaintiff has no personal knowledge as to which GCC representative may have been "the person who communicated" with any person other than Plaintiff or her attorney. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that she has tried to provide GCC with the information it is attempting to request, by her best estimation. See Plaintiff's response attached herewith and marked as "**Exhibit C**."

25. Identify the name or names GCC used in communicating with you that were other than the name of the person making the communication, the collection agency and the person or business on whose behalf the collection agency was action [sic] or to whom the debt is owed.

    **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "the name or names GCC used" and the unintelligible term "on whose behalf the collection agency was action.") Plaintiff also objects to this Request on the grounds that this request is irrelevant. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that it is irrelevant for GCC to ask the "name or names GCC used." GCC should have full knowledge of the scripts it provided to its representatives for communicating with parties called by GCC during the relevant times.[2] In all instances of telephonic communication with Plaintiff, GCC <u>NEVER</u> disclosed the name of the

---

[2] When GCC made the deliberate choice to reach out to residents of North Carolina, it should have known that N.C. Gen. Stat. §58-70-110(1) requires any communications of a debt collector with NC consumers to disclose <u>ALL</u> the following: 1) the name of the person making the communication; 2) the name of the collection agency; AND 3) the person or business on whose behalf the collection agency is acting or to whom the debt is owed.

9
Snow responses to Global Credit & Collection Corporation's 1st Discovery

Case 5:13-cv-00721-FL   Document 85-8   Filed 06/19/15   Page 10 of 20

business on whose behalf GCC was acting, nor the name of the business to which any debt was allegedly owed.[3]

## IV. RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents pertaining to the debt made the basis of this lawsuit, including any and all monthly statements, documents evidencing the names on the account, and documents evidencing payments made towards the account.

    **RESPONSE:** Plaintiff objects to this Request for Production on the grounds that it is vague and is ambiguous (specifically, the term "debt made the basis of this lawsuit.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there exists no "debt made the basis of this lawsuit," as no debt is the basis of this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff.

2. Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and mental or emotional damages.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence, as there are no allegations regarding mental or emotional damages in Plaintiff's Complaint. Plaintiff will refer GCC to her answer to Interrogatory Number 19 regarding "actual damages." For GCC's statutory damages, Plaintiff provides a breakdown of each violation and the corresponding statutory, attached herewith, and marked as "**Exhibit D**."

3. Produce any and all documents that GCC sent to you.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is duplicative, overbroad, and burdensome to the extent that it calls for documents already produced to Defendant and filed into the court record. Subject to and without waiving the foregoing objections and the General Objections, Plaintiff attaches, herewith, additional copies

---

[3] Id.

of the two (2) communications sent to Plaintiff from GCC in 2012. The first is a letter from "Mr. Tamm" dated October 17, 2012, listing a phone number of "1-855-288-1447" marked "**Exhibit E**" and a second letter is from a "Mr. Henry," dated December 13, 2012, marked as "**Exhibit F**."

4. Produce any and all documents you sent to GCC.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that it is duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is duplicative, overbroad, and burdensome to the extent that it calls for documents already produced to Defendant and filed into the court record. Subject to and without waiving the foregoing objections and the General Objections, Plaintiff attaches, herewith, additional unsigned[4] copies of the two (2) debt validation letters sent to GCC on October 27, 2012 and December 13, 2012, marked as "**Exhibit G**" and "**Exhibit H**."

5. Produce all documents that support your factual allegations in the Complaint.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is duplicative, overly broad and unduly burdensome. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds by attaching a redacted copy of the 9/1/2012 through 12/31/2012 raw[5] call activity previously downloaded from RingCentral, the service to which her telephone number ending in -8462 was and is assigned, and a service for which the called party (Plaintiff) is charged for the calls. (Attached herewith and marked as "**Exhibit L**.")

6. Produce all residential phone records for any residential telephone number you allege GCC called.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there are no allegations in Plaintiff's Complaint which make any reference to a residential telephone number of Plaintiff's, nor are there any allegations of any calls made to Plaintiff at any residential

---

[4] The signed originals were mailed on the date of each letter via the U.S. Postal Service.
[5] Activity from RingCentral is only available via a download .csv file. A .csv file refers to a "comma-separated-value" block of data.

Snow responses to Global Credit & Collection Corporation's 1st Discovery

11

telephone number. Furthermore, a request for "all" residential phone records is more than overly broad, as no date range was requested. Additionally, GCC's request is for "any" residential telephone number that was called by GCC, which would, also include all records of the residential telephone belonging to a man I divorced over 30 years ago and his 85-year old mother, which are clearly not in Plaintiff's power to reasonably produce.

7. Produce all cell phone records for any cell phone number you allege GCC called.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that no allegations were made in Plaintiff's complaint that GCC called any "cell phone number" belonging to Plaintiff. Furthermore, a request for "all" cell phone records is more than overly broad, as no date range was requested. Additionally, GCC's request is for "any" cell phone number that was called by GCC, which would, also include all records of the cell phones belonging to other non-parties in this case.

8. Produce all tapes or other audio recordings of any telephone messages and/or conversations between you and GCC, which communications in any way relate to the debt at issue in this lawsuit.

   **RESPONSE**: Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that a compact disc containing mp3 audio files which are the 24[6] recordings of the voicemail messages that were the result of GCC's calls left at Plaintiff's telephone number, attached herewith and marked as **"Exhibit I."**

9. Produce all documents that support your allegations that you incurred costs, expenses, and reasonable attorney's fees as a result of GCC's conduct.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that no attorney fees have been incurred to date, but said fees were included for the possibility that Plaintiff will acquire counsel prior to going to trial. The main costs and expenses are public record, as they equal the cost of filing this Complaint with the Court, which was $350.00 at the time of filing. To date there

---

[6] Plaintiff requested the audio recordings of the conversation Plaintiff had with the GCC representative on September 18, 2012, but GCC did not produce said recording in this discovery. Additionally, there were three (3) calls to Plaintiff from GCC, which GCC abandoned upon pickup.

Snow responses to Global Credit & Collection Corporation's 1st Discovery

12

have been an approximate additional $250.00 in incidental, printing, copying, postal services fees and other costs for this case, which has now lasted for well over 18 months.

10. Produce all calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this lawsuit.

    **RESPONSE:** Plaintiff objects to this Request for Production on the grounds that it requests documents that are work product, as Plaintiff is *pro se* in this case. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that the Excel spreadsheet maintained by Plaintiff, referenced in Interrogatory Number 9, is attached herewith and marked as **"Exhibit J."**

11. Produce all written or recorded statements of any type in your possession or given by you to counsel, from any witness, or any individual, that in any way relates to your allegations in the Complaint.

    **RESPONSE:** Plaintiff objects to this Request for Production on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is vague and is ambiguous (specifically, the term "in any way relates," "written" and "statements.")

12. Produce a copy of your credit reports for the past five (5) years.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant, duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that GCC acquired access to Plaintiff's consumer credit file twice on September 13, 2012 without Plaintiff's express consent to do so. Plaintiff refers GCC to her personal and private data already illegally in their possession, as it is more information than GCC has a right to have intruded upon.

13. Produce all statements taken by you or on your behalf from any person relating to the allegations in the Complaint.

    **RESPONSE:** Plaintiff objects to this Request on the grounds that this request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, it is vague and is ambiguous (specifically, the term "statements" and "taken by you.")

14. Produce all documents which you expect to introduce as evidence at trial or which you intend to use at trial in any manner.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that no additional documents are available to Plaintiff that would fulfill this request, that have not been produced in response to other discovery requests herewith.

15. Produce any and all tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify for you at any trial or deposition in this lawsuit.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. The record shows that neither Plaintiff nor GCC disclosed any expert's reports or identified any expert witnesses in compliance with the Court's scheduling order, therefore, to Plaintiff's knowledge, none exist that could be brought by either party to trial.

16. Produce all documents that support your allegation that GCC communicated with any person other than the consumer.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that no additional documents are available to Plaintiff, which would fulfill this request, that have not been produced in response to other discovery requests provided herewith.[7]

17. Produce all documents that support your allegation that GCC used an automatic telephone dialing system or pre-recorded voice.

   **RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

---

[7] As Plaintiff stated earlier, Interrogatory number 16 requests documents that would include two-year-old records of the telephones of a man I divorced over 30 years ago and his 85-year old mother, which are clearly not in Plaintiff's power to reasonably produce.

waiving the foregoing objection and the General Objections, Plaintiff responds that the information provided in Exhibit B, Exhibit I and Exhibit L fulfill this request.

18. Produce all documents that support your allegation that your telephone number was, during the relevant time period, assigned to a service for which you paid for the calls.

**RESPONSE:** Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that documents to meet this request are attached herewith and marked as "**Exhibit K.**"

19. Produce all documents that support your allegation that GCC communicated with you in a name than the name of the person [sic] making the communication, the collection agency and the person or business on whose behalf the collection agency was action or to whom the debt is owed.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the unintelligible term "in a name than the name of the person.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that the mp3 recordings of the voicemail messages left by GCC evidence this request. The compact disc containing said recordings is attached herewith and marked as "Exhibit I." [8]

20. Produce all documents that support your allegation that GCC made an indication of indebtedness in a communication with someone other than you.

**RESPONSE:** Plaintiff objects to this Request on the grounds that this request is irrelevant, duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that no additional documents are available to Plaintiff that would fulfill this request, that have not been produced in response to other discovery requests herewith.

21. Produce all documents that support your allegation that GCC used a form of communication that ordinarily would be seen or heard by any person other than you.

---

[8] See Plaintiff's response to Interrogatory Number 25 and the accompanying footnote.

Snow responses to Global Credit & Collection Corporation's 1st Discovery

15

**RESPONSE**: Plaintiff objects to this Request on the grounds that this request is irrelevant, duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that in order to produce "all documents," she would have to simply give back the document[9] previously produced by GCC in prior discovery supports the fact that multiple communications were made by GCC, including voicemail messages left, that "ordinarily would be seen or heard by any person other than" Plaintiff. It would, therefore, be duplicative and unduly burdensome to produce GCC's own document in response to this request.

## V. RESPONSES TO REQUEST FOR ADMISSIONS

Admit or deny the following:

1. The debt made the basis of this lawsuit is a valid debt.

    **RESPONSE**: Plaintiff objects to this Request for Admission on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "debt made the basis of this lawsuit.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there exists no "debt made the basis of this lawsuit," as no debt is the basis of this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff and other individuals. Therefore, Plaintiff's response is:

    **DENIED**

2. You have not sustained any actual damages as a result of any actions on the part of GCC.

    **DENIED**

3. GCC was calling a telephone number provided to it by the original creditor on the account at issue.

    **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "account at issue.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there is no

---

[9] See documents identified and numbered as "GC 00001" through "GC 00006" produced in prior discovery to Plaintiff by GCC.

Snow responses to Global Credit & Collection Corporation's 1st Discovery

16

Case 5:13-cv-00721-FL Document 85-8 Filed 06/19/15 Page 17 of 20

"account at issue" this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff. Therefore, Plaintiff's response is:

**DENIED**

4. You never requested, either verbally or in writing, that GCC cease and desist from any further communication with you.

**DENIED**

5. You never spoke with a GCC representative regarding the account at issue.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous (specifically, the term "account at issue.") Subject to and without waiving the foregoing objection and the General Objections, Plaintiff responds that there is no "account at issue" in this lawsuit. The basis of this lawsuit is the violative behavior of GCC in its successful contacts and attempted contacts with Plaintiff. Therefore, Plaintiff's response is:

**DENIED**

6. You never provided GCC with any phone numbers that you wanted them to cease calling.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, is vague and is ambiguous.

**DENIED**

7. You do not have any personal knowledge of GCC's procedures and practices regarding using an automated telephone dialing system.

**RESPONSE:** Plaintiff objects to this Request for Admission on the grounds that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As Plaintiff experienced GCC's practices first hand, she must respond to this Admission with the following:

**DENIED**

8. GCC did not violate any provisions of the TCPA.

**DENIED**

9. GCC did not violate any provisions of the FDCPA.

**DENIED**

10. GCC did not violate any provisions of the FCRA.

    **DENIED**

11. You do not know of any persons with whom GCC communicated other than yourself.

    **DENIED**

12. You do not know of any persons who saw or heard any communications from GCC other than yourself.

    **DENIED**

13. GCC identified itself as "Global Credit and Collections" in every communication with you.

    **DENIED**

### Verification

I hereby declare under penalty of perjury that the foregoing OBJECTIONS AND RESPONSES TO GCC's FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, and REQUEST FOR ADMISSIONS are true and correct to the best of my knowledge and belief.

Submitted this the 7th day of March 2015.

_____
Marian Snow
907 Timberlake Dr. NW
Wilson, NC 27893
Telephone: (872) 588-9170
msnow20@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the undersigned date, the original of the foregoing document, including all exhibits, was served by prepaid US Postal Service, to counselors Alltmont and Shartle via certified mail receipt # 7013 1090 0000 5845 7736. Additionally, this document, without exhibits, was served by electronic mail to all those below.

Michael D. Alltmont, Esq.
E-mail: malltmont@sessions-law.biz
Bryan C. Shartle, Esq.
E-mail: bshartle@sessions-law-biz
SESSIONS FISHMAN NATHAN & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002
E-mail: bshartle@sessions-law-biz

Amy L. Rich
Doughton Rich Blancato PLLC
633 West Fourth Street, Suite 150
Winston-Salem, NC 27101
E-mail: arich@DRBattorneys.com

Attorneys for Defendant
*GLOBAL CREDIT AND COLLECTION CORPORATION*

This 7th day of March 2015

_/s/ Marian Snow_
MARIAN SNOW
907 Timberlake Dr. NW
Wilson, NC 27893
(872) 588-9170
msnow20@gmail.com