UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

MARIAN SNOW,

        Plaintiff,

v.

GLOBAL CREDIT & COLLECTION CORPORATION,

        Defendant.

No. 5:13-CV-721-FL

## GLOBAL CREDIT & COLLECTION CORPORATION'S REPLY

Defendant, Global Credit & Collection Corporation ("GCC"), submits this Reply in support of its Motion for Summary Judgment [Doc. No. 85] and in response to the opposition filed by plaintiff, Marian Snow [Doc. No. 90].

As an initial note, GCC reminds this Court that the company filed its Motion for Summary Judgment with a pending Motion to Compel Plaintiff's Deposition. *See* Doc. Nos. 78 and 84. Plaintiff, just minutes before her scheduled deposition, notified counsel for GCC that she would not participate. *Id*. Plaintiff made this announcement after confirming that she would appear for her deposition, causing GCC to incur travel and deposition expenses. *Id*. The motion has been referred to Magistrate Judge Gates. GCC would like the opportunity to replace or supplement its Motion for Summary Judgment after deposing the plaintiff.

The Court should grant GCC's summary judgment motion for several reasons:

1

## 1. GCC's Motion For Summary Judgment Is Not Defective

GCC moves for dismissal of plaintiff's claims on summary judgment pursuant to Fed. R. Civ. P. 56. *See* Doc. No. 84. GCC identified each of plaintiff's claims for which it seeks summary judgment. *Id*. In supporting memorandum, GCC states "[t]here are no genuine issues of material fact. Plaintiff's claims should be dismissed as a matter of law." *See* Doc. No. 85. Plaintiff, however, alleges the motion is defective and is actually a motion under Fed. R. Civ. P. 12 because of the word "dismissal." *See* Doc. No. 90, pp. 4-6. Plaintiff's argument is disingenuous and wrong, the Court may grant a defendant summary judgment and dismiss plaintiff's claims as a matter of law.

## 2. The Jeff Carew Affidavit Is Based On Personal Knowledge

Plaintiff alleges the affidavit of Jeff Carew is defective. Doc. No. 90, pp. 6-10. Plaintiff's primary contention is that the affiant fails to show his competency to testify. *Id*. Plaintiff alleges the instant affidavit is similar to the one rejected in *Bennet v. Smith*, 2006 WL 3333801, *7 (Bankr. M.D. N.C. 2006). Plaintiff is wrong. First, Jeff Carew testified that he is the President of GCC and as the President he has personal knowledge of the company's business operations, including its account records. Doc. No. 85-2, ¶ 1. Mr. Carew reviewed all of GCC's business records regarding plaintiff's account and has personal knowledge of the company's attempt to collect the subject debt. *Id*. Mr. Carew testified as to the account records, written correspondence, recordings, and company policies relating to plaintiff's account. *Id*. at ¶¶ 2-14. *See Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008) ("It is well established that employees who are familiar with the record-keeping practices of a business are qualified to speak from personal knowledge

2

that particular documents are admissible business records, and affidavits sworn by such employees constitute appropriate summary judgment evidence."). Second, the affidavit was sworn to notary Deanno Sgro. *Id.* And third, plaintiff misquotes *Bennet*. The block quote plaintiff has in her brief is no contained in *Bennet*. Plaintiff is either confused or misleading the Court. The affidavit of Jeff Carew is not defective.

### 3. The Recordings Are Admissible

Plaintiff takes the remarkable position that GCC's recordings of calls to the 8462 Number are inadmissible, despite relying upon recordings of calls to other telephone numbers from the exact same production. Plaintiff cannot have it both ways. The call recordings were attached to and authenticated by the affidavit of Jeff Carew. *See* Doc. No. 85-2, ¶¶ 1 & 6.

Plaintiff argues there are inconsistencies with where the recordings began, "some [recordings] carried what appeared to be varying lengths of room noise preceding each communication, some . . . electronic tones . . . preceding communication." Doc. No. 90, p. 12. Accordingly, plaintiff argues the recordings lack trustworthiness and should be disallowed pursuant to Fed. R. Evid. 803(6)(E). Plaintiff's argument is a red herring. The import of the recordings is that the messages were left by a live person. Plaintiff does not and cannot argue that the messages were not left by a live person or that messages are incomplete. The recordings of calls to the 8462 Number are not defective.

### 4. Plaintiff's FCRA Claim Should Be Dismissed

Plaintiff argues her claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, should survive because GCC "would have the Court believe that a

3

debt collector, simply by virtue of the type of business it declares, can access any private citizen's private consumer report[.]" Doc. No. 90, p. 17. Plaintiff is wrong. First, GCC made a soft pull credit inquiry using plaintiff's social security number, which it received from Citibank, N.A. as part of the placement of the subject debt. *See* Carew Aff., Doc. No. 85-2, ¶¶ 2-3. Second, plaintiff's credit report confirms that the inquiry related to "COLLECTIONS." *See* Doc. No. 85-9, ¶¶ 1-3; Doc. No. 83-3. Third, GCC does not make credit inquiries on just anyone, as plaintiff alleges, but on individuals for whom an account for collections has been placed. *See Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011). GCC made a credit inquiry on a debt placed in plaintiff's name using information placed by the creditor. *See* Carew Aff., Doc. No. 85-2, ¶¶ 2-3. There are no genuine issues of material fact. Plaintiff's FCRA claim should be dismissed as a matter of law.

### 5. **Plaintiff's FDCPA Claim Should Be Dismissed**

Plaintiff alleges GCC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by communicating her debt to a third party in violation of 15 U.S.C. 1692c(b). *See* Doc. No. 83, p. 4. Plaintiff's claims under the FDCPA are identical to her claims under N.C. Gen. Stat. § 58-70-105(1). In order to state a claim under 15 U.S.C. § 1692c(b), plaintiff must put forth evidence that GCC communicated with a third party. Plaintiff has failed to produce any evidence that GCC communicated with a third party and her newfound reliance on GCC's call recordings does not save her claim.

Though plaintiff argued in her Motion for Summary Judgment that GCC left voicemails "recorded for perpetuity on multiple voicemail systems or machines

4

belonging to third-parties for any number of ears to hear," she did not produce any recordings left on a third-party's answering machine or any affidavits from a third party stating they listened to any messages. *See* Doc. No. 83, p. 25. She further argued GCC's voicemails "irreparably tarnished Plaintiff's reputation among family, friends and loved ones[,]" yet did not produce any evidence supporting her claimed loss of reputation and admits that she is not seeking actual damages. See Doc. No. 85-9, ¶ 21. Plaintiff merely attempted to introduce hearsay evidence of statements allegedly made by certain family members to her. Had plaintiff's relatives actually overheard messages from GCC intended for plaintiff, it was well within her control to identify those potential witnesses and produce the voicemails allegedly "recorded for perpetuity." She did neither.

Plaintiff now relies on 9 voicemail recordings produced by GCC, which were in her possession when she filed her Motion for Summary Judgment. While plaintiff alleges 7 of the recordings were left for her daughter and 2 for her son, the recordings do not provide evidence that any third parties listened to the recordings. Indeed, plaintiff states that the messages started with the following statement: "[t]his message is intended for Marian Gibbons. If this is not Marian Gibbons, please hang up." *See* Doc. No. 90, p. 19 (plaintiff omits the second sentence from her block quote in her principal argument, but includes the sentence in footnote number 15). A third party may well have hung up.

Plaintiff has not met her burden to prove that GCC communicated with a third party about her debt. Discovery is now closed and plaintiff has failed to identify any third party witnesses, produce any recordings of voicemails heard by third parties, or produce any statements or affidavits from third parties. There are no genuine issues of

5

material fact. This Court should grant summary judgment for GCC and dismiss plaintiff's FDCPA claim as a matter of law.

### 6. **Plaintiff's TCPA Claim Should Be Dismissed**

Plaintiff argues her claim under the Telephone Consumer Protect Act ("TCPA"), 47 U.S.C. § 227, should survive because she has provided sufficient evidence that the calls were made to a service for which she was charged for the call and that the calls were made willfully. *See* Doc. No. 90, pp. 21-24. Plaintiff is wrong and her TCPA claim should be dismissed.

First and most importantly, plaintiff does **_not_** set forth **_any_** evidence that GCC used an automatic telephone dialing system ("ATDS") to call her 8462 Number, nor could she. GCC placed 9 telephone calls to plaintiff's telephone number ending in 8462. *See* Doc. No. 85-9, ¶¶ 7-14. Between September 18, 2012, and November 19, 2012, GCC placed 8 calls manually to the number. *Id*. GCC did *not* use equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. *Id*. Plaintiff puts the cart before the horse by arguing she was charged for the calls because she must first prove that GCC used an ATDS. Plaintiff does not and cannot. For this reason alone, plaintiff's TCPA claim should be dismissed as a matter of law.

Second, plaintiff purports to produce billing records from RingCentral that she has authenticated, not RingCentral. *See* Doc. No. 90, p. 21. The documents, however, do not state that she was charged for the calls placed by GCC or that the calls counted against her monthly allotment of minutes. Importantly, every call GCC placed to the 8462

6

Number went straight to voicemail and did not ring. *See* Doc. No. 85-2, ¶ 10. Plaintiff has not presented any evidence showing that the calls made by GCC, or calls that do not ring and go straight to voicemail, are charged or count against the number of minutes in her allegedly purchased plan.

Third, while this Court should dismiss plaintiff's TCPA claims for the reasons stated above and in GCC's Motion for Summary Judgment, to the extent the Court finds any liability, plaintiff has failed to show GCC acted willfully. Plaintiff does not offer any evidence that GCC knew or should have known that she was charged for any calls made by GCC. *See Wallace v. Optimum Outcomes, Inc.*, 2015 WL 627944, *6 (E.D. N.C. Feb. 12, 2015) (the defendant's calls were not willful and knowing because plaintiff did not "establish that defendant knew it was making a call to a cellular telephone number."); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). Plaintiff's TCPA claims should be dismissed as a matter of law.

### 7. **Plaintiff's N.C. Gen. Stat. § 58-70-110(1) Claim Should Be Dismissed**

Plaintiff alleges that her claim under N.C. Gen. Stat. § 58-70-110(1) survives because the statute creates a disclosure requirement as opposed to a prohibition on using a false name. Plaintiff does not cite any cases supporting her wrong interpretation of the statute. To state a claim under N.C. Gen. Stat. § 58-70-110(1), plaintiff must allege that GCC communicated *in someone else's name*. *Jenkins v. Allied Interstate, Inc.*, 2009 WL 3157399, *5 (W.D. N.C. 2009) ("Plaintiff does not allege that Defendant communicated in anyone else's name."). The statute prohibits communicating in a false name. Accordingly, plaintiff's claim under N.C.G.S. § 58-70-110(1) should be dismissed as a

7

matter of law.

**8. Plaintiff's N.C. Gen. Stat. § 58-70-105(1) Claim Should Be Dismissed**

Plaintiff's N.C.G.S. § 58-70-105(1) claim is identical to her FDCPA claim. For the reasons stated above, plaintiff's N.C.G.S. § 58-70-105(1) should be dismissed as a matter of law.

**9. Plaintiff's N.C. Gen. Stat. § 58-70-105(2) Claim Should Be Dismissed**

N.C.G.S. § 58-70-105(2) states that a debt collector is prohibited from "[u]sing any form of communication which ordinarily would be seen or heard by any person other than the consumer ***that displays or conveys any information about the alleged debt*** other than the name, address and phone number of the collection agency except as otherwise provided in this Part." Plaintiff now relies on recordings of messages purportedly left with third parties. Plaintiff's claim under § 58-70-105(2) fails for three reasons. First, as stated above, plaintiff has offered no evidence that any third parties heard these messages. Second, plaintiff has not presented any evidence that any voicemail message left by GCC displayed or conveyed any information about the alleged debt. Indeed, plaintiff simply alleges that third parties received voicemail messages stating "[t]his is an attempt to collect a debt," but does not allege or provide evidence that any information about the debt was disclosed, nor could she. Plaintiff may argue the provision is violated simply if the debt is indicated or inferred. But such an interpretation would render N.C.G.S. 58-70-105(1) moot. Third, a voicemail left specifically for the plaintiff at a number associated with the plaintiff is not a "form of communication which ***ordinarily*** would be seen or heard by any person other than the consumer." (Emphasis added). The

8

subsection prohibits the unreasonable publication of a consumer's debt by using a form that would ordinarily be seen or heard by others, such as using a postcard or leaving a voicemail on a place of employment's general voicemail box. Plaintiff's claim under § 58-70-105(2) is not supported by either fact or law and should be dismissed.

10. **<u>Plaintiff Failed to Offer Any Evidence In Opposition To GCC's Statement Of Material Facts</u>**

Plaintiff broadly responds to GCC's Statement of Material Facts ("GCC SOF"), but does not offer specific evidence backed by citation to contravene any of GCC's statements. GCC replies to plaintiff's response as follows:

A. Plaintiff misunderstands GCC SOF No. 6. Contrary to plaintiff's allegations, GCC does not believe the 3335 Number belongs to plaintiff simply because it bears a 630 area code, but because it was identified as belonging to plaintiff.

B. Plaintiff continues her misguided allegation that GCC admitted it used an ATDS to call plaintiff. *See* Doc. No. 90, p. 28. Plaintiff is wrong. First, in response to a request for admission whether GCC generally used particular autodialing technology between September and December 2012, GCC admitted it non-exclusively used such equipment and disclaimed that the admission did not relate to any particular phone number. *See* Doc. No. 80-11, Response to RFA No. 5. Second, plaintiff continues to misquote RFA No. 1 in an attempt to mislead the Court by leaving out that her request related to whether "Michael Chin" used particular equipment to call plaintiff. *See* Doc. No. 80-11, Response to RFA No. 1. GCC responded that a "Michael Chin" never attempted to contact plaintiff, as also evidenced by GCC's account records. Plaintiff has

9

not put forth any evidence of a Michael Chin attempting to collect plaintiff's debt, nor could she. Third, plaintiff did not timely serve any RFAs and GCC responded as a courtesy. *See* Doc. No. 76, p. 6-7.

C. Plaintiff argues that GCC SOF ¶¶ 16 & 20 misrepresent the facts because the subject calls were answered by voicemail. GCC clarifies that it meant the calls were not answered by a person and GCC did not speak with anyone as a result of calls to the respective numbers. Plaintiff has failed to provide any evidence that the subject numbers belong to her relatives or that anyone heard the messages purportedly left on third party answering machines.

D. Plaintiff agrees with GCC's assertion that she did not suffer and cannot recover actual damages. *See* Doc. No. 90, pp. 29-30. Plaintiff does not deny that her initial disclosures do not quantify, much less reference, any actual damages, and she has not provided any evidence to support a claim for actual damages.

## **CONCLUSION**

For the foregoing reasons, summary judgment should be granted to GCC and plaintiff's claims dismissed with prejudice.

Respectfully Submitted,

/s/ Michael D. Alltmont
Bryan C. Shartle, Esq.
Michael D. Alltmont, Esq.
LA Bar No. 32318
SESSIONS FISHMAN NATHAN & ISRAEL, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-mail: malltmont@sessions-law.biz

Tommy Doughton, Esq
NC State Bar No. 16611
DOUGHTON RICH BLANCATO PLLC
633 West Fourth Street, Suite 150
Winston-Salem, NC  27101
Telephone:  (336) 725-9416
Facsimile: (336) 725-5129
[td@doughtonrichlaw.com](mailto:td@doughtonrichlaw.com)
Local Civil Rule 83.1 Counsel

*Attorneys for Defendant,
Global Credit and Collection Corporation*

# **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing supporting memorandum with the Clerk of Court using the CM/ECF system, and I hereby certify that I have placed the document in U.S. Mail, First Class, prepaid, to the following participants:

Marian Snow
907 Timberlake Drive NW
Wilson, NC 27893
Marian Snow <msnow20@gmail.com>
(872) 588-9170
*Plaintiff*

This the 27th day of July 2015.

                    /s/ Michael D. Alltmont
                    Michael D. Alltmont

                    *Attorney for Defendant,*
                    *Global Credit and Collection Corporation*